KARIN M. COGBILL, Bar No. 244606
kcogbill@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
Telephone: 408.998.4150
Fax No.:     408.288.5686

Attorneys for Defendant
ZILLOW GROUP, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE CORREA on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZILLOW GROUP, INC., a Washington Corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION ON THE BASIS OF DIVERSITY JURISDICTION AND SUPPLEMENTAL JURISDICTION**<br><br>Complaint filed: March 18, 2019 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF NICOLE CORREA AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Defendant Zillow Group, Inc., hereby removes the above-captioned action, *NICOLE CORREA v. ZILLOW GROUP, INC.*, from the Superior Court of California, County of Orange to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1367, 1441(a) and (b), and 1446.

## I.   STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over the individual claims asserted by Plaintiff in this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants District Courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

2. This Court can take supplemental jurisdiction over the claims of members of the alleged putative class as such claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367.

## II.   PLEADINGS, PROCESS, AND ORDERS

3. On March 18, 2019, Plaintiff Nicole Correa filed a Complaint against Zillow Group, Inc. in the Superior Court of California, County of Orange, Case No. 30-2019-01057872-CU-OE-CXC (the "State Court Action"). A true and correct copy of the Summons, Civil Case Cover Sheet and Complaint is attached hereto as Exhibit A.[1]

---

[1] Zillow Group, Inc. was not Plaintiff's employer and nothing alleged herein shall constitute a waiver of such position.

4. On April 15, 2019, counsel for Zillow accepted service of the Complaint. A true and correct copy of the signed Notice and Acknowledgment of Receipt is attached hereto as Exhibit B.

5. On May 1, 2019 Plaintiff filed a First Amended Complaint. The First Amended Complaint asserts the following causes of action: (1) unlawful deductions of wages, California Labor Code §§ 221, 2801; (2) failure to pay minimum wage, California Labor Code §§ 1194, 226.2; (3) failure to pay overtime wages, California Labor Code §§ 510, 558 and Wage Order 5; (4) failure to furnish [] timely and accurate itemized wages statements, California Labor Code § 226; (5) failure to keep required payroll records, California Labor Code §§ 226 and 1174; (6) failure to pay all compensation due upon discharge, California Labor Code §§ 201-203; (7) unfair competition under Profession Code §§17200; and (8) violation of the Private Attorney General Act, California Labor Code § 2699, et seq. A true and correct copy of the First Amended Complaint is attached hereto as Exhibit C.

6. On May 15, 2019, Defendant filed its answer to the First Amended Complaint in the State Court Action. A true and correct copy of the answer is attached hereto as Exhibit D.

7. Pursuant to 28 U.S.C. § 1446(d), the attached exhibits constitute all process, pleadings, and orders served on Defendant in the State Court Action. To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action.

8. To Defendant's knowledge, no proceedings related hereto have been heard in the State Court Action.

9. Fictitiously-named defendants are not parties to the above-captioned action and need not consent to removal. *See Fristoe v. Reynolds Metals Co.*, 615 F. 2d 1209, 1213 (9th Cir. 1980); 28 U.S.C. § 1441(a).

## III. TIMELINESS OF REMOVAL

10. This Notice of Removal is timely filed as it is filed within thirty (30) days of April 15, 2019, the date of service of the Summons and Complaint, and within one year from the commencement of the State Court Action. *See* 28 U.S.C. § 1446(b).

## IV. DIVERSITY JURISDICTION

11. This Court has original jurisdiction of Plaintiff's individual claims asserted in the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. § 1441(a) and (b), the State Court Action may be removed to this Court by Defendant because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A. Diversity of Citizenship

12. <u>Plaintiff is a Citizen of California.</u> For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

13. Defendant is informed and believes that, at the time Plaintiff commenced the State Court Action, and at the time of this remove, Plaintiff has been a citizen of the State of California. Plaintiff alleges in the Complaint, "Plaintiff is a California resident." (Complaint ¶ 1, First Amended Complaint at ¶1); *see also Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *22 (E.D. Cal.

March 18, 2008) (place of residence provides "prima facie" case of domicile). Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

14. <u>Defendant is Not a Citizen of California.</u> For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Although courts previously employed one of a number of tests to determine a corporation's "principal place of business," the United States Supreme Court clarified this uncertainty and announced a single, uniform test to be applied in making such a determination. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). In this regard, the Court held that the "nerve center" test should be used to determine a corporation's "principal place of business." *Id.* To this end, the Court reasoned that a corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id.* In other words, a corporation's "principal place of business" can be found where the corporation's "brain" is located. *Id.*

15. Defendant is incorporated in the State of Washington, and its nerve center, including its headquarters, are located in the State of Washington. *Hertz Corp.*, 130 U.S. at 1192-93 (the principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities"). Accordingly, Defendant is a citizen of Washington.

16. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. ¶ 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

B. **Amount In Controversy**

17. Defendant only needs to show by a preponderance of the evidence that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Further, the U.S.

