# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Zillow Group Inc., a Washington Corporation, and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Nicole Correa, on behalf of herself and all others similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**03/18/2019** at 10:19:12 AM
Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es:) Orange County | **CASE NUMBER:**<br>30-2019-01057872-CU-OE-CXC |

Superior Court of California County of Orange, Civil Complex Center, 751 West Santa Ana Blvd., Santa Ana, CA 92701

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:   Judge Peter Wilson
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Aashish Y. Desai, Esq., Desai Law Firm PC, 3200 Bristol St., Ste. 650, Costa Mesa, CA 92626, 949-614-5830

| DATE: 03/18/2019 | Clerk, by | , Deputy |
|---|---|---|
| (Fecha)   DAVID H. YAMASAKI, Clerk of the Court | (Secretario) *Georgina Ramirez* | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

   under: [ ] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Aashish Y. Desai, Esq. (SBN 187394)<br>Desai Law Firm, P.C.<br>3200 Bristol Street, Suite 650<br>Costa Mesa, CA 92626<br>TELEPHONE NO.: 949-614-5830   FAX NO.: 949-271-4190<br>ATTORNEY FOR *(Name)*: Plaintiff Nicole Correa | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**03/18/2019** at 10:19:12 AM<br>Clerk of the Superior Court<br>By Georgina Ramirez, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**
STREET ADDRESS: 751 West Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
Nicole Correa v. Zillow Group, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>30-2019-01057872-CU-OE-CXC |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Peter Wilson<br>DEPT: |

CX-102

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties        d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence           f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: Six (6)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 18, 2019
Aashish Y. Desai
_____
(TYPE OR PRINT NAME)                                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**03/18/2019** at 10:19:12 AM

Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

1   DESAI LAW FIRM, P.C.
    Aashish Y. Desai, Esq. (SBN 187394)
2   Adrianne De Castro, Esq. (SBN 238930)
    3200 Bristol St., Suite 650
3   Costa Mesa, CA 92626
    Telephone:  (949) 614-5830
4   Facsimile:  (949) 271-4190
    aashish@desai-law.com
5   adrianne@desai-law.com

6   Attorneys for Plaintiffs

7

8                **SUPERIOR COURT OF CALIFORNIA**

9          **COUNTY OF ORANGE, CIVIL COMPLEX CENTER**

10  NICOLE CORREA on behalf of herself and all        CASE NO.:   30-2019-01057872-CU-OE-CXC
    others similarly situated,
11                                                              Judge Peter Wilson
                       Plaintiffs,
12                                                  **CLASS ACTION COMPLAINT FOR:**
    v.
13                                                  **(1) Unlawful Deductions of Wages**
    ZILLOW GROUP, INC., a Washington                   **California Labor Code §§ 221, 2802;**
14  Corporation, and DOES 1-10, inclusive,          **(2) Failure to Pay Minimum Wage,**
                                                        **California Labor Code §§ 1194,**
15                     Defendants.                       **226.2;**
                                                    **(3) Failure to Pay Overtime Wages, Cal.**
16                                                      **Lab. Code §§ 510, 558 and Wage**
                                                        **Order 5;**
17                                                  **(4) Failure to Furnish and Timely and**
                                                        **Accurate Itemized Wage Statements,**
18                                                      **Cal. Lab. Code § 226;**
                                                    **(5) Failure to Keep Required Payroll**
19                                                      **Records, Cal. Labor Code §§ 226 and**
                                                        **1174;**
20                                                  **(6) Failure to Pay all Compensation Due**
                                                        **Upon Discharge, Cal. Lab. Code §§**
21                                                      **201-203.**

22

23                                                  <u>DEMAND FOR JURY TRIAL</u>

24

25                                                  CX-102

26

27

28

                            **COMPLAINT**

Plaintiff Nicole Correa ("Plaintiff"), by her attorneys, brings this action on behalf of herself and similarly aggrieved employees of Defendants Zillow Group, Inc. ("Zillow") and DOES 1 through 100.  Plaintiff hereby alleges as follows:

## NATURE OF THE ACTION:

Plaintiff brings this action on behalf of herself, and on behalf of all similarly situated employees, of Defendants pursuant to the California Labor Code.  Plaintiff alleges that Zillow engaged in violations of the Labor Code with regard to its commission wage practices and policies as described below.  These violations apply to Plaintiff and other similarly situated Zillow employees (i.e. "class members"), including individuals who worked for Zillow's inside salesforce which includes Sales Executives (including Senior Sales Executives) (collectively "SEs") and Business Consultants (including Senior Business Consultants, Business Consultants I and II) (collectively "BCs").  Plaintiff further alleges that such violations are ongoing and continuing.  By this action Plaintiff seeks penalties and attorneys' fees and costs.

## THE PARTIES

1.      Plaintiff is a California resident and a natural person.  Plaintiff is informed and believes thereon and on that basis alleges that Zillow was and is at all times herein mentioned a corporation doing business in the State of California and within the County of Orange.

2.      The names and capacities of Defendants sued as Does 1 through 100 are presently not known to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious names pursuant to § 474 of the California Code of Civil Procedure Plaintiff will seek to amend the Complaint to allege the allege the true names and capacities of these Doe Defendants when they are ascertained.

3.      Plaintiff is informed and believes and thereupon alleges that the fictitiously named defendants are responsible for some manner for the conduct alleged herein and for the injuries suffered by Plaintiff and similarly aggrieved employees.

