# EXHIBIT C

1   DESAI LAW FIRM, P.C.
    Aashish Y. Desai, Esq. (SBN 187394)
2   Adrianne De Castro, Esq. (SBN 238930)
    3200 Bristol St., Suite 650
3   Costa Mesa, CA 92626
    Telephone:  (949) 614-5830
4   Facsimile:  (949) 271-4190
    aashish@desai-law.com
5   adrianne@desai-law.com

6   Attorneys for Plaintiffs

7
                    SUPERIOR COURT OF CALIFORNIA
8
              COUNTY OF ORANGE, CIVIL COMPLEX CENTER
9

10  NICOLE CORREA on behalf of herself and all      )  CASE NO.: 30-2019-01057872-CU-OE-
    others similarly situated,                       )  CXC
11                                                   )
                   Plaintiffs,                        )
12                                                   )  FIRST AMENDED COMPLAINT:
    v.                                               )
13                                                   )  (1) Unlawful Deductions of Wages
    ZILLOW GROUP, INC., a Washington                 )      California Labor Code §§ 221, 2802;
14  Corporation, and DOES 1-10, inclusive,           )  (2) Failure to Pay Minimum Wage,
                                                     )      California Labor Code §§ 1194,
15                 Defendants.                        )      226.2;
                                                     )  (3) Failure to Pay Overtime Wages, Cal.
16                                                   )      Lab. Code §§ 510, 558 and Wage
                                                     )      Order 5;
17                                                   )  (4) Failure to Furnish and Timely and
                                                     )      Accurate Itemized Wage Statements,
18                                                   )      Cal. Lab. Code § 226;
                                                     )  (5) Failure to Keep Required Payroll
19                                                   )      Records, Cal. Labor Code §§ 226 and
                                                     )      1174;
20                                                   )  (6) Failure to Pay all Compensation Due
                                                     )      Upon Discharge, Cal. Lab. Code §§
21                                                   )      201-203.
                                                     )  (7) Unfair Competition Under
22                                                   )      Profession Code §§ 17200
                                                     )  (8) Violation of the Private Attorney
23                                                   )      General Act, Cal. Lab. Code § 2699,
                                                     )      et seq.
24                                                   )
                                                     )
25                                                   )
                                                     )  DEMAND FOR JURY TRIAL
26                                                   )
27

28

                           **FIRST AMENDED COMPLAINT**

Plaintiff Nicole Correa ("Plaintiff"), by her attorneys, brings this action on behalf of herself and similarly aggrieved employees of Defendants Zillow Group, Inc. ("Zillow") and DOES 1 through 100. Plaintiff hereby alleges as follows:

## NATURE OF THE ACTION:

Plaintiff brings this action on behalf of herself, on behalf of all similarly situated employees, and all aggrieved employees of Defendants pursuant to the California Labor Code. Plaintiff alleges that Zillow engaged in violations of the Labor Code with regard to its commission wage practices and policies as described below. These violations apply to Plaintiff, other similarly situated Zillow employees (i.e. "class members"), and other aggrieved employees including individuals who worked for Zillow's inside salesforce which includes Sales Executives (including Senior Sales Executives) (collectively "SEs") and Business Consultants (including Senior Business Consultants, Business Consultants I and II) (collectively "BCs"). Plaintiff further alleges that such violations are ongoing and continuing. By this action Plaintiff seeks penalties and attorneys' fees and costs.

## THE PARTIES

1.      Plaintiff is a California resident, and a natural person. Plaintiff is informed and believes thereon and on that basis alleges that Zillow was and is at all times herein mentioned a corporation doing business in the State of California and within the County of Orange.

2.      The names and capacities of Defendants sued as Does 1 through 100 are presently not known to Plaintiff. Plaintiff therefore sues said Defendants by such fictitious names pursuant to § 474 of the California Code of Civil Procedure Plaintiff will seek to amend the Complaint to allege the allege the true names and capacities of these Doe Defendants when they are ascertained.

3.      Plaintiff is informed and believes and thereupon alleges that the fictitiously named defendants are responsible for some manner for the conduct alleged herein and for the injuries suffered by Plaintiff and similarly aggrieved employees.

1

4.     All named Defendants, and DOES 1 through 100, will be collectively referred to as "Defendants".   At all times mentioned the cause of action alleged herein each and every defendant was an agent, Joint Venturer, and/or alter ego of each and every other Defendant. In doing the things alleged m the cause of action stated herein, each and every Defendant was acting within the course and scope of the agency or employment and was acting with the consent, permission, authorization, and ratification of every other Defendant or their officers or managing agents.   Zillow was and is at all relevant times, an employer under applicable California Industrial Welfare Commission ("IWC") Orders, the California Labor Code, and California law.

## FACTUAL ALLEGATIONS

5.     Plaintiff is currently employed by Zillow as a Business Consultant.   She has been employed there since October 10, 2016 and is an "aggrieved employee" pursuant to the Private Attorney General Act ("PAGA") and has been subject to the California Labor Code violations described below.

### Zillow Group's Compensation System for Inside Sales Employees

6.     Zillow Group's inside sales workforce consists of two general categories of employees:   Sales Executives (including Senior Sales Executives) (collectively "SEs") and Business Consultants (including Senior Business Consultants, Business Consultants I and II) (collectively "BCs").   In general, the SEs make initial sales to customers (agents), and the BCs administer the customer accounts which are transferred to them from SEs after the account has been sold and becomes effective.

7.     For example, BCs earn a hourly rate – i.e., $24.04/hr.   In addition, both SEs and BCs are paid on a commission-based compensation system that is complicated and involves a number of elements and formulas.   In general, the SE or BC is assigned a monthly quota, and compensation is based in part on the individual's degree of attainment (i.e. sales) as a percentage of the quota amount; that percentage is multiplied times the monthly target commission amount corresponding to the individual sales rep's monthly quota.   However, a number of other factors

enter into the formulas that determine compensation; those factors are based on the sales reps' levels of new business produced and existing business lost.[1]

8.     For BCs, the new business takes the form of "upsells" or additional revenue-producing sales to existing accounts, and the lost business takes the form of reductions in revenues due to customers' non-payment, business failures, or account cancellations or revenue reductions.  All of these types of losses are grouped together under the rubric of "churn."  In general, the compensation formulas convert these other factors into multipliers (ranging generally from 0.5 to 1.5) that are applied to the product of the monthly commission target and the monthly target attainment percentage.

## Zillow Group's Chargeback Practices

9.     Zillow Group systematically charges back a portion of revenues lost due to failures to pay, credit card charge denials, cancellations or reductions in business volume in customer accounts – i.e. "churn."  For BCs, it does so by netting out the BCs' upsell revenues (i.e. additional sales to existing accounts) and the loss of revenues in the BCs' accounts – including both the same and all other accounts.  If the net result is an overall revenue loss, the BCs' commission amount is reduced below the level otherwise due under the simple formula based on quota and attainment levels.  But even if the net result is positive, the negative component of the calculation reduces the amount of commissions that the BC would otherwise receive.  In simple terms, all of the "churn" in a BC's portfolio of assigned accounts reduces her commissions as the losses due to churn are charged back against her.

10.     Zillow Group's chargeback policy violates the law.  Some if not all the "churn" charged back against the BCs is not the result of their failure to properly manage the customer accounts assigned to them, but rather results from the failure of the SEs to sell or open customer accounts that customers will pay for on an initial or continuing basis.  While SEs bear the churn loss in their commissions for loss of customer revenues during the initial account period before

---

[1] The two main types of multipliers are the "Accelerator/Decelerator %," which essentially just amplifies the degree to which the sales rep exceeds or falls short of the monthly quota; and the "Churn Multiplier," which likewise amplifies the adverse effects of loss of business revenues.

responsibility for the account is transferred to BCs, losses after the transfer are charged against the BC -- even if the BC is not personally responsible for the loss and even if the BC could do nothing to prevent it (such as in the case of accounts that never pay, credit card charges that are denied due to customer credit problems, or business failures).  In addition, even losses due to SE failures or customer problems occurring before the account is transferred, but not processed into the compensation system until after the transfer occurs, are charged back to the BC when the SE who made the initial sale has left the position.

11.     SEs likewise have many "churn" factors applied against them which are beyond their control, and therefore illegal.

12.     Zillow admits that the rationale and mechanisms of its current commission plan (November 2016) states that the "Plan components [including chargebacks] are an incentive for effectively managing the book of business."  In the case of BCs, this would include all of the accounts transferred to them from SEs.

### Zillow's Illegal Overtime Practices

13.     Moreover, Zillow did not calculate the BCs and SEs overtime wages properly when it did pay.  Overtime is based on the "regular rate" of pay, which includes a number of different kinds of remuneration such as hourly earnings, non-discretionary bonuses, and commissions.

14.     Here, Zillow multiplied the **hourly** (not regular) rate by 1.5.  So, for example, from 1/29/2017 – 2/02/17, Plaintiff Correa worked 2 overtime hours.  Zillow utilized a rate of $36.06 (1.5 x $23.5 **hourly** rate).  The overtime rate did not include her commission wages.  This is a uniform and illegal policy that applies to all of Zillow's employees, including BCs and SEs.  Plaintiff Correa's wage statement is attached as **Exhibit B** and below to illustrate the point:



4

15.     Thus, Zillow has violated both minimum wage and overtime regulations.

## CLASS ACTION ALLEGATIONS

16.     This action is maintainable as a class action pursuant to California Code of Civil Procedure § 382 as to claims for illegal chargebacks, the failure to indemnify certain necessary work expenditures, the failure to pay overtime, unpaid wages, the failure to issue accurate itemized paystubs, the failure to maintain accurate payroll records, and the failure to timely pay former employees.  The Business & Professions Code § 17200 claim is based upon three theories: (i) unfair conduct as a result of the anti-competitive actions of Defendant, (ii) fraudulent behavior of Defendant as defined by the UCL, and (iii) the unlawful failure to comply with the California Labor Code.  Plaintiff is representative of those other employees and is acting on behalf of their interests.  These similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's own employment records.   Defendant can easily identify which employees resided in California and those employees who worked as SEs and BCs.

17.     Plaintiff identifies the following class:

**All employees who worked for Defendant Zillow in California as either SEs and BCs and were paid according to the commission scheme described above from four (4) years prior to the filing of this Complaint to the date of final disposition.**

18.     Plaintiff identifies the following sub-class:

**All employees who worked for Defendant Zillow as either SEs or BCs and were paid overtime wages based upon the illegal formula identified above (i.e. using the employees' hourly not regular rate to compute the overtime rate and wages) from four (4) years prior to the filing of this Complaint to the date of final disposition.**

19.     Plaintiff reserves the right under Rule 1855(b) of the California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

### NUMEROSITY OF CLASS

20.     The employees identified in the above classes identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such employees is unknown, the Plaintiff believes that over 200-300 employees would fall within the putative Class. The exact number is easily ascertained from Defendant's own employment records, which are presently within the control of Defendant.  Furthermore, upon application by Plaintiff's counsel for certification of the Class, the Court may be requested to also incorporate or amend the sub-Classes in the interest of justice and judicial economy.

### EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF FACT AND LAW

21.     Common questions of law and fact exist as to the class members that predominate over any questions only affecting them individually and include, but are not limited to, the following:

i.      Whether Defendant violated California Labor Code § 221 and 2802 by charging back certain wages against BCs and SEs;

ii.     Whether Defendant violated Labor Code § 203, 204, 512, 1187, 1196, and 1198 by failing to pay its employees less than the wage set by the IWC;

iii.    Whether Defendant violated Cal. Lab. Code §§ 510 and 558 by failing to pay its SEs and BCs the proper overtime rate;

iv.     Whether Defendant violated Labor Code §§ 226 and 1174 by failing to keep accurate records of employees' hours of work, gross wages earned, and net wages earned;

v.      Whether Defendant violated Labor Code § 226(a) and (b) by failing to issue its drivers accurate, itemized statement accurately showing their wages and their overtime;

vi.     Whether Defendant violated Labor Code § 201-203 by failing to pay all wages due and owing at the time that Class Members' employment with Zillow was terminated;

vii.    Whether Defendant violated Business and Professions Code Section 17200 by engaging in the above-stated violations of the California Labor Code;

viii.   What were the policies, practices, programs, procedures, protocols, and plans of Zillow regarding its commission scheme for its SEs and BCs drivers; and

ix.     The nature and extent of class-wide injuries and the measure of damages, restitution and disgorgement for the injuries.

## TYPICALITY

22.     The claims of Plaintiff are typical of the claims of the Class she seeks to represent. Plaintiff and all class members work or have worked for Defendant as SEs and BCs in California. Plaintiff and all class members have the same right to be paid their entire commission without any illegal chargebacks and to be paid all wages due.  Plaintiff and all class members have the same right to be indemnified for necessary expenditures.  Plaintiff and all class members also have the same right to be paid their proper overtime rate. Plaintiff and all class members have the same right to be issued accurate, itemized wage statements.  In addition, Plaintiff and all class members have the same right to be paid all wages due at the end of their employment.  Plaintiff and all class members have suffered damages and injury resulting from Defendant's wrongful conduct. In addition, Plaintiff and the class members are entitled to equitable relief, as permitted by law, because Defendant's violations of state statutes have harmed the class members and constitute an unfair business practice, especially when compared to those competitors who comply with wage and hour laws.

## ADEQUACY

23.     Plaintiff will fairly and adequately represent and protect the interests of the class members.  Plaintiff has retained counsel competent and experienced in complex class actions, and

labor and employment litigation.

**SUPERIORITY**

24.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.   The class members have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices and procedures. Although the relative damages suffered by individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants to recover such damages.   Even if the individual class members could afford to prosecute their claims separately, the court system could not.   In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

**STATUTORY DAMAGES OWED TO PLAINTIFF AND LWDA UNDER PAGA**

25.     Plaintiff brings this action on behalf of herself and all "aggrieved employees" under PAGA for one-year before the PAGA notice letter was issued.   As a result of Zillow's misconduct, Plaintiff seeks penalties and attorney's fees and costs under the Private Attorneys General Act.

26.     Based on the above, Plaintiff and other aggrieved employees are owed at least the following by Defendants:

a.     *Violations of California Labor Code § 221 and 2802*:   As a result of its illegal chargeback scheme, Defendant violated Labor Code 221 and 2802.   To address violations for which no penalty had been established, section 2699(f) creates a private right of action for aggrieved employees to recover civil penalties for violations of the Labor Code. Labor Code Section 210(a) provides for civil penalties for violations of Labor Code Section 1197.5.   For any initial violation, the penalty is one hundred dollars ($100) for each failure to pay each employee. For each subsequent violation, or any *willful or intentional* violation, the penalty is "two hundred

dollars ($200) for each Plaintiff for each pay period during which the Plaintiff was not paid for all necessary expenditures."

   b.   *Failure to Pay Timely Wages:* Defendant has violated California Labor Code §§ 203, 204, 512, 1187, 1196, and 1198.  Labor Code § 203 establishes the fundamental right of employees in the State of California to be paid wages in a timely fashion for their work. Labor Code § 1187 makes it unlawful to pay employees less than the wage set by the IWC. Labor Code § 1198 makes it unlawful to employ persons under conditions prohibited by the applicable IWC Wage Orders.  Under Section 4 of IWC Wage Orders 4-2001, 7-2001, 4-2000, 7-2000, 7-1998 and 4-1998, salespersons must be paid at least a minimum wage for each hour worked. For Zillow's failure to pay wages due, Plaintiff and the other aggrieved employees are entitled to recover such amounts, plus interest thereon, attorney's fees and costs.   Zillow is liable for civil penalties pursuant to Labor Code § 2699 as follows: For any initial violation, $50.00 for each Plaintiff for each pay period during which the Plaintiff was not provided wages for all the work performed; and for each subsequent violation, $100.00 for each Plaintiff for each pay period during which the Plaintiff was not provided wages for all the work performed.

   c.   *Failure to Pay the Proper Overtime Rate:* For Defendant's failure to pay its SEs and BCs the proper overtime rate in violation of Cal. Lab. Code §§ 510 and 558, Defendant is liable for one hundred dollars ($100) for each failure to pay each employee. For each subsequent violation, or any *willful or intentional* violation, the penalty is "two hundred dollars ($200) for each Plaintiff for each pay period during which the Plaintiff and the other aggrieved employees were not paid overtime";

   d.   *Failure to Issue Accurate Itemized Wage Statements:* Labor Code § 226(a) requires employers to furnish each employee with a statement that *accurately* reflects gross wages earned, the total number of hours worked, and the net wages earned. Labor Code §226(b) provides that if an employer fails to provide a statement itemizing, *inter alia*, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or $50.00 for the initial violation and $100.00 for each subsequent violation, up to $4,000.00.

e. *Failure to Keep Accurate Records:* Zillow has violated California Labor Code§§ 226 and 1174 by willfully failing to keep required payroll records showing the actual wages owed to the Plaintiff and other aggrieved employees. Zillow is liable for civil penalties pursuant to California Labor Code §§ 1174.5 and 2698 in the amount of $ 500.00 per violation.

f. *Failure to Pay All Wages Due Upon Termination of Employment:* Pursuant to California Labor Code §§201, 202, and 203, Zillow is required to pay all earned and unpaid wages to an employee who is discharged or quits. California Labor Code §201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately. California Labor Code §202 mandates that if an employee quits, the employee's wages accrued and unpaid at the time of quitting are due and payable no later than 72 hours after the employee quits his or her employment, unless the employee provided at least 72 hours of notice of his or her intention to quit, in which case the wages are due immediately at the time of quitting. For its failure to pay Plaintiff and aggrieved employees all wages due, Labor Code Section 2699 provides penalty in the amount of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation. Plaintiffs seek these penalties for the violations of these sections.

g. The proper measure of damages and penalties under the PAGA is all aggrieved employees, whether a party of this action or not. This claim needs no certification. *Arias v. Superior Court*, 46 Cal.4th 969, 970-75 (2009).

h. Accordingly, Plaintiff and all aggrieved employees respectfully request that the Court award judgment and relief in their favor as described herein.

### FIRST CAUSE OF ACTION
#### Unlawful Deductions From Wages
(California Labor Code §§ 221, 2802)

27. Plaintiff re-alleges, on behalf of herself and Class Members, each paragraph of this Complaint as though fully set forth.

28. Labor Code § 221 makes it unlawful for an employer to "collect or receive from an

10

employee any part of wages therefore paid" to the employee. In addition, where the chargeback occurs for reasons beyond the control of the sales employee, as here, Section 8 of the Wage Orders provides that "No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee."  The *Kerr's Catering* line of cases[2] confirms the same.

29.    Labor Code § 2802 provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

30.    Zillow created an unlawful commission chargeback scheme wherein it collected and received part of the BCs and SEs' wages already paid (i.e. "charged back") attributing it to "churn."  Zillow engages in this practice even though some of churn charged back against the BCs and SEs is not the direct result of any dishonest or willful act or gross negligence of the employees, or any other factor within their control.

31.    As a result of these violations, Defendant is liable for the costs of these expenditures (deductions and chargebacks) plus interest, and attorneys' fees.  Defendant is further liable for civil penalties and damages pursuant to Labor Code §§ 221, 225.5, and 2698 et seq.

32.    Plaintiff, on behalf of herself and the Class Members, also request relief as described below.

## *SECOND CAUSE OF ACTION*
### Failure to Pay Minimum Wage

(California Labor Code §§ 1194, 226.2)

33.    Plaintiff re-alleges, on behalf of herself and Class Members, each paragraph of this Complaint as though fully set forth.

---

[2] *Kerr's Catering Service v. Dep't of Industrial Relations*, 57 Cal. 2d 319, 329 (1962); *Hudgins v. Neiman Marcus Group, Inc.*, 34 Cal.App.4th 1109, 1118 (1995); *Quillian v. Lion Oil Co.*, 96 Cal.App.3d 156, 162-63 (1979) (citing *Kerr's Catering* for the principle that the Labor Code itself bars unexpected deductions for losses not the result of an employee's willful misconduct).

34.     Defendant has violated California Labor Code §§ 203, 204, 512, 1187, 1196, and 1198. Labor Code § 203 establishes the fundamental right of employees in the State of California to be paid wages in a timely fashion for their work. Labor Code § 1187 makes it unlawful to pay employees less than the wage set by the IWC. Labor Code § 1198 makes it unlawful to employ persons under conditions prohibited by the applicable IWC Wage Orders. Under Section 4 of IWC Wage Orders 4-2001, 7-2001, 4-2000, 7-2000, 7-1998 and 4-1998, salespersons must be paid at least a minimum wage for each hour worked.

35.     Thus, under California law, a commissioned inside salesperson is exempt from overtime only if (1) the earnings exceed 1.5 times the state minimum wage; and (2) at least 50 percent of the employee's total compensation is from commissions. *Peabody v. Time Warner Cable, Inc.*, 59 Cal.4th 662 (2014).

36.     Here, Defendant's chargeback policy required the salespersons to perform certain work without any compensation whatsoever – i.e., during those pay periods in which the chargeback results in either less than 1.5 times the state minimum wage, or less than 50 percent of the total compensation coming from commissions.

37.     California Labor Code § 1194 states that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

38.     Plaintiff and the Class thus seek and are entitled to all uncompensated wages, plus interest, and attorneys' fees and costs, as well as all other legal and equitable relief such as a court may find just and proper.

39.     Plaintiff, on behalf of herself and the Class Members, also request relief as described below.

///

### *THIRD CAUSE OF ACTION*
### <u>Failure to Pay Overtime Wages</u>

(Cal. Lab. Code §§ 510, 558 and Wage Order 5)

40.     Plaintiff re-alleges, on behalf of herself and Class Members, each paragraph of this Complaint as though fully set forth.

41.     California Labor Code §§ 510, 558, and Wage Order 5 entitle non-exempt employees to overtime premiums for hours worked in excess of eight (8) in a given day, forty (40) in a given workweek, or on the seventh day worked in a single workweek. All hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation.