Supreme Court has held under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court further held this language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.*

18. Plaintiff asserts that Sales Executives and Business Consultants are assigned a monthly quota, and compensation is based in part on the individual's degree of attainment (i.e. sales) as a percentage of the quota amount; that percentage is multiplied times the monthly target commission amount corresponding to the individual sales rep's monthly quota." FAC at ¶7. According to Plaintiff, for Business Consultants, "lost business takes the form of reductions in revenues due to customers' non-payment, business failures or account cancellations or revenue reductions" and that "all these types of losses are grouped together under the rubric of 'churn.'" FAC at ¶8. According to Plaintiff, "the compensation formulas covert these other factors into multipliers (ranging generally from 0.5 to 1.5) that are applied to the product of the monthly commission target and the monthly target attainment percentage." FAC at ¶8. Plaintiff alleges that "all of the 'churn' in a [Business Consultant's] portfolio of assigned accounts reduces her commissions as the losses due to churn are charged back against her." FAC at ¶9.

19. Plaintiff's First Cause of Action alleges that "Zillow created an unlawful commission chargeback scheme wherein it collected and received part of [Plaintiff's] wages already paid (i.e. "charged back") attributing it to 'churn.'" FAC at ¶30. Plaintiff contends that as a result, Defendant is liable for the costs of these expenditures (deductions and chargebacks) plus interest, and attorneys' fees. *Id.*

20. As a preliminary matter, Defendant disputes Plaintiff's characterization of the applicable compensation plans, and maintains that it does not engage in any unlawful "chargeback" or deduction of earned wages.

21. In reviewing Plaintiff's compensation, after the terms of the compensation plan were applied, Plaintiff's calculated multiplier for each month, which was applied to then calculate the amounts that were paid to Plaintiff each month, was as follows:

| Month | Actual Multiplier |
|---|---|
| November 2016 | 1.2 |
| December 2016 | 0.7 |
| January 2017 | 0.80 |
| February 2017 | 1.10 |
| March 2017 | 1.10 |
| April 2017 | 1.40 |
| May 2017 | 1.30 |
| June 2017 | 0.90 |
| July 2017 | 0.90 |
| August 2017 | 1.10 |
| September 2017 | 0.90 |
| October 2017 | 0.70 |
| November 2017 | 0.80 |
| December 2017 | 0.80 |
| January 2018 | 1.30 |
| February 2018 | 0.70 |
| March 2018 | 0.80 |
| April 2018 | 0.80 |
| May 2018 | 0.80 |
| June 2018 | 0.80 |
| July 2018 | 0.80 |
| August 2018 | 0.80 |
| September 2018 | 0.90 |
| October 2018 | 0.90 |
| November 2018 | 0.80 |
| December 2018 | 0.50 |
| January 2019 | 0.90 |

| | |
|---|---|
| February 2019 | 0.90 |
| March 2019 | 1.10 |
| April 2019 | 1.10 |

22. If we assume for purposes of this removal only, that, as Plaintiff claims, the application of the multiplier to reduce the final amount of the payment to the Plaintiff was unlawful, such that Plaintiff should have received *at least* a 1.0x multiplier, the difference in what she was paid versus what she would have been paid with a minimum 1.0x multiplier is $28,336.14.[2]

23. In her Fourth Cause of Action, Plaintiff alleges that "due to the unlawful chargebacks and deductions (as well as its use of the improper overtime rate)," Defendant failed to furnish Plaintiff accurate wage statements. (FAC at ¶47.) Plaintiff seeks to recover a statutory penalty of up to $4,000. Plaintiff was a current employee when the Complaint was filed, and remains a current employee as of the filing of this Notice of Removal. From March 28, 2018 (one year prior to the filing of the Complaint) to the date of Removal, Plaintiff has been employed for 29 pay periods. Pursuant to Labor Code 226(e), the potential wage statement penalties are currently $2,850, but would max at $4,000 in 12 additional pay periods.

24. In her Fifth Cause of Action, Plaintiff alleges that Defendant is liable for civil and statutory penalties for failing to keep required payroll and paystub records. (FAC at ¶¶52, 53.) Plaintiff seeks to recover $100/200/500 per violation. (FAC at ¶53.)

25. In her Second and Third Causes of Action, Plaintiff seeks to recover unpaid minimum wage and unpaid overtime. Plaintiff has not alleged the amount of unpaid wages she seeks to recover through either of these causes of action, and for

---

[2] Plaintiff alleges that the multiplier could have been as much as 1.5x. (FAC at ¶8.) To the extent Plaintiff contends that had the Company not "charged back" wages she would have instead received a 1.5x multiplier, the amount in controversy exceeds $109,000.

purposes of this Removal, Defendant has not used these potential wage claim amounts in determining the amount in controversy.

26. In her Sixth Cause of Action, Plaintiff seeks to recover penalties under Labor Code section 203. Defendant disputes that Plaintiff has standing to seek such penalties since she has not separated employment, and on that basis has not included the potential penalties in determining the amount in controversy.

27. Plaintiff's Seventh Cause of Action is derivative of her prior claims for unpaid wages and alleged unlawful deductions. On that basis, Defendant does not separately include the potential restitution Plaintiff claims in determining the amount in controversy.