4.     All named Defendants, and DOES 1 through 100, will be collectively referred to as "Defendants".   At all times mentioned the cause of action alleged herein each and every defendant was an agent, Joint Venturer, and/or alter ego of each and every other Defendant. In doing the things alleged m the cause of action stated herein, each and every Defendant was acting within the course and scope of the agency or employment and was acting with the consent, permission, authorization, and ratification of every other Defendant or their officers or managing agents.  Zillow was and is at all relevant times, an employer under applicable California Industrial Welfare Commission ("IWC") Orders, the California Labor Code, and California law.

## FACTUAL ALLEGATIONS

5.     Plaintiff is currently employed by Zillow as a Business Consultant.  She has been employed there since October 10, 2016 and has been subject to the California Labor Code violations described below.

### Zillow Group's Compensation System for Inside Sales Employees

6.     Zillow Group's inside sales workforce consists of two general categories of employees:  Sales Executives (including Senior Sales Executives) (collectively "SEs") and Business Consultants (including Senior Business Consultants, Business Consultants I and II) (collectively "BCs").  In general, the SEs make initial sales to customers (agents), and the BCs administer the customer accounts which are transferred to them from SEs after the account has been sold and becomes effective.

7.     For example, BCs earn an hourly rate – i.e., $24.04/hr.  In addition, both SEs and BCs are paid on a commission-based compensation system that is complicated and involves a number of elements and formulas.  In general, the SE or BC is assigned a monthly quota, and compensation is based in part on the individual's degree of attainment (i.e. sales) as a percentage of the quota amount; that percentage is multiplied times the monthly target commission amount corresponding to the individual sales rep's monthly quota.  However, a number of other factors enter into the formulas that determine compensation; those factors are based on the sales reps'

1  levels of new business produced and existing business lost.[1]

2      8.    For BCs, the new business takes the form of "upsells" or additional revenue-

3  producing sales to existing accounts, and the lost business takes the form of reductions in

4  revenues due to customers' non-payment, business failures, or account cancellations or revenue

5  reductions.  All of these types of losses are grouped together under the rubric of "churn."  In

6  general, the compensation formulas convert these other factors into multipliers (ranging generally

7  from 0.5 to 1.5) that are applied to the product of the monthly commission target and the monthly

8  target attainment percentage.

9

10  **Zillow Group's Chargeback Practices**

11      9.    Zillow Group systematically charges back a portion of revenues lost due to failures

12  to pay, credit card charge denials, cancellations or reductions in business volume in customer

13  accounts – i.e. "churn."  For BCs, it does so by netting out the BCs' upsell revenues (i.e.

14  additional sales to existing accounts) and the loss of revenues in the BCs' accounts – including

15  both the same and all other accounts.  If the net result is an overall revenue loss, the BCs'

16  commission amount is reduced below the level otherwise due under the simple formula based on

17  quota and attainment levels.  But even if the net result is positive, the negative component of the

18  calculation reduces the amount of commissions that the BC would otherwise receive.  In simple

19  terms, all of the "churn" in a BC's portfolio of assigned accounts reduces her commissions as the

20  losses due to churn are charged back against her.

21      10.    Zillow Group's chargeback policy violates the law.  Some if not all the "churn"

22  charged back against the BCs is not the result of their failure to properly manage the customer

23  accounts assigned to them, but rather results from the failure of the SEs to sell or open customer

24  accounts that customers will pay for on an initial or continuing basis.  While SEs bear the churn

25  loss in their commissions for loss of customer revenues during the initial account period before

26  responsibility for the account is transferred to BCs, losses after the transfer are charged against

27  _____

28  [1] The two main types of multipliers are the "Accelerator/Decelerator %," which essentially just amplifies the degree to which the sales rep exceeds or falls short of the monthly quota; and the "Churn Multiplier," which likewise amplifies the adverse effects of loss of business revenues.

the BC -- even if the BC is not personally responsible for the loss and even if the BC could do nothing to prevent it (such as in the case of accounts that never pay, credit card charges that are denied due to customer credit problems, or business failures). In addition, even losses due to SE failures or customer problems occurring before the account is transferred, but not processed into the compensation system until after the transfer occurs, are charged back to the BC when the SE who made the initial sale has left the position.

11.  SEs likewise have many "churn" factors applied against them which are beyond their control, and therefore illegal.

12.  Zillow admits that the rationale and mechanisms of its current commission plan (November 2016) states that the "Plan components [including chargebacks] are an incentive for effectively managing the book of business." In the case of BCs, this would include all of the accounts transferred to them from SEs.

### Zillow's Illegal Overtime Practices

13.  Moreover, Zillow did not calculate the BCs and SEs overtime wages properly when it did pay. Overtime is based on the "regular rate" of pay, which includes a number of different kinds of remuneration such as hourly earnings, non-discretionary bonuses, and commissions.

14.  Here, Zillow multiplied the **hourly** (not regular) rate by 1.5. So, for example, from 1/29/2017 – 2/02/17, Plaintiff Correa worked 2 overtime hours. Zillow utilized a rate of $36.06 (1.5 x $23.5 **hourly** rate). The overtime rate did not include her commission wages. This is a uniform and illegal policy that applies to all of Zillow's employees, including BCs and SEs. Plaintiff Correa's wage statement is attached as **Exhibit A** and below to illustrate the point:

15.    Thus, Zillow has violated both minimum wage and overtime regulations.

### CLASS ACTION ALLEGATIONS

16.    This action is maintainable as a class action pursuant to California Code of Civil Procedure § 382 as to claims for illegal chargebacks, the failure to indemnify certain necessary work expenditures, the failure to pay overtime, unpaid wages, the failure to issue accurate itemized paystubs, the failure to maintain accurate payroll records, and the failure to timely pay former employees. The Business & Professions Code § 17200 claim is based upon three theories: (i) unfair conduct as a result of the anti-competitive actions of Defendant, (ii) fraudulent behavior of Defendant as defined by the UCL, and (iii) the unlawful failure to comply with the California Labor Code. Plaintiff is representative of those other employees and is acting on behalf of their interests. These similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's own employment records. Defendant can easily identify which employees resided in California and those employees who worked as SEs and BCs.