42.     Zillow did not calculate the overtime wages properly when it did pay. Overtime is based on the "regular rate" of pay, which includes a number of different kinds of remuneration such as hourly earnings, non-discretionary bonuses, and commissions. Here, Zillow multiplied the <u>**hourly**</u> (not regular) rate by 1.5. So, for example, from 1/29/2017 – 2/02/17, Ms. Correa worked 2 overtime hours. Zillow utilized a rate of $36.06 (1.5 x $23.5 hourly rate). The overtime rate did not include her commission wages. This is a uniform and illegal policy that applies to all of Zillow's employees.

43.     As a result of these violations, Zillow is liable for unpaid overtime wages, interest thereon, and attorneys' fees and costs.

44.     Plaintiff, on behalf of herself and Class Members, also request relief as described below.

### *FOURTH CAUSE OF ACTION*
### <u>Failure to Furnish Timely and Accurate Itemized Wage Statements</u>

(Cal. Lab. Code § 226)

45.     Plaintiff re-alleges, on behalf of herself and Class Members, each paragraph of this Complaint as though fully set forth.

46.     Labor Code § 226(a) requires employers to furnish each employee with a statement that accurately reflects gross wages earned, the total number of hours worked, and the net wages earned.  Labor Code § 226(b) provides that if an employer fails to provide a statement itemizing, *inter alia*, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or $50.00 for the initial violation and $100.00 for each subsequent violation, up to $4,000.00.

47.     Defendant, due to the unlawful chargebacks and deductions (as well as its use of the improper overtime rate), intentionally failed to furnish and continues to intentionally fail to furnish each class member with timely, itemized statements that *accurately* reflect the gross wages earned, the total number of hours worked, and the net wages earned as required.

48.     As a result of Zillow's failure to provide accurate itemized wages statements, Plaintiff and Class Members suffered actual damages and harm by being unable to determine their applicable hourly rate for each pay period, which prevented them from becoming aware of these violations and asserting their statutory protections under California law.  Zillow knowingly and intentionally failed to comply with Labor Code § 226(a) on each and every wage statement provided to Plaintiff and Class Members.

49.     Pursuant to Labor Code § 226(e), Plaintiff and Class Members are entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00). Plaintiff and Class Members are entitled to an award of costs and reasonable attorneys' fees under Labor Code § 226(h).

50.     Plaintiff, on behalf of herself and the Class Members, also request relief as described below.

///

### *FIFTH CAUSE OF ACTION*
### Failure to Keep Required Payroll Records

(Cal. Labor Code §§ 226 and 1174)

51.     Plaintiff re-alleges, on behalf of herself and Class Members, each paragraph of this Complaint as though fully set forth.

52.     Zillow has violated California Labor Code §§ 226 and 1174 by willfully failing to keep required payroll and paystub records showing the actual compensation earned, total deductions taken, the hours worked on a daily basis by the class members.

53.     Defendant is, therefore, liable for civil and statutory penalties pursuant to California Labor Code §§ 226, 1174.5 and 2698 in the amount of $100/200/500.00 per violation.

54.     Plaintiff, on behalf of herself and the Class Members, also request relief as described below.

### *SIXTH CAUSE OF ACTION*
### Failure to Pay All Compensation Due Upon Discharge

(Cal. Lab. Code §§ 201-203)

55.     Plaintiff re-alleges, on behalf of herself and Class Members, each paragraph of this Complaint as though fully set forth.

56.     California Labor Code §§ 201 and 202 require Zillow to pay all compensation due and owing to former BCs and SEs immediately upon discharge or within seventy-two hours of their termination of employment. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for such "waiting time" penalties in the form of continued compensation up to thirty workdays.

57.     Defendant failed and refused, and continues to willfully fail and refuse, to timely pay compensation and wages, including pay for the unlawful deductions and chargebacks to plaintiffs, other "aggrieved" employees, and class members whose employment terminated as required.  As a result, Defendant is liable for waiting time penalties, together with interest and attorneys' fees and costs under California Labor Code § 203.

58.     Plaintiff, on behalf of herself and the Class Members, also request relief as described below.

### *SEVENTH CAUSE OF ACTION*
### Unlawful and/or Unfair Business Practices

(California Business and Professions Code Section 17200, et seq.)

59.     Plaintiff re-alleges, on behalf of herself and Class Members, each paragraph of this Complaint as though fully set forth.

60.     Labor Code § 90.5(a) articulates the public policy of this State to vigorously enforce minimum labor standards, including the requirements to compensate workers at least the minimum wage; pay a lawful commission without illegal chargebacks; to reimburse employees for all necessary expenditures under Labor Code § 2802; to pay the proper overtime rate; to provide accurate itemized wage statements and keep payroll records pursuant to Labor Code §§ 226, 226.2; and to pay all wages due upon termination of employment under California Labor Code §§ 201 and 202. Zillow's conduct of creating an illegal commission structure; its failure to pay the minimum wage for all hours worked; its failure to pay the proper overtime rate; its failure to reimburse its employees for necessary expenditures; allowing its employees to work without providing accurate itemized wages statements; and failing maintain accurate records directly violate state law, constitute and was intended to constitute unfair competition and unlawful and unfair acts and practices within the meaning of the UCL.

61.     Defendant's numerous violations of California law, as well as the other statutory and regulatory violations alleged herein, constitute unlawful business actions and practices in violation of Business and Professions Code§ 17200, et seq.

62.     Pursuant to Business and Professions Code § 17200, et seq., Plaintiff and the proposed Class are entitled to restitution of the unpaid wages, unreimbursed expenditures, among other relief alleged herein, that were withheld and retained by Defendant during a period that commences four years prior to the filing of this action.

63.     Plaintiff further seeks injunctive relief under the UCL to enjoin Defendant's unfair, lawful, and deceptive practice of failing to compensate its employees according to law. Plaintiff may pursue these injunctive claims without complying with class certification requirements. *McGill v. Citibank, N.A.*, 2 Cal.5th 945 (2017).

64.     Plaintiff also requests an award of attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

### *EIGHTH CAUSE OF ACTION*
**(Violation of the Private Attorney General Act
(Cal. Labor Code §§ 2699, *et seq.*))**

65.     Plaintiff and the other aggrieved employees repeat and reallege each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

66.     The Private Attorney General Act ("PAGA"), Cal. Labor Code § 2699, *et seq.*, allows an aggrieved employee to bring suit against an employer for violations of most Labor Code provisions.   These Labor Code violations include illegal chargebacks under California Labor Code § 221 and 2802 by charging back certain wages against BCs and SEs; violations of Labor Code § 203, 204, 512, 1187, 1196, and 1198 by failing to pay its employees less than the wage set by the IWC; failure to pay its SEs and BCs the proper overtime rate under Cal. Lab. Code §§ 510 and 558; failing to keep accurate records of employees' hours of work, gross wages earned, and net wages earned under Labor Code §§ 226 and 1174; failing to issue its SEs and BCs accurate itemized wage statements in violation of Labor Code § 226(a) and (b); and failing to pay is former employees all wages due under Labor Code § 201-203.

67.     Zillow's acts constitute continuing and ongoing unlawful activity prohibited by the California Labor Code and therefore, these acts constitute violations of the PAGA.

68.     Plaintiffs have provided notice of these violations pursuant to Cal. Labor Code § 2699.3 and have specifically asked the California Labor & Workforce Development Agency if it intends to investigate the alleged violations.   More than 65 days have passed and Plaintiffs have received no notice that LWDA intends to investigate these claims.   A true and correct copy of this letter is attached as **Exhibit A** to the First Amended Complaint.

69.    Zillow's conduct described above directly violates state law, constitutes violations of the PAGA.

70.    Therefore, under the provisions of PAGA and Labor Code §§ 201- 204, 221, 512, 1187, 1196, and 1198, 510 and 558, 226 and 1174, Zillow is liable for the following penalties and damages:

a.    *Violations of California Labor Code § 221 and 2802*:  As a result of its illegal chargeback scheme, Defendant violated Labor Code 221 and 2802.  To address violations for which no penalty had been established, section 2699(f) creates a private right of action for aggrieved employees to recover civil penalties for violations of the Labor Code. Labor Code Section 210(a) provides for civil penalties for violations of Labor Code Section 1197.5.  For any initial violation, the penalty is one hundred dollars ($100) for each failure to pay each employee. For each subsequent violation, or any *willful or intentional* violation, the penalty is "two hundred dollars ($200) for each Plaintiff for each pay period during which the Plaintiff was not paid for all necessary expenditures."

b.    *Failure to Pay Timely Wages:* Defendant has violated California Labor Code §§ 203, 204, 512, 1187, 1196, and 1198.  Labor Code § 203 establishes the fundamental right of employees in the State of California to be paid wages in a timely fashion for their work.  Labor Code § 1187 makes it unlawful to pay employees less than the wage set by the IWC.  Labor Code § 1198 makes it unlawful to employ persons under conditions prohibited by the applicable IWC Wage Orders.  Under Section 4 of IWC Wage Orders 4-2001, 7-2001, 4-2000, 7-2000, 7-1998 and 4-1998, salespersons must be paid at least a minimum wage for each hour worked.  For Zillow's failure to pay wages due, Plaintiff and the other aggrieved employees are entitled to recover such amounts, plus interest thereon, attorney's fees and costs.    Zillow is liable for civil penalties pursuant to Labor Code § 2699 as follows: For any initial violation, $50.00 for each Plaintiff for each pay period during which the Plaintiff was not provided wages for all the work performed; and for each subsequent violation, $100.00 for each Plaintiff for each pay period during which the Plaintiff was not provided wages for all the work performed.

c.     *Failure to Pay the Proper Overtime Rate:* For Defendant's failure to pay its SEs and BCs the proper overtime rate in violation of Cal. Lab. Code §§ 510 and 558, Defendant is liable for one hundred dollars ($100) for each failure to pay each employee. For each subsequent violation, or any *willful or intentional* violation, the penalty is "two hundred dollars ($200) for each Plaintiff for each pay period during which the Plaintiff and the other aggrieved employees were not paid overtime";

d.     *Failure to Issue Accurate Itemized Wage Statements:* Labor Code § 226(a) requires employers to furnish each employee with a statement that *accurately* reflects gross wages earned, the total number of hours worked, and the net wages earned. Labor Code §226(b) provides that if an employer fails to provide a statement itemizing, *inter alia,* the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or $50.00 for the initial violation and $100.00 for each subsequent violation, up to $4,000.00;

e.     *Failure to Keep Accurate Records:* Zillow has violated California Labor Code§§ 226 and 1174 by willfully failing to keep required payroll records showing the actual wages owed to the Plaintiff and other aggrieved employees.   Zillow is liable for civil penalties pursuant to California Labor Code §§ 1174.5 and 2698 in the amount of $ 500.00 per violation.;

f.     *Failure to Pay All Wages Due Upon Termination of Employment:* Pursuant to California Labor Code §§201, 202, and 203, Zillow is required to pay all earned and unpaid wages to an employee who is discharged or quits. California Labor Code §201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.  California Labor Code §202 mandates that if an employee quits, the employee's wages accrued and unpaid at the time of quitting are due and payable no later than 72 hours after the employee quits his or her employment, unless the employee provided at least 72 hours of notice of his or her intention to quit, in which case the wages are due immediately at the time of quitting.  For its failure to pay Plaintiff and aggrieved employees all wages due, Labor Code Section 2699 provides penalty in the amount of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved

employee per pay period for each subsequent violation. Plaintiffs seek these penalties for the violations of these sections.