28. In her Eighth Cause of Action, Plaintiff seeks to recover penalties pursuant California's Private Attorney General Act (PAGA). From March 28, 2018 through the date of Removal, Plaintiff has been employed for 29 pay periods. Plaintiff alleges that Defendant has violated Labor Code sections 201, 202, 203, 204, 221, 226, 510, 512, 558, 1174, 1187, 1196, 1198 and 2802. (FAC at ¶66.)

    a. Plaintiff seeks to recover a minimum of $100 per pay period for violating Sections 201, 202 203, 204, 221, 510, 512, 558, 1187, 1196, 1198, 2802. (FAC ¶¶ 70(a)-(c), (f).) Excluding penalties under Section 201, 202 and 203, the potential PAGA penalties per pay period could total as much as $900 (9 violations x $100), which as to Plaintiff only, cumulatively total $29,000 ($1,000 x 29 pay periods).

    b. Plaintiff contends that she is also entitled to recover, through PAGA, up to $4,000 for violating Labor Code section 226. (FAC ¶70(d).)

    c. Plaintiff also seeks to recover penalties of $500 per violation of Labor Code 1174.5 and 2698. This totals a minimum of $1,000.

29. Using only 25% of the total PAGA penalties which are recoverable by the aggrieved employee (i.e. Plaintiff), the amount in controversy for this claim as to Plaintiff's penalties only is $8,500 ($40,000 x 0.25).

30. Plaintiff also seeks to recover attorneys' fees in connection with her claims. (FAC at ¶¶25, 26, 31, 3738, 43, 49, 57, 64 and 70.) It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Fritsch v. Swift Transp. Co. of Ariz., LLC* (9th Cir. 2018) 899 F.3d 785, 792-796 (concluding that a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy").

31. In considering just her individual claims, it is reasonable to conclude that current and potential attorneys' fees would exceed $50,000. This conclusion uses a modest hourly rate of $400 per hour and 125 hours of attorney time. For this calculation, Defendant uses the following extremely conservative time estimates for the prosecution of Plaintiff's individual claims: 10 hours spent investigating Plaintiff's claims and drafting the operative pleadings; 5 hours attending court mandated conference, engaging in meet and confer regarding joint submissions to the Court and preparing the same; 10 hours spent propounding written discovery, responding to written discovery, preparing documents for production and reviewing documents produced; 15 hours preparing for and defending Plaintiff's deposition; 20 hours preparing for and taking the deposition of Defendant's person most knowledgeable and one individual deposition; 25 hours either preparing or responding to a motion for

summary adjudication; 10 hours preparing for trial; and 24 hours attending trial; and 6 hours preparing or responding to post-trial motions.³

32. Plaintiff also seeks such open-ended relief "[f]or such other and further relief, in law or equity, as [the Court] deems appropriate and just." (Request for Relief at ¶17.). Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) ("open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met amount in controversy requirement even though she plead in the complaint that she did not assert claims in excess of $75,000.)

33. In sum, although Defendant does not concede Plaintiff's claims have any merit, based on the above information, it is certain that the amount in controversy for Plaintiff's individual claims exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs. Using only the minimum amounts set forth above, the total is $89,816.14 ($28,336.14 + $2,850 + $100 + $8,500 + $50,000). Thus, this Court has original jurisdiction over the individual claims asserted by Plaintiff in the State Court Action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## V. SUPPLEMENTAL JURISDICTION

34. The alleged claims of absent class members are removable pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367. According to Plaintiff, common questions of law and fact exist as to the claims of putative class members, and the claims of Plaintiff are typical of the claims of the class she seeks to represent. (FAC at ¶¶21, 22.) Because the class claims are "part of the same case or controversy" as Plaintiff's individual claims, the Court's exercise of supplemental

---

³ This estimate does not account for time spent on issues related to Plaintiff's alleged class claims or issues unique to Plaintiff's PAGA claims.

jurisdiction over the class claims is appropriate under 28 U.S.C. § 1367 and removal of the entire State Court Action is proper.

## VI. VENUE

35. Plaintiff originally brought the State Court Action in the Superior Court of the State of California, County of Orange. Accordingly, venue lies in the Central District of California pursuant to 28 U.S.C. §§ 84(c)(2), 1441(a), and 1446(a).

## VII. NOTICE OF REMOVAL

36. As required by 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of this Notice of Removal to Plaintiff's counsel, Aashish Desai and Adrianne De Castro of the Desai Law Firm, P.C. and will also promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Orange.

## VIII. CONCLUSION

37. As demonstrated above, this Court has original jurisdiction of Plaintiff's individual claims pursuant to 28 U.S.C. §§ 1332 and 1441(b), and should exercise supplemental jurisdiction of all remaining claims.

38. Defendant respectfully requests Plaintiff's First Amended Complaint be removed from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California.

Dated:     May 15, 2019

                                                   */s/ Karin M. Cogbill*
                                                   KARIN M. COGBILL
                                                   LITTLER MENDELSON, P.C.
                                                   Attorneys for Defendant
                                                   ZILLOW GROUP, INC.

FIRMWIDE:164192587.1 086181.1056