17.    Plaintiff identifies the following class:

**All employees who worked for Defendant Zillow in California as either SEs and BCs and were paid according to the commission scheme described above from four (4) years prior to the filing of this Complaint to the date of final disposition.**

18.    Plaintiff identifies the following sub-class:

**All employees who worked for Defendant Zillow as either SEs or BCs and were paid overtime wages based upon the illegal formula identified above (i.e. using the employees' hourly not regular rate to compute the overtime rate and wages) from four (4) years prior to the filing of this Complaint to the date of final disposition.**

19.    Plaintiff reserves the right under Rule 1855(b) of the California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

## NUMEROSITY OF CLASS

20.     The employees identified in the above classes identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such employees is unknown, the Plaintiff believes that over 200-300 employees would fall within the putative Class. The exact number is easily ascertained from Defendant's own employment records, which are presently within the control of Defendant.  Furthermore, upon application by Plaintiff's counsel for certification of the Class, the Court may be requested to also incorporate or amend the sub-Classes in the interest of justice and judicial economy.

## EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF FACT AND LAW

21.     Common questions of law and fact exist as to the class members that predominate over any questions only affecting them individually and include, but are not limited to, the following:

i.      Whether Defendant violated California Labor Code § 221 and 2802 by charging back certain wages against BCs and SEs;

ii.     Whether Defendant violated Labor Code § 203, 204, 512, 1187, 1196, and 1198 by failing to pay its employees less than the wage set by the IWC;

iii.    Whether Defendant violated Cal. Lab. Code §§ 510 and 558 by failing to pay its SEs and BCs the proper overtime rate;

iv.     Whether Defendant violated Labor Code §§ 226 and 1174 by failing to keep accurate records of employees' hours of work, gross wages earned, and net wages earned;

v.      Whether Defendant violated Labor Code § 226(a) and (b) by failing to issue its drivers accurate, itemized statement accurately showing their wages and their overtime;

vi.   Whether Defendant violated Labor Code § 201-203 by failing to pay all wages due and owing at the time that Class Members' employment with Zillow was terminated;

vii.   Whether Defendant violated Business and Professions Code Section 17200 by engaging in the above-stated violations of the California Labor Code;

viii.   What were the policies, practices, programs, procedures, protocols, and plans of Zillow regarding its commission scheme for its SEs and BCs drivers; and

ix.   The nature and extent of class-wide injuries and the measure of damages, restitution and disgorgement for the injuries.

## TYPICALITY

21.   The claims of Plaintiff are typical of the claims of the Class she seeks to represent. Plaintiff and all class members work or have worked for Defendant as SEs and BCs in California. Plaintiff and all class members have the same right to be paid their entire commission without any illegal chargebacks and to be paid all wages due.  Plaintiff and all class members have the same right to be indemnified for necessary expenditures.  Plaintiff and all class members also have the same right to be paid their proper overtime rate. Plaintiff and all class members have the same right to be issued accurate, itemized wage statements.  In addition, Plaintiff and all class members have the same right to be paid all wages due at the end of their employment.  Plaintiff and all class members have suffered damages and injury resulting from Defendant's wrongful conduct. In addition, Plaintiff and the class members are entitled to equitable relief, as permitted by law, because Defendant's violations of state statutes have harmed the class members and constitute an unfair business practice, especially when compared to those competitors who comply with wage and hour laws.

## ADEQUACY

22.   Plaintiff will fairly and adequately represent and protect the interests of the class members.  Plaintiff has retained counsel competent and experienced in complex class actions, and

7

1  labor and employment litigation.

2

3  <u>**SUPERIORITY**</u>

4      23.     A class action is superior to other available methods for the fair and efficient

5  adjudication of this litigation.   The class members have been damaged and are entitled to

6  recovery as a result of Defendant's common and uniform policies, practices and procedures.

7  Although the relative damages suffered by individual class members are not *de minimis*, such

8  damages are small compared to the expense and burden of individual prosecution of this

9  litigation. Individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit

10  against corporate Defendants to recover such damages.   Even if the individual class members

11  could afford to prosecute their claims separately, the court system could not.   In addition, class

12  litigation is superior because it will obviate the need for unduly duplicative litigation that might

13  result in inconsistent judgments about Defendant's practices.

14

15  ***FIRST CAUSE OF ACTION***

16  **Unlawful Deductions From Wages**

17  (California Labor Code §§ 221, 2802)

18      24.     Plaintiff re-alleges, on behalf of herself and Class Members, each paragraph of this

19  Complaint as though fully set forth.

20      25.     Labor Code § 221 makes it unlawful for an employer to "collect or receive from an

21  employee any part of wages therefore paid" to the employee. In addition, where the chargeback

22  occurs for reasons beyond the control of the sales employee, as here, Section 8 of the Wage

23  Orders provides that "No employer shall make any deduction from the wage or require any

24  reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it

25  can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the

26  gross negligence of the employee." The *Kerr's Catering* line of cases[2] confirms the same.