71.     Accordingly, Plaintiff and all aggrieved employees respectfully request that the Court award judgment and relief in their favor as described herein.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the proposed class, request judgment and the following specific relief against Defendant as follows:

1.     That the Court determine that this action may be maintained as a class action under Code of Civil Procedure § 382;

2.     That Defendant is found to have violated the above-referenced provisions of the California Labor Code as to Plaintiff and the Class;

3.     That the Court find Zillow violated California Labor Code §§ 204, 1197, 1198, 226.2 by failing to compensate Plaintiff and the Class for the minimum wage for all work;

4.     That the Court find that Zillow has violated California Labor Code §§ 221 and 2802 as to Plaintiff and the Class because of its commission scheme which included illegal chargebacks;

5.     That the Court find that Zillow has violated Cal. Lab. Code §§ 510, 558 and Wage Order 5 by failing to pay its SEs and BCs the proper overtime rate;

6.     That the Court find that Zillow has violated the record-keeping provisions of Labor Code §§ 226 and 1174(d) as to Plaintiff and the Class;

7.     That the Court find that Zillow has violated California Labor Code § 226 by failing to timely furnish Plaintiff and the Class itemized statements accurately showing the gross wages earned by each of them;

8.     That the Court find that Zillow has violated Labor Code §§ 201, 202, and 203 for willful failure to pay all compensation owed at the time of termination of employment to the class;

9.      That the Court find that Zillow has violated Business & Professions Code § 17200 by creating an illegal commission structure; failing to pay the minimum wage for all hours worked; failing to pay the proper overtime rate; failing to reimburse its employees for necessary expenditures; allowing its employees to work without providing accurate itemized wages statements; and failing to maintain accurate records directly violate state law;

10.     That the Court find that Zillow has violated the Private Attorney General Act, Cal. Labor Code § 2699, *et seq.* for all aggrieved employees by failing to comply with the California Labor Code as described above as it applies to Plaintiff and other aggrieved employees;

11.     That the Court find that Defendant's violations as described have been willful;

12.     That the Court award to Plaintiff damages and restitution for all waged earned by Plaintiffs including the illegal chargebacks; unpaid overtime; work performed without compensation; and damages for failure to timely furnish statements accurately showing gross wages earned and penalties subject to proof at trial;

13.     That the Court impose penalties against Zillow on behalf of all aggrieved employees according to the Private Attorney General Act;

14.     That Defendant be ordered and enjoined to pay restitution to Plaintiffs due to Defendant's unlawful and/or unfair activities, pursuant to Business & Professions Code §§ 17200-17205;

15.     That Zillow further be enjoined to cease and desist from unlawful and/or unfair activities in violation of Business & Professions Code § 17200, pursuant to Section 17203;

16.     That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to Labor Code § 2699, Civil Procedure Code § 1021.5, and/or other applicable law; and

17.     That the Court award such other and further relief, in law or equity, as it deems appropriate and just.

///

Dated: May 1, 2019

DESAI LAW FIRM, P.C.

By: _____
Aashish Y. Desai
Adrianne De Castro
Attorneys for Plaintiff and the Class

Plaintiffs demand trial by jury on all issues so triable.

Dated: May 1, 2019

DESAI LAW FIRM, P.C.

By: _____
Aashish Y. Desai
Adrianne De Castro
Attorneys for Plaintiffs

# EXHIBIT A



## DESAI LAW FIRM, P.C.

### SMART. DEDICATED. EFFECTIVE.

*Aashish Y. Desai – Managing Partner*
*www.desai-law.com | aashish@desai-law.com*

February 19, 2019

**PAGA LETTER**

California Labor and Workforce
  Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814

  Re: Employer:  Zillow Group, Inc.
  Re: Employee:  Nicole Correa

Dear Sir/Madam:

  We represent Nicole Correa. She is currently employed as a Business Consultant by the Zillow Group, Inc. ("Zillow Group" or "Zillow"). She has been so employed from October 10, 2016 to the present and is an "aggrieved employee" under the PAGA. This letter is notice, and a request, pursuant to California Labor Code § 2699.3 that your agency investigate the claims in this putative class action. If the agency does not intend to investigate the alleged violations, we specifically request notification.

  This action will be filed as a class and/or PAGA representative action to recover wages, unpaid compensation (including overtime payment), penalties, attorney's fees and costs, for an illegal chargeback scheme for **all** of Zillow's "aggrieved" California employees – i.e., regardless of job title or function. *See, e.g., Huff v. Securitas Security Services USA, Inc.*, H042852 (Cal. Ct. App. May 2, 2018).

### Zillow Group's Compensation System for Inside Sales Employees

  Zillow Group's inside sales workforce consists of two general categories of employees: Sales Executives (including Senior Sales Executives) (collectively "SEs") and Business Consultants (including Senior Business Consultants, Business Consultants I and II) (collectively "BCs"). In general, the SEs make initial sales to customers (agents), and the BCs administer the customer accounts which are transferred to them from SEs after the account has been sold and becomes effective.

California Labor and Workforce
Development Agency
  Re: Employer:  Zillow Group, Inc.
  Re: Employee:  Nicole Correa
February 19, 2019
Page 2

---

For example, BCs earn an hourly rate – i.e., $24.04/hr. In addition, both SEs and BCs are paid on a commission-based compensation system that is complicated and involves a number of elements and formulas. In general, the SE or BC is assigned a monthly quota, and compensation is based in part on the individual's degree of attainment (i.e. sales) as a percentage of the quota amount; that percentage is multiplied times the monthly target commission amount corresponding to the individual sales rep's monthly quota. However, a number of other factors enter into the formulas that determine compensation; those factors are based on the sales rep's levels of new business produced and existing business lost.[1]

For BCs, the new business takes the form of "upsells" or additional revenue-producing sales to existing accounts, and the lost business takes the form of reductions in revenues due to customers' non-payment, business failures, or account cancellations or revenue reductions. All of these types of losses are grouped together under the rubric of "churn." In general, the compensation formulas convert these other factors into multipliers (ranging generally from 0.5 to 1.5) that are applied to the product of the monthly commission target and the monthly target attainment percentage.

### Zillow Group's Chargeback Practices

Zillow Group systematically charges back a portion of revenues lost due to failures to pay, credit card charge denials, cancellations or reductions in business volume in customer accounts – internally, this is referred to as "churn." For BCs, it does so by netting out the BCs' upsell revenues (i.e. additional sales to existing accounts) and the loss of revenues in the BCs' accounts – including both the same and all other accounts. If the net result is an overall revenue loss, the BC's commission amount is reduced below the level otherwise due under the simple formula based on quota and attainment levels. But even if the net result is positive, the negative component of the calculation reduces the amount of commissions that the sales rep would otherwise receive. In simple terms, all of the "churn" in an individual representative's portfolio of assigned accounts reduces her commissions as the losses due to churn are charged back against the representative.

The central claim here is that some of the churn charged back against the BCs is not the result of their failure to properly manage the customer accounts assigned to them, but rather results from the failure of the SEs to sell or open customer accounts that customers will pay for on an initial or continuing basis. While SEs bear the churn loss in their commissions for loss of customer revenues during the initial account period before responsibility for the account is transferred to

---

[1] The two main types of multipliers are the "Accelerator/Decelerator %," which essentially just amplifies the degree to which the sales rep exceeds or falls short of the monthly quota; and the "Churn Multiplier," which likewise amplifies the adverse effects of loss of business revenues.

California Labor and Workforce
Development Agency
     Re: Employer:     Zillow Group, Inc.
     Re: Employee:    Nicole Correa
February 19, 2019
Page 3

---

BCs, losses after the transfer are charged against the BC -- even if the BC is not personally responsible for the loss and even if the BC could do nothing to prevent it (such as in the case of accounts that never pay, credit card charges that are denied due to customer credit problems, or business failures). In addition, even losses due to SE failures or customer problems occurring before the account is transferred, but not processed into the compensation system until after the transfer occurs, are charged back to the BC when the SE who made the initial sale has left the position.

SEs likewise have many "churn" factors applied against them which are beyond their control, and therefore illegal.

Zillow admits that the rationale and mechanisms of its current commission plan (November 2016) states that the "Plan components [including chargebacks] are an incentive for effectively managing the book of business." In the case of BCs, this would include all of the accounts transferred to them from SEs.

## Legal Analysis

It is legal for a commission agreement to make the payment of a commission contingent on events that occur after a sale. A commission agreement may not, however, make deductions from an employee's commissions that are not directly attributable to the employee. *Sciborski v. Pacific Bell Directory,* 205 Cal.App.4th 1152, 1168 (2012) ("[w]here a deduction is unpredictable, and is taken without regard to whether the losses were due to factors beyond the employee's control, an employer cannot avoid a finding that its [sales commission policy] is unlawful simply by asserting that the deduction is just a step in its calculation of commission income"); *Hudgins v. Neiman Marcus Group, Inc.,* 34 Cal.App.4th 1109 (1995).

Importantly, employees who are paid on a commission basis are entitled to be paid minimum wage for all hours worked, and an employer may not require an employee to repay advances or earned commissions. Cal. Code Regs., tit. 8, § 11040, subd. (4)(B) ("Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise."); Cal. Code Regs., tit. 8, § 11070, subd. (4)(B).

There are documented occasions, like in *Sciborski,* on which BCs complained to sales managers about chargebacks for losses that were not their "fault." In those cases, the managers said that either they, following Zillow policy, or the "comp team," would not reverse the

California Labor and Workforce
Development Agency
      Re:  Employer:     Zillow Group, Inc.
      Re:  Employee:    Nicole Correa
February 19, 2019
Page 4

---

chargebacks.  These chargebacks can be thousands of dollars per month and has led to some employees falling under minimum wage for certain periods of time.

### Unlawful Commission Chargeback

Zillow created an unlawful commission chargeback scheme.  Labor Code § 221 makes it unlawful for an employer to "collect or receive from an employee any part of wages therefore paid" to the employee.  In addition, where the chargeback occurs for reasons beyond the control of the sales employee, as here, Section 8 of the Wage Orders and the *Kerr's Catering* line of cases[2] hold that the chargeback constitutes an "unlawful deduction" from the employee's wage not attributable to the employee's willful misconduct.

Labor Code § 2802 provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."  Defendant is liable for the costs of these expenditures (deductions and chargebacks) plus interest, and attorneys' fees.

Defendant is liable for civil penalties pursuant to 2698 as follows:

(1)     For any initial violation, $100.00 for Plaintiff for each pay period during which the Plaintiff was not paid for all necessary expenditures; and

(2)     For each subsequent violation, $200.00 for each Plaintiff for each pay period during which the Plaintiff was not paid for all necessary expenditures.

### Unlawful Failure to Pay Wages Due

Defendant has violated California Labor Code §§ 203, 204, 512, 1187, 1196, and 1198. Labor Code § 203 establishes the fundamental right of employees in the State of California to be paid wages in a timely fashion for their work.  Labor Code § 1187 makes it unlawful to pay employees less than the wage set by the IWC.  Labor Code § 1198 makes it unlawful to employ persons under conditions prohibited by the applicable IWC Wage Orders.  Under Section 4 of IWC Wage Orders 4-2001, 7-2001, 4-2000, 7-2000, 7-1998 and 4-1998, salespersons must be paid at least a minimum wage for each hour worked.