27  ─────────────
28  [2] *Kerr's Catering Service v. Dep't of Industrial Relations*, 57 Cal. 2d 319, 329 (1962); *Hudgins v. Neiman Marcus Group, Inc.*, 34 Cal.App.4th 1109, 1118 (1995); *Quillian v. Lion Oil Co.*, 96 Cal.App.3d 156, 162-63 (1979) (citing *Kerr's Catering* for the principle that the Labor Code itself bars unexpected deductions for losses not the result of an employee's willful misconduct).

26.     Labor Code § 2802 provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

27.     Zillow created an unlawful commission chargeback scheme wherein it collected and received part of the BCs and SEs' wages already paid (i.e. "charged back") attributing it to "churn." Zillow engages in this practice even though some of churn charged back against the BCs and SEs is not the direct result of any dishonest or willful act or gross negligence of the employees, or any other factor within their control.

28.     As a result of these violations, Defendant is liable for the costs of these expenditures (deductions and chargebacks) plus interest, and attorneys' fees. Defendant is further liable for civil penalties and damages pursuant to Labor Code §§ 221, 225.5, and 2698 et seq.

29.     Plaintiff, on behalf of herself and the Class Members, also request relief as described below.

### *SECOND CAUSE OF ACTION*
**Failure to Pay Minimum Wage**

(California Labor Code §§ 1194, 226.2)

30.     Plaintiff re-alleges, on behalf of herself and Class Members, each paragraph of this Complaint as though fully set forth.

31.     Defendant has violated California Labor Code §§ 203, 204, 512, 1187, 1196, and 1198. Labor Code § 203 establishes the fundamental right of employees in the State of California to be paid wages in a timely fashion for their work. Labor Code § 1187 makes it unlawful to pay employees less than the wage set by the IWC. Labor Code § 1198 makes it unlawful to employ persons under conditions prohibited by the applicable IWC Wage Orders.  Under Section 4 of IWC Wage Orders 4-2001, 7-2001, 4-2000, 7-2000, 7-1998 and 4-1998, salespersons must be paid at least a minimum wage for each hour worked.

32. Thus, under California law, a commissioned inside salesperson is exempt from overtime only if (1) the earnings exceed 1.5 times the state minimum wage; and (2) at least 50 percent of the employee's total compensation is from commissions. *Peabody v. Time Warner Cable, Inc.*, 59 Cal.4th 662 (2014).

33. Here, Defendant's chargeback policy required the salespersons to perform certain work without any compensation whatsoever – i.e., during those pay periods in which the chargeback results in either less than 1.5 times the state minimum wage, or less than 50 percent of the total compensation coming from commissions.

34. California Labor Code § 1194 states that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

35. Plaintiff and the Class thus seek and are entitled to all uncompensated wages, plus interest, and attorneys' fees and costs, as well as all other legal and equitable relief such as a court may find just and proper.

36. Plaintiff, on behalf of herself and the Class Members, also request relief as described below.

### ***THIRD CAUSE OF ACTION***
### Failure to Pay Overtime Wages
(Cal. Lab. Code §§ 510, 558 and Wage Order 5)

37. Plaintiff re-alleges, on behalf of herself and Class Members, each paragraph of this Complaint as though fully set forth.

38. California Labor Code §§ 510, 558, and Wage Order 5 entitle non-exempt employees to overtime premiums for hours worked in excess of eight (8) in a given day, forty (40) in a given workweek, or on the seventh day worked in a single workweek. All hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a

minimum wage obligation.

39.     Zillow did not calculate the overtime wages properly when it did pay.  Overtime is based on the "regular rate" of pay, which includes a number of different kinds of remuneration such as hourly earnings, non-discretionary bonuses, and commissions.  Here, Zillow multiplied the **hourly** (not regular) rate by 1.5.  So, for example, from 1/29/2017 – 2/02/17, Ms. Correa worked 2 overtime hours.  Zillow utilized a rate of $36.06 (1.5 x $23.5 hourly rate).  The overtime rate did not include her commission wages.  This is a uniform and illegal policy that applies to all of Zillow's employees.

40.     As a result of these violations, Zillow is liable for unpaid overtime wages, interest thereon, and attorneys' fees and costs.

41.     Plaintiff, on behalf of herself and Class Members, also request relief as described below.

### *FOURTH CAUSE OF ACTION*
### Failure to Furnish Timely and Accurate Itemized Wage Statements
### (Cal. Lab. Code § 226)

42.     Plaintiff re-alleges, on behalf of herself and Class Members, each paragraph of this Complaint as though fully set forth.

43.     Labor Code § 226(a) requires employers to furnish each employee with a statement that accurately reflects gross wages earned, the total number of hours worked, and the net wages earned.  Labor Code § 226(b) provides that if an employer fails to provide a statement itemizing, *inter alia*, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or $50.00 for the initial violation and $100.00 for each subsequent violation, up to $4,000.00.

44.     Defendant, due to the unlawful chargebacks and deductions (as well as its use of the improper overtime rate), intentionally failed to furnish and continues to intentionally fail to furnish each class member with timely, itemized statements that *accurately* reflect the gross wages earned, the total number of hours worked, and the net wages earned as required.

11

45.     As a result of Zillow's failure to provide accurate itemized wages statements, Plaintiff and Class Members suffered actual damages and harm by being unable to determine their applicable hourly rate for each pay period, which prevented them from becoming aware of these violations and asserting their statutory protections under California law.  Zillow knowingly and intentionally failed to comply with Labor Code § 226(a) on each and every wage statement provided to Plaintiff and Class Members.