---

[2] *Kerr's Catering Service v. Dep't of Industrial Relations*, 57 Cal. 2d 319, 329 (1962); *Hudgins v. Neiman Marcus Group, Inc.*, 34 Cal.App.4th 1109, 1118 (1995); *Quillian v. Lion Oil Co.*, 96 Cal.App.3d 156, 162-63 (1979) (citing *Kerr's Catering* for the principle that the Labor Code itself bars unexpected deductions for losses not the result of an employee's willful misconduct).

California Labor and Workforce
Development Agency
      Re:  Employer:     Zillow Group, Inc.
      Re:  Employee:    Nicole Correa
February 19, 2019
Page 5
_____

      Thus, under California law, a commissioned inside salesperson is exempt from overtime only if (1) the earnings exceed 1.5 times the state minimum wage; and (2) at least 50 percent of the employee's total compensation is from commissions. *Peabody v. Time Warner Cable, Inc.*, 59 Cal.4th 662 (2014).

      Here, Defendant's chargeback policy required the salespersons to perform certain work without any compensation whatsoever – i.e., during those pay periods in which the chargeback results in either less than 1.5 times the state minimum wage, or less than 50 percent of the total compensation coming from commissions.

      Moreover, Zillow did not calculate the overtime wages properly when it did pay.  Overtime is based on the "regular rate" of pay, which includes a number of different kinds of remuneration such as hourly earnings, non-discretionary bonuses, and commissions.  Here, Zillow multiplied the **hourly** (not regular) rate by 1.5.  So, for example, from 1/29/2017 – 2/02/17, Ms. Correa worked 2 overtime hours.  Zillow utilized a rate of $36.06 (1.5 x $23.5 hourly rate).  The overtime rate did not include her commission wages.  This is a uniform and illegal policy that applies to all of Zillow's employees.

Zillow, Inc.   1301 2nd Avenue 31st Floor Seattle, WA 98101   +1 (206) 470-7000

Nicole Correa   445 W 34th St San Bernardino, CA 92405

If you believe that any of the information on this wage statement is incorrect, you have the right to report this to your employer. If you believe you were not paid correctly, you may report wage violations to the Washington or California state agencies, 1-866-219-7321 and 1-415-703-5300, respectively, or the US Department of Labor at 1-866-4-USWAGE (1-866-487-9243).

| Name | Company | Employee ID | Exemption Status | Pay Period Begin | Pay Period End | Check Date | Custom Check Number |
|------|---------|-------------|------------------|------------------|----------------|------------|---------------------|
| Nicole Correa | Zillow, Inc. | 209071 | Non-Exempt | 01/26/2017 | 02/09/2017 | 02/15/2017 | |

| | | Gross Pay | Pre Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|---|
| Current | | 2,175.62 | 139.62 | 330.31 | 43.52 | 1,653.17 |
| YTD | | 12,545.90 | 668.66 | 3,240.95 | 299.45 | 8,399.84 |

| Earnings | | | | | | Employee Taxes | | |
|----------|---|---|---|---|---|----------------|---|---|
| Description | Dates | Hours | Rate | Amount | YTD | Description | Amount | YTD |
| Commission | | | 0 | | 6,034.09 | OASDI | 133.84 | 774.68 |
| GTL Imputed | 01/26/2017 - 02/09/2017 | 0 | 0 | 9.63 | 11.49 | Medicare | 31.30 | 181.17 |
| Holiday Pay | | | 0 | | 576.99 | Federal Withholding | 107.18 | 1,784.70 |
| Regular Hourly Rate | 01/26/2017 - 01/28/2017 | 23.5 | 24.04 | 564.94 | | State Tax - CA | 17.43 | 413.43 |
| Regular Hourly Rate | 01/29/2017 - 02/04/2017 | 40 | 24.04 | 861.60 | | CA SDI - CASDI | 19.56 | 112.91 |
| Regular Hourly Rate | 02/05/2017 - 02/09/2017 | 23 | 24.04 | 552.92 | 5,156.50 | | | |
| Meal Break | 01/26/2017 - 02/09/2017 | 1 | 24.04 | 24.04 | 48.08 | | | |
| Overtime | 01/29/2017 - 02/04/2017 | 2 | 36.06 | 72.12 | 270.49 | | | |
| SPIFF Pay | | | 0 | | 26.00 | | | |
| Sick Pay | | | 0 | | 384.64 | | | |
| Earnings | | | | 2,175.45 | 12,557.29 | Employee Taxes | 330.31 | 3,246.95 |

California Labor and Workforce
Development Agency
    Re:  Employer:    Zillow Group, Inc.
    Re:  Employee:    Nicole Correa
February 19, 2019
Page 6

---

If you believe that any of the information on this wage statement is incorrect, you have the right to report this to your employer. If you believe you were not paid correctly, you may report wage violations to the Washington or California state agencies, 1-866-219-7321 and 1-415-703-5300, respectively, or the US Department of Labor at 1-866-4-USWAGE (1-866-487-9243).

| Name | Company | Employee ID | Exemption Status | Pay Period Begin | Pay Period End | Check Date | Custom Check Number |
|---|---|---|---|---|---|---|---|
| Ollie Correa | Zillow, Inc. | 208071 | Non-Exempt | 11/03/2018 | 11/24/2018 | 11/03/2018 | |

| | Gross Pay | Pre Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 3,671.91 | 292.32 | 168.52 | 116.16 | 3,339.91 |
| YTD | 159,619.97 | 9,127.47 | 32,166.82 | 6,000.22 | 112,325.56 |

| Earnings | | | | | | Employee Taxes | | |
|---|---|---|---|---|---|---|---|---|
| Description | Dates | Hours | Rate | Amount | YTD | Description | Amount | YTD |
| AwardCo | | | 0 | | 463.84 | OASDI | 0.00 | 7,960.80 |
| Commission | 10/07/2018 - 11/03/2018 | 0 | 0 | 3,040.09 | 94,897.97 | Medicare | 63.14 | 2,332.27 |
| Double Time | 10/20/2018 - 11/03/2018 | 8 | 0 | 203.22 | | Federal Withholding | 0.00 | 12,330.57 |
| Double Time | 10/20/2018 - 11/03/2018 | 8 | 0 | -177.72 | | State Tax - CA | 130.38 | 8,303.61 |
| FLSA Retro OT | | | 0 | | 38.09 | CA SDI - CASDI | 0.00 | 1,149.67 |
| GTL Imputed | | | 0 | | 177.33 | | | |
| Gift Card | | | 0 | | 680.00 | | | |
| Holiday Pay | | | 0 | | 1,401.21 | | | |
| Regular Hourly Rate | | | 0 | | 45,828.70 | | | |
| Meal Break | | | 0 | | 1,212.01 | | | |
| Morale Events | | | 0 | | 182.99 | | | |
| Overtime | 10/14/2018 - 10/20/2018 | 0.033333 | 0 | 2.19 | | | | |
| Overtime | 10/14/2018 - 10/20/2018 | 0.033333 | 0 | -1.94 | | | | |
| Overtime | 10/21/2018 - 10/27/2018 | 0.5 | 0 | 12.97 | | | | |
| Overtime | 10/21/2018 - 10/27/2018 | 0.5 | 0 | -7.41 | | | | |
| Overtime | 10/21/2018 - 10/27/2018 | 0.5 | 0 | 12.97 | | | | |
| Overtime | 10/21/2018 - 10/27/2018 | 0.5 | 0 | -7.41 | | | | |
| Overtime | 10/20/2018 - 11/03/2018 | 10 | 0 | 394.63 | | | | |
| Overtime | 10/20/2018 - 11/03/2018 | 10 | 0 | -263.58 | | | | |
| PTO | | | 0 | | 4,147.28 | | | |
| Restricted Stock | | | 0 | | 512.44 | | | |
| SPIFF Pay | | | 0 | | 50.00 | | | |
| Sick Pay | | | 0 | | 2,213.70 | | | |
| Worked Holiday | | | 0 | | 362.88 | | | |
| Earnings | | | | 3,671.91 | 152,166.38 | Employee Taxes | 168.52 | 32,166.82 |

If you believe that any of the information on this wage statement is incorrect, you have the right to report this to your employer. If you believe you were not paid correctly, you may report wage violations to the Washington or California state agencies, 1-866-219-7321 and 1-415-703-5300, respectively, or the US Department of Labor at 1-866-4-USWAGE (1-866-487-9243).

| Name | Company | Employee ID | Exemption Status | Pay Period Begin | Pay Period End | Check Date | Custom Check Number |
|---|---|---|---|---|---|---|---|
| Ollie Correa | Zillow, Inc. | 208071 | Non-Exempt | 11/03/2018 | 11/24/2018 | 11/03/2018 | |

| | Gross Pay | Pre Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 3,671.91 | 292.32 | 168.52 | 116.16 | 3,339.91 |
| YTD | 159,619.97 | 9,127.47 | 32,166.82 | 6,000.22 | 112,325.56 |

| Earnings | | | | | | Employee Taxes | | |
|---|---|---|---|---|---|---|---|---|
| Description | Dates | Hours | Rate | Amount | YTD | Description | Amount | YTD |
| AwardCo | | | 0 | | 463.84 | OASDI | 0.00 | 7,960.80 |
| Commission | 10/07/2018 - 11/03/2018 | 0 | 0 | 3,040.09 | 94,897.97 | Medicare | 63.14 | 2,332.27 |
| Double Time | 10/20/2018 - 11/03/2018 | 8 | 0 | 203.22 | | Federal Withholding | 0.00 | 12,330.57 |
| Double Time | 10/20/2018 - 11/03/2018 | 8 | 0 | -177.72 | | State Tax - CA | 130.38 | 8,303.61 |
| FLSA Retro OT | | | 0 | | 38.09 | CA SDI - CASDI | 0.00 | 1,149.67 |
| GTL Imputed | | | 0 | | 177.33 | | | |
| Gift Card | | | 0 | | 680.00 | | | |
| Holiday Pay | | | 0 | | 1,401.21 | | | |
| Regular Hourly Rate | | | 0 | | 45,828.70 | | | |
| Meal Break | | | 0 | | 1,212.01 | | | |
| Morale Events | | | 0 | | 182.99 | | | |
| Overtime | 10/14/2018 - 10/20/2018 | 0.033333 | 0 | 2.19 | | | | |
| Overtime | 10/14/2018 - 10/20/2018 | 0.033333 | 0 | -1.94 | | | | |
| Overtime | 10/21/2018 - 10/27/2018 | 0.5 | 0 | 12.97 | | | | |
| Overtime | 10/21/2018 - 10/27/2018 | 0.5 | 0 | -7.41 | | | | |
| Overtime | 10/21/2018 - 10/27/2018 | 0.5 | 0 | 12.97 | | | | |
| Overtime | 10/21/2018 - 10/27/2018 | 0.5 | 0 | -7.41 | | | | |
| Overtime | 10/20/2018 - 11/03/2018 | 10 | 0 | 394.63 | | | | |
| Overtime | 10/20/2018 - 11/03/2018 | 10 | 0 | -263.58 | | | | |
| PTO | | | 0 | | 4,147.28 | | | |
| Restricted Stock | | | 0 | | 512.44 | | | |
| SPIFF Pay | | | 0 | | 50.00 | | | |
| Sick Pay | | | 0 | | 2,213.70 | | | |
| Worked Holiday | | | 0 | | 362.88 | | | |
| Earnings | | | | 3,671.91 | 152,166.38 | Employee Taxes | 168.52 | 32,166.82 |

California Labor and Workforce
Development Agency
      Re: Employer:     Zillow Group, Inc.
      Re: Employee:    Nicole Correa
February 19, 2019
Page 7

Thus, Zillow has violated both minimum wage and overtime regulations.