46.     Pursuant to Labor Code § 226(e), Plaintiff and Class Members are entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00). Plaintiff and Class Members are entitled to an award of costs and reasonable attorneys' fees under Labor Code § 226(h).

47.     Plaintiff, on behalf of herself and the Class Members, also request relief as described below.

### *FIFTH CAUSE OF ACTION*
### Failure to Keep Required Payroll Records
(Cal. Labor Code §§ 226 and 1174)

48.     Plaintiff re-alleges, on behalf of herself and Class Members, each paragraph of this Complaint as though fully set forth.

49.     Zillow has violated California Labor Code §§ 226 and 1174 by willfully failing to keep required payroll and paystub records showing the actual compensation earned, total deductions taken, the hours worked on a daily basis by the class members.

50.     Defendant is, therefore, liable for civil and statutory penalties pursuant to California Labor Code §§ 226, 1174.5 and 2698 in the amount of $100/200/500.00 per violation.

51.     Plaintiff, on behalf of herself and the Class Members, also request relief as described below.

//

### *SIXTH CAUSE OF ACTION*
### Failure to Pay All Compensation Due Upon Discharge
(Cal. Lab. Code §§ 201-203)

52.     Plaintiff re-alleges, on behalf of herself and Class Members, each paragraph of this Complaint as though fully set forth.

53.     California Labor Code §§ 201 and 202 require Zillow to pay all compensation due and owing to former BCs and SEs immediately upon discharge or within seventy-two hours of their termination of employment. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for such "waiting time" penalties in the form of continued compensation up to thirty workdays.

54.     Defendant failed and refused, and continues to willfully fail and refuse, to timely pay compensation and wages, including pay for the unlawful deductions and chargebacks to plaintiffs, other "aggrieved" employees, and class members whose employment terminated as required.  As a result, Defendant is liable for waiting time penalties, together with interest and attorneys' fees and costs under California Labor Code § 203.

55.     Plaintiff, on behalf of herself and the Class Members, also request relief as described below.


### *SEVENTH CAUSE OF ACTION*
### Unlawful and/or Unfair Business Practices
(California Business and Professions Code Section 17200, et seq.)

56.     Plaintiff re-alleges, on behalf of herself and Class Members, each paragraph of this Complaint as though fully set forth.

57.     Labor Code § 90.5(a) articulates the public policy of this State to vigorously enforce minimum labor standards, including the requirements to compensate workers at least the minimum wage; pay a lawful commission without illegal chargebacks; to reimburse employees for all necessary expenditures under Labor Code § 2802; to pay the proper overtime rate; to

provide accurate itemized wage statements and keep payroll records pursuant to Labor Code §§ 226, 226.2; and to pay all wages due upon termination of employment under California Labor Code §§ 201 and 202.  Zillow's conduct of creating an illegal commission structure; its failure to pay the minimum wage for all hours worked; its failure to pay the proper overtime rate; its failure to reimburse its employees for necessary expenditures; allowing its employees to  work without providing accurate itemized wages statements; and failing maintain accurate records directly violate state law, constitute and was intended to constitute unfair competition and unlawful and unfair acts and practices within the meaning of the UCL.

58.     Defendant's numerous violations of California law, as well as the other statutory and regulatory violations alleged herein, constitute unlawful business actions and practices in violation of Business and Professions Code§ 17200, et seq.

59.     Pursuant to Business and Professions Code § 17200, et seq., Plaintiff and the proposed Class are entitled to restitution of the unpaid wages, unreimbursed expenditures, among other relief alleged herein, that were withheld and retained by Defendant during a period that commences four years prior to the filing of this action.

60.     Plaintiff further seeks injunctive relief under the UCL to enjoin Defendant's unfair, lawful, and deceptive practice of failing to compensate its employees according to law. Plaintiff may pursue these injunctive claims without complying with class certification requirements. *McGill v. Citibank, N.A.*, 2 Cal.5th 945 (2017).

61.     Plaintiff also requests an award of attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.


## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the proposed class, request judgment and the following specific relief against Defendant as follows:

1.      That the Court determine that this action may be maintained as a class action under Code of Civil Procedure § 382;

2.      That Defendant is found to have violated the above-referenced provisions of the California Labor Code as to Plaintiff and the Class;

3.      That the Court find Zillow violated California Labor Code §§ 204, 1197, 1198, 226.2 by failing to compensate Plaintiff and the Class for the minimum wage for all work;

4.      That the Court find that Zillow has violated California Labor Code §§ 221 and 2802 as to Plaintiff and the Class because of its commission scheme which included illegal chargebacks;

5.      That the Court find that Zillow has violated Cal. Lab. Code §§ 510, 558 and Wage Order 5 by failing to pay its SEs and BCs the proper overtime rate;

6.      That the Court find that Zillow has violated the record-keeping provisions of Labor Code §§ 226 and 1174(d) as to Plaintiff and the Class;

7.      That the Court find that Zillow has violated California Labor Code § 226 by failing to timely furnish Plaintiff and the Class itemized statements accurately showing the gross wages earned by each of them;

8.      That the Court find that Zillow has violated Labor Code §§ 201, 202, and 203 for willful failure to pay all compensation owed at the time of termination of employment to the class;

9.      That the Court find that Zillow has violated Business & Professions Code § 17200 by creating an illegal commission structure; failing to pay the minimum wage for all hours worked; failing to pay the proper overtime rate; failing to reimburse its employees for necessary expenditures; allowing its employees to work without providing accurate itemized wages statements; and failing to maintain accurate records directly violate state law;