### Failure to Furnish Wage Statements

Labor Code § 226(a) requires employers to furnish each employee with a statement that accurately reflects gross wages earned, the total number of hours worked, and the net wages earned. Labor Code § 226(b) provides that if an employer fails to provide a statement itemizing, *inter alia*, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or $50.00 for the initial violation and $100.00 for each subsequent violation, up to $4,000.00.

Defendant, due to the unlawful chargebacks and deductions (as well as its use of the improper overtime rate), intentionally failed to furnish and continues to intentionally fail to furnish each class member with timely, itemized statements that *accurately* reflect the gross wages earned, the total number of hours worked, and the net wages earned as required. Defendant is additionally liable for civil penalties pursuant to Labor Code §§ 226.3 and 2698 in the amount of $250.00 for each class member per initial violation and $1,000.00 for each class member per subsequent violation.

### Waiting Time Penalties

Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to the employee immediately upon discharge. Labor Code § 202 requires an employer to promptly pay compensation due and owing within 72 hours of that employee's termination of employment by resignation or otherwise. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, then the employer is liable for waiting time penalties in the form of continued compensation up to 30 workdays.

Defendant failed and refused, and continues to willfully fail and refuse, to timely pay compensation and wages, including pay for the unlawful deductions and chargebacks to plaintiffs, other "aggrieved" employees, and class members whose employment terminated as required. As a result, Defendant is liable for waiting time penalties, together with interest and attorneys' fees and costs under California Labor Code § 203.

### Failure to Keep Required Payroll Records

Defendant has violated California Labor Code §§ 226 and 1174 by willfully failing to keep required payroll and paystub records showing the actual (read: "accurate") compensation earned, total deductions taken, the hours worked on a daily basis by the class members. Defendant is,

California Labor and Workforce
Development Agency
      Re: Employer:     Zillow Group, Inc.
      Re: Employee:    Nicole Correa
February 19, 2019
Page 8

---

therefore, liable for civil and statutory penalties pursuant to California Labor Code §§ 226, 1174.5 and 2698 in the amount of $100/200/500.00 per violation.

## <u>Conclusion</u>

      Defendant is in direct violation of numerous California wage and hour laws.  We provide notice under the Labor Code Private Attorney's General Act of 2004 and specifically ask for an investigation; or if the agency does not intend to investigate the alleged violations, a letter confirming the same so that we may file a complaint against Defendant for the violations discussed in this letter.

      This letter is also notice and an attempt to settle this matter under C.C.P. § 1021.5, the Private Attorney General Doctrine.  California courts recognize that plaintiff's attorneys can recover their fees when it is shown that plaintiff's lawsuit was a "catalyst" for the defendant to modify its behavior.  *Tipton-Whittingham v. City of Los Angeles*, 316 F.3d 1058 (C.D. Cal. 2003); *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553 (2004).

      Should you require anything further or have additional questions, please do not hesitate to contact me.

      Very truly yours,

      Aashish Y. Desai
      DESAI LAW FIRM, P.C.

AYD:sn
Enclosures

Cc:    Zillow Group, Inc.
      1301 Second Ave., FL 31
      Seattle, WA 98101

      Agent for SOP:  C T Corporation System

      C T Corporation System
      818 West Seventh Street, Suite 930
      Los Angeles, CA 90017

# EXHIBIT A

Zillow, Inc.   1301 2nd Avenue 31st Floor Seattle, WA 98101   +1 (206) 4707000
Otilia Correa   445 W 34th St San Bernardino, CA 92405

If you believe that any of the information on this wage statement is incorrect, you have the right to report this to your employer. If you believe you were not paid correctly, you may report wage violations to the Washington or California state agencies, 1-866-219-7321 and 1-415-703-5300, respectively, or the US Department of Labor at 1-866-4-USWAGE (1-866-487-9243).

| Name | Company | Employee ID | Exemption Status | Pay Period Begin | Pay Period End | Check Date | Custom Check Number |
|---|---|---|---|---|---|---|---|
| Otilia Correa | Zillow, Inc. | 206071 | Non-Exempt | 01/25/2017 | 02/08/2017 | 02/15/2017 | |

| | Gross Pay | Pre Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 2,175.62 | 129.62 | 399.31 | 43.52 | 1,603.17 |
| YTD | 12,545.80 | 688.56 | 3,246.95 | 250.45 | 8,359.84 |

## Earnings

| Description | Dates | Hours | Rate | Amount | YTD |
|---|---|---|---|---|---|
| Commission | | | 0 | | 6,084.08 |
| GTL Imputed | 01/25/2017 - 02/08/2017 | 0 | 0 | 3.83 | 11.49 |
| Holiday Pay | | | 0 | | 576.96 |
| Regular Hourly Rate | 01/25/2017 - 01/28/2017 | 23.5 | 24.04 | 564.94 | |
| Regular Hourly Rate | 01/29/2017 - 02/04/2017 | 40 | 24.04 | 961.60 | |
| Regular Hourly Rate | 02/05/2017 - 02/08/2017 | 23 | 24.04 | 552.92 | 5,156.58 |
| Meal Break | 01/25/2017 - 02/08/2017 | 1 | 24.04 | 24.04 | 48.08 |
| Overtime | 01/29/2017 - 02/04/2017 | 2 | 36.06 | 72.12 | 270.46 |
| SPIFF Pay | | | 0 | | 25.00 |
| Sick Pay | | | 0 | | 384.64 |
| Earnings | | | | 2,179.45 | 12,557.29 |

## Employee Taxes

| Description | Amount | YTD |
|---|---|---|
| OASDI | 133.84 | 774.68 |
| Medicare | 31.30 | 181.17 |
| Federal Withholding | 197.16 | 1,764.76 |
| State Tax - CA | 17.43 | 413.43 |
| CA SDI - CASDI | 19.58 | 112.91 |
| Employee Taxes | 399.31 | 3,246.95 |

## Pre Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| 401K Plan | 108.79 | 626.07 |
| HSA EE | 20.83 | 62.49 |
| Pre Tax Deductions | 129.62 | 688.56 |

## Post Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| Roth 401K Post | 43.52 | 250.45 |
| Post Tax Deductions | 43.52 | 250.45 |

## Employer Paid Benefits

| Description | Amount | YTD |
|---|---|---|
| 401(k) Match | 67.03 | 500.86 |
| HSA ER | 0.00 | 500.00 |
| Employer Paid Benefits | 67.03 | 1,000.86 |

## Taxable Wages

| Description | Amount | YTD |
|---|---|---|
| OASDI - Taxable Wages | 2,158.62 | 12,494.80 |
| Medicare - Taxable Wages | 2,158.62 | 12,494.80 |
| Federal Withholding - Taxable Wages | 2,049.83 | 11,868.73 |

| | Federal | State |
|---|---|---|
| | 0 | |
| Marital Status | Single | Head of Household |
| Allowances | 3 | 3 |
| Additional Withholding | | 0 |

## Absence Plans

| Description | Forfeited | Accrued | Reduced | Available |
|---|---|---|---|---|
| Zillow Group PTO Plan | 0 | 5.04 | 0 | 40.32 |
| Zillow Group Sick Plan | 0 | 3.05 | 0 | 6.04 |

## Payment Information

| Bank | Account Name | Account Number | USD Amount | Amount | |
|---|---|---|---|---|---|
| Chase | Chase | ******8738 | | 1,603.17 | USD |

Zillow, Inc.   1301 2nd Avenue 31st Floor Seattle, WA 98101   +1 (206) 4707000
Otilia Correa   445 W 34th St San Bernardino, CA 92405

If you believe that any of the information on this wage statement is incorrect, you have the right to report this to your employer. If you believe you were not paid correctly, you may report wage violations to the Washington or California state agencies, 1-866-219-7321 and 1-415-703-5300, respectively, or the US Department of Labor at 1-866-4-USWAGE (1-866-487-9243).

| Name | Company | Employee ID | Exemption Status | Pay Period Begin | Pay Period End | Check Date | Custom Check Number |
|---|---|---|---|---|---|---|---|
| Otilia Correa | Zillow, Inc. | 206071 | Non-Exempt | 11/09/2018 | 11/24/2018 | 11/30/2018 | |

| | Gross Pay | Pre Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 3,871.91 | 232.32 | 186.52 | 116.16 | 3,336.91 |
| YTD | 159,619.97 | 9,127.47 | 32,166.92 | 6,000.32 | 112,325.26 |

### Earnings

| Description | Dates | Hours | Rate | Amount | YTD |
|---|---|---|---|---|---|
| AwardCo | | | 0 | | 483.84 |
| Commission | 10/07/2018 - 11/03/2018 | 0 | 0 | 3,846.09 | 94,697.97 |
| Double Time | 10/28/2018 - 11/03/2018 | 6 | 0 | 263.22 | 12,330.57 |
| Double Time | 10/28/2018 - 11/03/2018 | 6 | 0 | -177.72 | |
| FLSA Retro OT | | | 0 | | 38.09 |
| GTL Imputed | | | 0 | | 177.33 |
| Gift Card | | | 0 | | 880.00 |
| Holiday Pay | | | 0 | | 1,401.21 |
| Regular Hourly Rate | | | 0 | | 45,826.70 |
| Meal Break | | | 0 | | 1,212.01 |
| Morale Events | | | 0 | | 162.93 |
| Overtime | 10/14/2018 - 10/20/2018 | 0.083333 | 0 | 2.19 | |
| Overtime | 10/14/2018 - 10/20/2018 | 0.083333 | 0 | -1.24 | |
| Overtime | 10/21/2018 - 10/27/2018 | 0.5 | 0 | 12.97 | |
| Overtime | 10/21/2018 - 10/27/2018 | 0.5 | 0 | -7.41 | |
| Overtime | 10/21/2018 - 10/27/2018 | 0.5 | 0 | 12.97 | |
| Overtime | 10/21/2018 - 10/27/2018 | 0.5 | 0 | -7.41 | |
| Overtime | 10/28/2018 - 11/03/2018 | 18 | 0 | 394.83 | |
| Overtime | 10/28/2018 - 11/03/2018 | 18 | 0 | -266.58 | |
| PTO | | | 0 | | 4,147.26 |
| Restricted Stock | | | 0 | | 512.44 |
| SPIFF Pay | | | 0 | | 50.00 |
| Sick Pay | | | 0 | | 2,213.70 |
| Worked Holiday | | | 0 | | 362.88 |
| Earnings | | | | 3,871.91 | 152,166.38 |

### Employee Taxes

| Description | Amount | YTD |
|---|---|---|
| OASDI | 0.00 | 7,960.80 |
| Medicare | 56.14 | 2,332.27 |
| Federal Withholding | 0.00 | 12,330.57 |
| State Tax - CA | 130.38 | 8,393.61 |
| CA SDI - CASDI | 0.00 | 1,149.67 |
| Employee Taxes | 186.52 | 32,166.92 |