10.     That the Court find that Defendant's violations as described have been willful;

11.     That the Court award to Plaintiff damages and restitution for all waged earned by Plaintiffs including the illegal chargebacks; unpaid overtime; work performed without

compensation; and damages for failure to timely furnish statements accurately showing gross wages earned and penalties subject to proof at trial;

12.    That Defendant be ordered and enjoined to pay restitution to Plaintiffs due to Defendant's unlawful and/or unfair activities, pursuant to Business & Professions Code §§ 17200-17205;

13.    That Zillow further be enjoined to cease and desist from unlawful and/or unfair activities in violation of Business & Professions Code § 17200, pursuant to Section 17203;

14.    That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to Labor Code § 2699, Civil Procedure Code § 1021.5, and/or other applicable law; and

15.    That the Court award such other and further relief, in law or equity, as it deems appropriate and just.

Dated:  March 18, 2019                          DESAI LAW FIRM, P.C.


                                        By: _____
                                            Aashish Y. Desai
                                            Adrianne De Castro
                                            Attorneys for Plaintiff and the Class


Plaintiffs demand trial by jury on all issues so triable.

Dated:  March 18, 2019                          DESAI LAW FIRM, P.C.


                                        By: _____
                                            Aashish Y. Desai
                                            Adrianne De Castro
                                            Attorneys for Plaintiffs

# EXHIBIT A

Zillow, Inc.   1301 2nd Avenue 31st Floor Seattle, WA 98101   +1 (206) 4707000

**Otilia Correa   445 W 34th St San Bernardino, CA 92405**

If you believe that any of the information on this wage statement is incorrect, you have the right to report this to your employer. If you believe you were not paid correctly, you may report wage violations to the Washington or California state agencies, 1-866-219-7321 and 1-415-703-5300, respectively, or the US Department of Labor at 1-866-4-USWAGE (1-866-487-9243).

| Name | Company | Employee ID | Exemption Status | Pay Period Begin | Pay Period End | Check Date | Custom Check Number |
|---|---|---|---|---|---|---|---|
| Otilia Correa | Zillow, Inc. | 206071 | Non-Exempt | 01/25/2017 | 02/08/2017 | 02/15/2017 | |

| | Gross Pay | Pre Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 2,175.62 | 129.62 | 399.31 | 43.52 | 1,603.17 |
| YTD | 12,545.80 | 688.56 | 3,246.95 | 250.45 | 8,359.84 |

## Earnings

| Description | Dates | Hours | Rate | Amount | YTD |
|---|---|---|---|---|---|
| Commission | | | 0 | | 6,084.06 |
| GTL Imputed | 01/25/2017 - 02/08/2017 | 0 | 0 | 3.83 | 11.49 |
| Holiday Pay | | | 0 | | 576.96 |
| Regular Hourly Rate | 01/25/2017 - 01/28/2017 | 23.5 | 24.04 | 564.94 | |
| Regular Hourly Rate | 01/29/2017 - 02/04/2017 | 40 | 24.04 | 961.60 | |
| Regular Hourly Rate | 02/05/2017 - 02/08/2017 | 23 | 24.04 | 552.92 | 5,156.58 |
| Meal Break | 01/25/2017 - 02/08/2017 | 1 | 24.04 | 24.04 | 48.06 |
| Overtime | 01/29/2017 - 02/04/2017 | 2 | 36.06 | 72.12 | 270.46 |
| SPIFF Pay | | | 0 | | 25.00 |
| Sick Pay | | | 0 | | 384.64 |
| Earnings | | | | 2,179.45 | 12,557.29 |

## Employee Taxes

| Description | Amount | YTD |
|---|---|---|
| OASDI | 133.84 | 774.66 |
| Medicare | 31.30 | 181.17 |
| Federal Withholding | 197.16 | 1,764.76 |
| State Tax - CA | 17.43 | 413.43 |
| CA SDI - OASDI | 19.58 | 112.91 |
| Employee Taxes | 399.31 | 3,246.95 |

## Pre Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| 401K Plan | 108.79 | 626.07 |
| HSA EE | 20.83 | 62.49 |
| Pre Tax Deductions | 129.62 | 688.56 |

## Post Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| Roth 401K Post | 43.52 | 250.45 |
| Post Tax Deductions | 43.52 | 250.45 |

## Employer Paid Benefits

| Description | Amount | YTD |
|---|---|---|
| 401(k) Match | 87.03 | 500.86 |
| HSA ER | 0.00 | 500.00 |
| Employer Paid Benefits | 87.03 | 1,000.86 |

## Taxable Wages

| Description | Amount | YTD |
|---|---|---|
| OASDI - Taxable Wages | 2,158.62 | 12,494.80 |
| Medicare - Taxable Wages | 2,158.62 | 12,494.80 |
| Federal Withholding - Taxable Wages | 2,049.83 | 11,868.73 |

| | Federal | State |
|---|---|---|
| | 0 | |
| Marital Status | Single | Head of Household |
| Allowances | 3 | 3 |
| Additional Withholding | | 0 |

## Absence Plans

| Description | Forfeited | Accrued | Reduced | Available |
|---|---|---|---|---|
| Zillow Group PTO Plan | 0 | 5.04 | 0 | 40.32 |
| Zillow Group Sick Plan | 0 | 3.05 | 0 | 6.04 |

## Payment Information

| Bank | Account Name | Account Number | USD Amount | Amount |
|---|---|---|---|---|
| Chase | Chase | | | 1,603.17   USD |