### Pre Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| 401K Plan | 232.32 | 8,812.47 |
| Med 125 | | 315.00 |
| Pre Tax Deductions | 232.32 | 9,127.47 |

### Post Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| 401K Loan (Loan 1) | | 1,213.80 |
| 401K Loan (Loan 2) | | 432.60 |
| RSU | | 313.00 |
| Roth 401K Post | 116.16 | 4,040.72 |
| Post Tax Deductions | 116.16 | 6,000.32 |

### Employer Paid Benefits

| Description | Amount | YTD |
|---|---|---|
| 401(k) Match | 154.88 | 6,362.47 |
| Employer Paid Benefits | 154.88 | 6,362.47 |

### Taxable Wages

| Description | Amount | YTD |
|---|---|---|
| OASDI - Taxable Wages | 0.00 | 128,400.00 |
| Medicare - Taxable Wages | 3,871.91 | 160,846.14 |
| Federal Withholding - Taxable Wages | 3,639.59 | 152,033.67 |

| | Federal | State |
|---|---|---|
| Marital Status | Single | Head of Household |
| Allowances | 0 | 3 |
| Additional Withholding | 0 | 0 |

### Absence Plans

| Description | Forfeited | Accrued | Reduced | Available |
|---|---|---|---|---|
| Zillow Group PTO Plan | 0 | 6 | 12 | 1.28 |
| Zillow Group Sick Plan | 0 | 1.81 | 0 | 6.51 |

### Payment Information

| Bank | Account Name | Account Number | USD Amount | Amount | |
|---|---|---|---|---|---|
| Chase | Chase | *****8738 | | 3,270.17 | USD |
| Arrowhead Credit Union | Credit Union | *****3758 | | 66.74 | USD |

Zillow, Inc.   1301 2nd Avenue 31st Floor Seattle, WA 98101   +1 (206) 4707000

Otilia Correa   445 W 34th St San Bernardino, CA 92405

If you believe that any of the information on this wage statement is incorrect, you have the right to report this to your employer. If you believe you were not paid correctly, you may report wage violations to the Washington or California state agencies, 1-866-219-7321 and 1-415-703-5300, respectively, or the US Department of Labor at 1-866-4-USWAGE (1-866-487-9243).

| Name | Company | Employee ID | Exemption Status | Pay Period Begin | Pay Period End | Check Date | Custom Check Number |
|---|---|---|---|---|---|---|---|
| Otilia Correa | Zillow, Inc. | 208071 | Non-Exempt | 01/09/2019 | 01/24/2019 | 01/31/2019 | |

| | Gross Pay | Pre Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 4,275.04 | 299.26 | 1,198.65 | 171.01 | 2,606.12 |
| YTD | 6,809.08 | 498.65 | 1,819.50 | 508.88 | 3,982.03 |

### Earnings

| Description | Dates | Hours | Rate | Amount | YTD |
|---|---|---|---|---|---|
| Commission | 12/02/2018 - 12/29/2018 | 0 | 0 | | 4,067.78 |
| DP Imputed | | | 0 | | 213.00 |
| DP Imputed Dental/Vision | | | 0 | | 21.16 |
| Double Time | 12/02/2018 - 12/08/2018 | 3.5 | 0 | 193.80 | |
| Double Time | 12/02/2018 - 12/08/2018 | 3.5 | 0 | -103.67 | |
| GTL Imputed | | | 0 | | 8.51 |
| Holiday Pay | | | 0 | | 710.96 |
| Regular Hourly Rate | | | 0 | | 1,049.15 |
| Overtime | 12/02/2018 - 12/08/2018 | 5.5 | 0 | 152.27 | |
| Overtime | 12/02/2018 - 12/08/2018 | 5.5 | 0 | -81.46 | |
| Overtime | 12/09/2018 - 12/15/2018 | 1.75 | 0 | 48.50 | |
| Overtime | 12/09/2018 - 12/15/2018 | 1.75 | 0 | -25.92 | |
| Overtime | 12/16/2018 - 12/22/2018 | 0.866666 | 0 | 16.21 | |
| Overtime | 12/16/2018 - 12/22/2018 | 0.666666 | 0 | -9.88 | |
| Overtime | 12/23/2018 - 12/29/2018 | 0.25 | 0 | -3.71 | |
| Overtime | 12/23/2018 - 12/29/2018 | 0.25 | 0 | 19.12 | |
| PTO | | | 0 | | 533.22 |
| Sick Pay | | | 0 | | 177.74 |
| Earnings | | | | 4,275.04 | 6,781.52 |

### Employee Taxes

| Description | Amount | YTD |
|---|---|---|
| OASDI | 265.05 | 435.84 |
| Medicare | 61.99 | 101.93 |
| Federal Withholding | 673.46 | 1,033.07 |
| State Tax - CA | 155.40 | 180.79 |
| CA SDI - CASDI | 42.75 | 67.87 |
| Employee Taxes | 1,198.65 | 1,819.50 |

### Pre Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| 401K Plan | 299.26 | 476.65 |
| Med 125 | | 22.00 |
| Pre Tax Deductions | 299.26 | 498.65 |

### Post Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| 401K Loan (Loan 1) | | 57.80 |
| 401K Loan (Loan 2) | | 108.20 |
| DP Dental | | 6.00 |
| DP Medical | | 53.00 |
| DP Vision | | 0.50 |
| Roth 401K Post | 171.01 | 272.38 |
| Voluntary Life | | 11.00 |
| Post Tax Deductions | 171.01 | 508.88 |

### Employer Paid Benefits

| Description | Amount | YTD |
|---|---|---|
| 401(k) Match | 171.01 | 272.38 |
| Employer Paid Benefits | 171.01 | 272.38 |

### Taxable Wages

| Description | Amount | YTD |
|---|---|---|
| OASDI - Taxable Wages | 4,275.04 | 7,029.73 |
| Medicare - Taxable Wages | 4,275.04 | 7,029.73 |
| Federal Withholding - Taxable Wages | 3,975.78 | 6,553.08 |

| | Federal 0 | State |
|---|---|---|
| Marital Status | Single | Head of Household |
| Allowances | 0 | 3 |
| Additional Withholding | | 0 |

### Absence Plans

| Description | Forfeited | Accrued | Reduced | Available |
|---|---|---|---|---|
| Zillow Group PTO Plan | 0 | 6 | 8 | -2.72 |
| Zillow Group Sick Plan | 0 | 2.8 | 0 | 4.1 |

### Payment Information

| Bank | Account Name | Account Number | USD Amount | Amount |
|---|---|---|---|---|
| Wells Fargo | Wells Fargo | ******9134 | | 1,000.00 USD |
| Arrowhead Credit Union | Credit Union | ******3758 | | 100.00 USD |
| Chase | Chase | ******8738 | | 1,506.12 USD |

Begin forwarded message:

**From:** LWDA DO NOT REPLY <lwdadonotreply@dir.ca.gov>
**Subject: Thank you for submission of your PAGA Case.**
**Date:** February 19, 2019 at 5:29:10 PM PST
**To:** "aashish@desai-law.com" <aashish@desai-law.com>

2/19/2019

LWDA Case No. LWDA-CM-668111-19

Item submitted: Initial PAGA Notice

Thank you for your submission to the Labor and Workforce Development Agency. Please make a note of the LWDA Case No. above as you may need this number for future reference when filing any subsequent documents for this Case.

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of

Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm

# EXHIBIT B

Zillow, Inc.  1301 2nd Avenue 31st Floor Seattle, WA 98101  +1 (206) 4707000

Ollia Correa  445 W 34th St San Bernardino, CA 92405

If you believe that any of the information on this wage statement is incorrect, you have the right to report this to your employer. If you believe you were not paid correctly, you may report wage violations to the Washington or California state agencies, 1-866-219-7321 and 1-415-703-5300, respectively, or the US Department of Labor at 1-866-4-USWAGE (1-866-487-9243).

| Name | Company | Employee ID | Exemption Status | Pay Period Begin | Pay Period End | Check Date | Custom Check Number |
|------|---------|-------------|------------------|------------------|----------------|------------|---------------------|
| Ollia Correa | Zillow, Inc. | 206071 | Non-Exempt | 01/25/2017 | 02/08/2017 | 02/15/2017 | |

| | Gross Pay | Pre Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|--|-----------|--------------------|-----------------|---------------------|---------|
| Current | 2,175.62 | 129.62 | 399.31 | 43.52 | 1,603.17 |
| YTD | 12,545.80 | 688.56 | 3,246.95 | 250.45 | 8,359.84 |

| Earnings | | | | | | Employee Taxes | | |
|----------|--|--|--|--|--|-----------------|--|--|
| Description | Dates | Hours | Rate | Amount | YTD | Description | Amount | YTD |
| Commission | | | 0 | | 6,084.06 | OASDI | 133.84 | 774.68 |
| GTL Imputed | 01/25/2017 - 02/08/2017 | 0 | 0 | 3.83 | 11.49 | Medicare | 31.30 | 181.17 |
| Holiday Pay | | | 0 | | 576.96 | Federal Withholding | 197.16 | 1,764.76 |
| Regular Hourly Rate | 01/25/2017 - 01/28/2017 | 23.5 | 24.04 | 564.94 | | State Tax - CA | 17.43 | 413.43 |
| Regular Hourly Rate | 01/29/2017 - 02/04/2017 | 40 | 24.04 | 961.60 | | CA SDI - CASDI | 19.58 | 112.91 |
| Regular Hourly Rate | 02/05/2017 - 02/08/2017 | 23 | 24.04 | 552.92 | 5,156.58 | | | |
| Meal Break | 01/25/2017 - 02/08/2017 | 1 | 24.04 | 24.04 | 48.08 | | | |
| Overtime | 01/29/2017 - 02/04/2017 | 2 | 36.06 | 72.12 | 270.46 | | | |
| SPIFF Pay | | | 0 | | 25.00 | | | |
| Sick Pay | | | 0 | | 384.64 | | | |
| Earnings | | | | 2,179.45 | 12,557.29 | Employee Taxes | 399.31 | 3,246.95 |

| Pre Tax Deductions | | | Post Tax Deductions | | |
|--------------------|--|--|---------------------|--|--|
| Description | Amount | YTD | Description | Amount | YTD |
| 401K Plan | 108.79 | 626.07 | Roth 401K Post | 43.52 | 250.45 |
| HSA EE | 20.83 | 62.49 | | | |
| Pre Tax Deductions | 129.62 | 688.56 | Post Tax Deductions | 43.52 | 250.45 |

| Employer Paid Benefits | | | Taxable Wages | | |
|------------------------|--|--|---------------|--|--|
| Description | Amount | YTD | Description | Amount | YTD |
| 401(k) Match | 87.03 | 500.86 | OASDI - Taxable Wages | 2,158.62 | 12,494.80 |
| HSA ER | 0.00 | 500.00 | Medicare - Taxable Wages | 2,158.62 | 12,494.80 |
| | | | Federal Withholding - Taxable Wages | 2,049.83 | 11,868.73 |
| Employer Paid Benefits | 87.03 | 1,000.86 | | | |

| | Federal | State | Absence Plans | | | | |
|--|---------|-------|---------------|--|--|--|--|
| | 0 | | Description | Forfeited | Accrued | Reduced | Available |
| Marital Status | Single | Head of Household | Zillow Group PTO Plan | 0 | 5.04 | 0 | 40.32 |
| Allowances | 3 | 3 | Zillow Group Sick Plan | 0 | 3.05 | 0 | 6.04 |
| Additional Withholding | | 0 | | | | | |

| Payment Information | | | | |
|---------------------|--|--|--|--|
| Bank | Account Name | Account Number | USD Amount | Amount |
| Chase | Chase | ******8738 | | 1,603.17  USD |