Zillow, Inc.   1301 2nd Avenue 31st Floor Seattle, WA 98101   +1 (206) 4707000

Otilia Correa   445 W 34th St San Bernardino, CA 92405

If you believe that any of the information on this wage statement is incorrect, you have the right to report this to your employer. If you believe you were not paid correctly, you may report wage violations to the Washington or California state agencies, 1-866-219-7321 and 1-415-703-5300, respectively, or the US Department of Labor at 1-866-4-USWAGE (1-866-487-9243).

| Name | Company | Employee ID | Exemption Status | Pay Period Begin | Pay Period End | Check Date | Custom Check Number |
|---|---|---|---|---|---|---|---|
| Otilia Correa | Zillow, Inc. | 206071 | Non-Exempt | 11/09/2018 | 11/24/2018 | 11/30/2018 | |

| | Gross Pay | Pre Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 3,871.91 | 232.32 | 186.52 | 116.16 | 3,336.91 |
| YTD | 159,619.97 | 9,127.47 | 32,166.92 | 6,000.32 | 112,325.26 |

| Earnings | | | | | | Employee Taxes | | |
|---|---|---|---|---|---|---|---|---|
| Description | Dates | Hours | Rate | Amount | YTD | Description | Amount | YTD |
| AwardCo | | | 0 | | 483.84 | OASDI | 0.00 | 7,960.80 |
| Commission | 10/07/2018 - 11/03/2018 | 0 | 0 | 3,846.09 | 94,697.97 | Medicare | 56.14 | 2,332.27 |
| Double Time | 10/28/2018 - 11/03/2018 | 6 | 0 | 263.22 | | Federal Withholding | 0.00 | 12,330.57 |
| Double Time | 10/28/2018 - 11/03/2018 | 6 | 0 | -177.72 | | State Tax - CA | 130.38 | 8,393.61 |
| FLSA Retro OT | | | 0 | | 38.09 | CA SDI - CASDI | 0.00 | 1,149.67 |
| GTL Imputed | | | 0 | | 177.33 | | | |
| Gift Card | | | 0 | | 880.00 | | | |
| Holiday Pay | | | 0 | | 1,401.21 | | | |
| Regular Hourly Rate | | | 0 | | 45,826.70 | | | |
| Meal Break | | | 0 | | 1,212.01 | | | |
| Morale Events | | | 0 | | 162.93 | | | |
| Overtime | 10/14/2018 - 10/20/2018 | 0.083333 | 0 | 2.19 | | | | |
| Overtime | 10/14/2018 - 10/20/2018 | 0.083333 | 0 | -1.24 | | | | |
| Overtime | 10/21/2018 - 10/27/2018 | 0.5 | 0 | 12.97 | | | | |
| Overtime | 10/21/2018 - 10/27/2018 | 0.5 | 0 | -7.41 | | | | |
| Overtime | 10/21/2018 - 10/27/2018 | 0.5 | 0 | 12.97 | | | | |
| Overtime | 10/21/2018 - 10/27/2018 | 0.5 | 0 | -7.41 | | | | |
| Overtime | 10/28/2018 - 11/03/2018 | 16 | 0 | 394.83 | | | | |
| Overtime | 10/28/2018 - 11/03/2018 | 16 | 0 | -266.58 | | | | |
| PTO | | | 0 | | 4,147.26 | | | |
| Restricted Stock | | | 0 | | 512.44 | | | |
| SPIFF Pay | | | 0 | | 50.00 | | | |
| Sick Pay | | | 0 | | 2,213.70 | | | |
| Worked Holiday | | | 0 | | 362.88 | | | |
| Earnings | | | | 3,871.91 | 152,166.38 | Employee Taxes | 186.52 | 32,166.92 |

| Pre Tax Deductions | | | Post Tax Deductions | | |
|---|---|---|---|---|---|
| Description | Amount | YTD | Description | Amount | YTD |
| 401K Plan | 232.32 | 8,812.47 | 401K Loan (Loan 1) | | 1,213.80 |
| Med 125 | | 315.00 | 401K Loan (Loan 2) | | 432.80 |
| | | | RSU | | 313.00 |
| | | | Roth 401K Post | 116.16 | 4,040.72 |
| Pre Tax Deductions | 232.32 | 9,127.47 | Post Tax Deductions | 116.16 | 6,000.32 |

| Employer Paid Benefits | | | Taxable Wages | | |
|---|---|---|---|---|---|
| Description | Amount | YTD | Description | Amount | YTD |
| 401(k) Match | 154.88 | 6,362.47 | OASDI - Taxable Wages | 0.00 | 128,400.00 |
| | | | Medicare - Taxable Wages | 3,871.91 | 160,846.14 |
| | | | Federal Withholding - Taxable Wages | 3,638.59 | 152,033.67 |
| Employer Paid Benefits | 154.88 | 6,362.47 | | | |

| | Federal | State | Absence Plans | | | |
|---|---|---|---|---|---|---|
| | | | Description | Forfeited | Accrued | Reduced | Available |
| Marital Status | Single | Head of Household | Zillow Group PTO Plan | 0 | 6 | 12 | 1.28 |
| Allowances | 0 | 3 | Zillow Group Sick Plan | 0 | 1.81 | 0 | 6.51 |
| Additional Withholding | 0 | 0 | | | | | |

| Payment Information | | | | | |
|---|---|---|---|---|---|
| Bank | Account Name | Account Number | USD Amount | Amount | |
| Chase | Chase | ***98 | | 3,270.17 | USD |
| Arrowhead Credit Union | Credit Union | 56 | | 66.74 | USD |