Zillow, Inc.   1301 2nd Avenue 31st Floor Seattle, WA 98101   +1 (208) 4707000

**Otilia Correa   445 W 34th St San Bernardino, CA 92405**

If you believe that any of the information on this wage statement is incorrect, you have the right to report this to your employer. If you believe you were not paid correctly, you may report wage violations to the Washington or California state agencies, 1-866-219-7321 and 1-415-703-5300, respectively, or the US Department of Labor at 1-866-4-USWAGE (1-866-487-9243).

| Name | Company | Employee ID | Exemption Status | Pay Period Begin | Pay Period End | Check Date | Custom Check Number |
|---|---|---|---|---|---|---|---|
| Otilia Correa | Zillow, Inc. | 206071 | Non-Exempt | 11/09/2018 | 11/24/2018 | 11/30/2018 | |

| | Gross Pay | Pre Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 3,871.91 | 232.32 | 186.52 | 116.16 | 3,336.91 |
| YTD | 159,619.97 | 9,127.47 | 32,166.92 | 6,000.32 | 112,325.26 |

## Earnings

| Description | Dates | Hours | Rate | Amount | YTD |
|---|---|---|---|---|---|
| AwardCo | | | 0 | | 483.84 |
| Commission | 10/07/2018 - 11/03/2018 | 0 | 0 | 3,848.09 | 94,697.97 |
| Double Time | 10/28/2018 - 11/03/2018 | 6 | 0 | 263.22 | |
| Double Time | 10/28/2018 - 11/03/2018 | 6 | 0 | -177.72 | |
| FLSA Retro OT | | | 0 | | 38.09 |
| GTL Imputed | | | 0 | | 177.33 |
| Gift Card | | | 0 | | 880.00 |
| Holiday Pay | | | 0 | | 1,401.21 |
| Regular Hourly Rate | | | 0 | | 45,826.70 |
| Meal Break | | | 0 | | 1,212.01 |
| Morale Events | | | 0 | | 162.93 |
| Overtime | 10/14/2018 - 10/20/2018 | 0.083333 | 0 | 2.19 | |
| Overtime | 10/14/2018 - 10/20/2018 | 0.083333 | 0 | -1.24 | |
| Overtime | 10/21/2018 - 10/27/2018 | 0.5 | 0 | 12.97 | |
| Overtime | 10/21/2018 - 10/27/2018 | 0.5 | 0 | -7.41 | |
| Overtime | 10/21/2018 - 10/27/2018 | 0.5 | 0 | 12.97 | |
| Overtime | 10/21/2018 - 10/27/2018 | 0.5 | 0 | -7.41 | |
| Overtime | 10/28/2018 - 11/03/2018 | 16 | 0 | 394.83 | |
| Overtime | 10/28/2018 - 11/03/2018 | 16 | 0 | -266.58 | |
| PTO | | | 0 | | 4,147.26 |
| Restricted Stock | | | 0 | | 512.44 |
| SPIFF Pay | | | 0 | | 50.00 |
| Sick Pay | | | 0 | | 2,213.70 |
| Worked Holiday | | | 0 | | 362.88 |
| **Earnings** | | | | 3,871.91 | 152,186.38 |

## Employee Taxes

| Description | Amount | YTD |
|---|---|---|
| OASDI | 0.00 | 7,960.80 |
| Medicare | 56.14 | 2,332.27 |
| Federal Withholding | 0.00 | 12,330.57 |
| State Tax - CA | 130.38 | 8,363.61 |
| CA SDI - CASDI | 0.00 | 1,149.67 |
| **Employee Taxes** | 186.52 | 32,166.92 |

## Pre Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| 401K Plan | 232.32 | 8,812.47 |
| Med 125 | | 315.00 |
| **Pre Tax Deductions** | 232.32 | 9,127.47 |

## Post Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| 401K Loan (Loan 1) | | 1,213.80 |
| 401K Loan (Loan 2) | | 432.80 |
| RSU | | 313.00 |
| Roth 401K Post | 116.16 | 4,040.72 |
| **Post Tax Deductions** | 116.16 | 6,000.32 |

## Employer Paid Benefits

| Description | Amount | YTD |
|---|---|---|
| 401(k) Match | 154.88 | 6,362.47 |
| **Employer Paid Benefits** | 154.88 | 6,362.47 |

## Taxable Wages

| Description | Amount | YTD |
|---|---|---|
| OASDI - Taxable Wages | 0.00 | 128,400.00 |
| Medicare - Taxable Wages | 3,871.91 | 160,846.14 |
| Federal Withholding - Taxable Wages | 3,839.59 | 152,033.57 |

| | Federal | State |
|---|---|---|
| Marital Status | Single | Head of Household |
| Allowances | 0 | 3 |
| Additional Withholding | 0 | 0 |

## Absence Plans

| Description | Forfeited | Accrued | Reduced | Available |
|---|---|---|---|---|
| Zillow Group PTO Plan | 0 | 6 | 12 | 1.28 |
| Zillow Group Sick Plan | 0 | 1.81 | 0 | 6.51 |

## Payment Information

| Bank | Account Name | Account Number | USD Amount | Amount |
|---|---|---|---|---|
| Chase | Chase | *****8738 | | 3,270.17 USD |
| Arrowhead Credit Union | Credit Union | *****3756 | | 66.74 USD |

Zillow, Inc.   1301 2nd Avenue 31st Floor Seattle, WA 98101   +1 (206) 4707000

Otilia Correa   445 W 34th St San Bernardino, CA 92405

If you believe that any of the information on this wage statement is incorrect, you have the right to report this to your employer. If you believe you were not paid correctly, you may report wage violations to the Washington or California state agencies, 1-866-219-7321 and 1-415-703-5300, respectively, or the US Department of Labor at 1-866-4-USWAGE (1-866-487-9243).

| Name | Company | Employee ID | Exemption Status | Pay Period Begin | Pay Period End | Check Date | Custom Check Number |
|---|---|---|---|---|---|---|---|
| Otilia Correa | Zillow, Inc. | 208071 | Non-Exempt | 01/09/2019 | 01/24/2019 | 01/31/2019 | |

| | Gross Pay | Pre Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 4,275.04 | 299.26 | 1,198.65 | 171.01 | 2,606.12 |
| YTD | 6,809.08 | 498.65 | 1,819.50 | 508.88 | 3,982.03 |

| Earnings | | | | | | Employee Taxes | | |
|---|---|---|---|---|---|---|---|---|
| Description | Dates | Hours | Rate | Amount | YTD | Description | Amount | YTD |
| Commission | 12/02/2018 - 12/29/2018 | 0 | 0 | 4,067.78 | 4,067.78 | OASDI | 265.05 | 435.84 |
| DP Imputed | | | 0 | | 213.00 | Medicare | 61.99 | 101.93 |
| DP Imputed Dental/Vision | | | 0 | | 21.16 | Federal Withholding | 673.46 | 1,033.07 |
| Double Time | 12/02/2018 - 12/08/2018 | 3.5 | 0 | 193.80 | | State Tax - CA | 155.40 | 180.79 |
| Double Time | 12/02/2018 - 12/08/2018 | 3.5 | 0 | -103.67 | | CA SDI - CASDI | 42.75 | 67.87 |
| GTL Imputed | | | 0 | | 8.51 | | | |
| Holiday Pay | | | 0 | | 710.96 | | | |
| Regular Hourly Rate | | | 0 | | 1,049.15 | | | |
| Overtime | 12/02/2018 - 12/08/2018 | 5.5 | 0 | 152.27 | | | | |
| Overtime | 12/02/2018 - 12/08/2018 | 5.5 | 0 | -81.46 | | | | |
| Overtime | 12/09/2018 - 12/15/2018 | 1.75 | 0 | 48.50 | | | | |
| Overtime | 12/09/2018 - 12/15/2018 | 1.75 | 0 | -25.92 | | | | |
| Overtime | 12/16/2018 - 12/22/2018 | 0.866666 | 0 | 16.21 | | | | |
| Overtime | 12/16/2018 - 12/22/2018 | 0.666666 | 0 | -9.88 | | | | |
| Overtime | 12/23/2018 - 12/29/2018 | 0.25 | 0 | -3.71 | | | | |
| Overtime | 12/23/2018 - 12/29/2018 | 0.25 | 0 | 19.12 | | | | |
| PTO | | | 0 | | 533.22 | | | |
| Sick Pay | | | 0 | | 177.74 | | | |
| Earnings | | | | 4,275.04 | 6,781.52 | Employee Taxes | 1,198.65 | 1,819.50 |

| Pre Tax Deductions | | | Post Tax Deductions | | |
|---|---|---|---|---|---|
| Description | Amount | YTD | Description | Amount | YTD |
| 401K Plan | 299.26 | 476.65 | 401K Loan (Loan 1) | | 57.80 |
| Med 125 | | 22.00 | 401K Loan (Loan 2) | | 108.20 |
| | | | DP Dental | | 6.00 |
| | | | DP Medical | | 53.00 |
| | | | DP Vision | | 0.50 |
| | | | Roth 401K Post | 171.01 | 272.38 |
| | | | Voluntary Life | | 11.00 |
| Pre Tax Deductions | 299.26 | 498.65 | Post Tax Deductions | 171.01 | 508.88 |

| Employer Paid Benefits | | | Taxable Wages | | |
|---|---|---|---|---|---|
| Description | Amount | YTD | Description | Amount | YTD |
| 401(k) Match | 171.01 | 272.38 | OASDI - Taxable Wages | 4,275.04 | 7,029.73 |
| | | | Medicare - Taxable Wages | 4,275.04 | 7,029.73 |
| | | | Federal Withholding - Taxable Wages | 3,975.78 | 6,553.08 |
| Employer Paid Benefits | 171.01 | 272.38 | | | |

| | Federal | State | Absence Plans | | | |
|---|---|---|---|---|---|---|
| | 0 | | Description | Forfeited | Accrued | Reduced | Available |
| Marital Status | Single | Head of Household | Zillow Group PTO Plan | 0 | 6 | 8 | -2.72 |
| Allowances | 0 | 3 | Zillow Group Sick Plan | 0 | 2.8 | 0 | 4.1 |
| Additional Withholding | 0 | 0 | | | | | |

| Payment Information | | | | |
|---|---|---|---|---|
| Bank | Account Name | Account Number | USD Amount | Amount |
| Wells Fargo | Wells Fargo | *****9134 | | 1,000.00 USD |
| Arrowhead Credit Union | Credit Union | ******3758 | | 100.00 USD |
| Chase | Chase | *****8738 | | 1,506.12 USD |