Zillow, Inc. 1301 2nd Avenue 31st Floor Seattle, WA 98101 +1 (206) 4707000

Otilia Correa 445 W 34th St San Bernardino, CA 92405

If you believe that any of the information on this wage statement is incorrect, you have the right to report this to your employer. If you believe you were not paid correctly, you may report wage violations to the Washington or California state agencies, 1-866-219-7321 and 1-415-703-6300, respectively, or the US Department of Labor at 1-866-4-USWAGE (1-866-487-9243).

| Name | Company | Employee ID | Exemption Status | Pay Period Begin | Pay Period End | Check Date | Custom Check Number |
|------|---------|-------------|------------------|------------------|----------------|------------|---------------------|
| Otilia Correa | Zillow, Inc. | 206071 | Non-Exempt | 01/09/2019 | 01/24/2019 | 01/31/2019 | |

| | Gross Pay | Pre Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|--|-----------|--------------------|-----------------|---------------------|---------|
| Current | 4,275.04 | 299.26 | 1,198.65 | 171.01 | 2,606.12 |
| YTD | 8,809.06 | 498.65 | 1,819.50 | 508.88 | 3,982.03 |

### Earnings

| Description | Dates | Hours | Rate | Amount | YTD |
|-------------|-------|-------|------|--------|-----|
| Commission | 12/02/2018 - 12/29/2018 | 0 | 0 | 4,067.78 | 4,067.78 |
| DP Imputed | | | 0 | | 213.00 |
| DP Imputed Dental/Vision | | | 0 | | 21.16 |
| Double Time | 12/02/2018 - 12/08/2018 | 3.5 | 0 | 193.80 | |
| Double Time | 12/02/2018 - 12/08/2018 | 3.5 | 0 | -103.67 | |
| GTL Imputed | | | 0 | | 8.51 |
| Holiday Pay | | | 0 | | 710.96 |
| Regular Hourly Rate | | | 0 | | 1,049.15 |
| Overtime | 12/02/2018 - 12/08/2018 | 5.5 | 0 | 152.27 | |
| Overtime | 12/02/2018 - 12/08/2018 | 5.5 | 0 | -81.46 | |
| Overtime | 12/09/2018 - 12/15/2018 | 1.75 | 0 | 48.50 | |
| Overtime | 12/09/2018 - 12/15/2018 | 1.75 | 0 | -25.92 | |
| Overtime | 12/16/2018 - 12/22/2018 | 0.666666 | 0 | 16.21 | |
| Overtime | 12/16/2018 - 12/22/2018 | 0.666666 | 0 | -9.88 | |
| Overtime | 12/23/2018 - 12/29/2018 | 0.25 | 0 | -3.71 | |
| Overtime | 12/23/2018 - 12/29/2018 | 0.25 | 0 | 19.12 | |
| PTO | | | 0 | | 533.22 |
| Sick Pay | | | 0 | | 177.74 |
| Earnings | | | | 4,275.04 | 6,781.52 |

### Employee Taxes

| Description | Amount | YTD |
|-------------|--------|-----|
| OASDI | 265.05 | 435.84 |
| Medicare | 61.99 | 101.93 |
| Federal Withholding | 673.46 | 1,033.07 |
| State Tax - CA | 155.40 | 180.79 |
| CA SDI - CASDI | 42.75 | 67.87 |
| Employee Taxes | 1,198.65 | 1,819.50 |

### Pre Tax Deductions

| Description | Amount | YTD |
|-------------|--------|-----|
| 401K Plan | 299.26 | 476.65 |
| Med 125 | | 22.00 |
| Pre Tax Deductions | 299.26 | 498.65 |

### Post Tax Deductions

| Description | Amount | YTD |
|-------------|--------|-----|
| 401K Loan (Loan 1) | | 57.80 |
| 401K Loan (Loan 2) | | 108.20 |
| DP Dental | | 6.00 |
| DP Medical | | 53.00 |
| DP Vision | | 0.50 |
| Roth 401K Post | 171.01 | 272.38 |
| Voluntary Life | | 11.00 |
| Post Tax Deductions | 171.01 | 508.88 |

### Employer Paid Benefits

| Description | Amount | YTD |
|-------------|--------|-----|
| 401(k) Match | 171.01 | 272.38 |
| Employer Paid Benefits | 171.01 | 272.38 |

### Taxable Wages

| Description | Amount | YTD |
|-------------|--------|-----|
| OASDI - Taxable Wages | 4,275.04 | 7,029.73 |
| Medicare - Taxable Wages | 4,275.04 | 7,029.73 |
| Federal Withholding - Taxable Wages | 3,975.78 | 6,553.08 |

| | Federal | State |
|--|---------|-------|
| | 0 | |
| Marital Status | Single | Head of Household |
| Allowances | 0 | 3 |
| Additional Withholding | 0 | 0 |

### Absence Plans

| Description | Forfeited | Accrued | Reduced | Available |
|-------------|-----------|---------|---------|-----------|
| Zillow Group PTO Plan | 0 | 6 | 8 | -2.72 |
| Zillow Group Sick Plan | 0 | 2.8 | 0 | 4.1 |

### Payment Information

| Bank | Account Name | Account Number | USD Amount | Amount | |
|------|--------------|----------------|------------|--------|--|
| Wells Fargo | Wells Fargo | ******4 | | 1,000.00 | USD |
| Arrowhead Credit Union | Credit Union | ******58 | | 100.00 | USD |
| Chase | Chase | ****** | | 1,506.12 | USD |