# EXHIBIT B

1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 CENTRAL DIVISION OF CALIFORNIA

10 NICOLE CORREA on behalf of  Case No.  8:19-cv-00921-JLS (DFMx)
  herself and all others similarly

11 situated,  **CLASS ACTION SETTLEMENT
  AGREEMENT AND STIPULATION**

12    Plaintiff,

13  v.

14 ZILLOW GROUP, INC., a  Hon. Josephine L. Staton
  Washington Corporation, and DOES

15 1-10, inclusive,

16    Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1    This Class Action Settlement Agreement and Stipulation is entered into between
2    ZILLOW, INC. ("Zillow" or "Defendant"), Plaintiffs NICOLE CORREA ("Correa")
3    and JOHN BALNICKI ("Balnicki") (collectively the "Named Plaintiffs"), in the Action
4    (as defined below).

## DEFINITIONS

6    1.    Action.   The "Action" means the class action complaint (and all
7    subsequent amended complaints) entitled *Nicole Correa, et al. v. Zillow Group, Inc. et*
8    *al.,* originally filed in Orange County Superior Court as case number 30-2019-
9    01057872-CU-OE-CXC, and subsequently removed to the United States District Court,
10   Central District of California, case number 8:19-cv-00921-JLS (DFMx).

11   2.    Agreement.   "Agreement" shall refer to the instant Class Action
12   Settlement Agreement and Stipulation.

13   3.    Class Counsel.   "Class Counsel" shall mean Aashish Y. Desai of
14   DESAI LAW FIRM, P.C. and/or any successor(s) thereof.

15   4.    Class Members, the Class, and Settlement Class Members.   "Class
16   Members" are all persons who are employed or have been employed by Defendant in
17   the State of California at any time during the Class Period as a Sales Executive or
18   Business Consultant, or the following related job positions: Inside Sales Consultant,
19   Business Consultant I, Business Consultant II, Senior Business Consultant, Sr. Business
20   Consultant, Senior Business Consultant I, Senior Business Consultant II, Account Sales
21   Executive, Senior Sales Executive, Sr. Sales Executive, Special Project, Special Project
22   Sales Executive, Senior Special Products Sales Executive, Sr. Special Products Sales
23   Executive.  The "Settlement Class" or "Settlement Class Members" means all Class
24   Members other than those who opt out.

25   5.    Class Notice.   "Class Notice" means the document mutually agreed
26   upon by the Parties and approved by the Court to be sent to the Class and PAGA
27   Members following preliminary approval that includes the scope of release language
28   for Settled Claims and Settled PAGA Claims, notifies Class Members and PAGA

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

2.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1    Members of the Settlement, explains the Class Members' options, including how Class

2    Members may opt out or object to the Settlement, and explains the facts and methods

3    based on which the Class Members' and PAGA Members' estimated settlement

4    payments are calculated, substantially in the form attached hereto as **Exhibit C**.

5          6.    Class Period. "Class Period" means March 18, 2015 to the date of

6    the Preliminary Approval Order.

7          7.    The Court. The "Court" refers to the United States District Court,

8    or other court, that will approve the Agreement.

9          8.    Day. "Day" or "days" refers to a calendar day(s) unless otherwise

10    stated. If any designated date or deadline falls on a weekend or holiday, the designated

11    date or deadline will occur on the next business day.

12          9.    Defendant. "Defendant" means Zillow, Inc.[1]

13         10.    Effective Date. "Effective Date" of this Agreement means the first

14    business day following the last of the following occurrences: (i) Sixty (60) days

15    following the date the Court enters an Order of Final Approval, assuming no appeal is

16    filed; or (ii) if an appeal is filed, then the date of final resolution of that appeal (including

17    any requests for rehearing and/or petitions for *certiorari),* resulting in final and

18    complete judicial approval of the Settlement in its entirety, with no further challenge to

19    the Settlement being possible.

20         11.    Exclusion Period. The "Exclusion Period" means the time period

21    commencing on the date the Class Notice is mailed to Class Members via First Class

22    U.S. Mail and ending forty-five (45) days later on the deadline to submit an Opt Out

23    Request or Objection.

24         12.    Final Judgment. "Final Judgment" means the judgment entered and

25    filed by the Court that: (1) finally approves this Agreement and disposes of all causes

26    of action raised in the Action, bars Settlement Class Members from reasserting Settled

27

28

---

[1] The Action was initially filed against Zillow Group, Inc.  On May 5, 2020, the Court dismissed Zillow Group, Inc. and granted leave to add Zillow, Inc. as a named Defendant.

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 830
Irvine, CA 92614
949.705.3000

3.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1   Claims against Released Parties and permanently enjoins and otherwise bars all
2   Settlement Class Members from pursuing, or seeking to reopen, any of the Settled
3   Claims; (2) bars PAGA Members from reasserting PAGA Claims against Released
4   Parties and permanently enjoins and otherwise bars all PAGA Members from pursuing,
5   or seeking to reopen, any of the PAGA Claims; and (3) awards and orders the payment
6   of all required amounts pursuant to the terms of this Agreement (approved Class
7   Counsel's Attorneys' Fees and Attorney's Costs, Settlement Payments to Class
8   Members and PAGA Payments to PAGA Members, *etc.*). The Final Judgment will
9   constitute a binding and final resolution of any and all claims by the Named Plaintiffs
10  and all Settlement Class Members as to all Settled Claims and all PAGA Members as
11  to all Settled PAGA Claims as set forth in this Agreement.

12          13.    Final Settlement Approval Hearing. "Final Settlement Approval
13  Hearing" means the hearing at which the Court shall consider the motion for final
14  approval of this Settlement and determine whether to fully and finally approve the
15  fairness and reasonableness of this Settlement and Agreement, and enter an order
16  barring Settlement Class Members from asserting Settled Claims against Released
17  Parties and all PAGA Members from pursuing Settled PAGA Claims against Released
18  Parties and permanently enjoining and otherwise bars all Settlement Class Members
19  and all PAGA Members from seeking to reopen, any of the Settled Claims and Settled
20  PAGA Claims (as applicable).

21          14.    Gross Settlement Amount or GSA. "Gross Settlement Amount" or
22  "GSA" means a maximum total payment of One Million One Hundred Thousand
23  Dollars and Zero Cents ($1,100,000.00), payable by Defendant Zillow under this
24  Agreement, which includes credit for Overtime Payments. In no event shall Defendant
25  be required to pay any amounts above the GSA to effectuate this Settlement Agreement.

26          15.    Last Known Address. "Last Known Address" means the most
27  recently recorded mailing address for a Class Member and/or PAGA Member contained
28  in Defendant's payroll records.

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

4.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1      16.    Months. A "Month" means a calendar month in the Class Period in
2    which a Class Member received an incentive compensation payment, as determined by
3    Defendant's records and as only subject to revision pursuant to this Agreement.

4      17.    Named Plaintiffs. "Named Plaintiffs" collectively means Correa
5    and Balnicki.

6      18.    Net Settlement Amount or "NSA". "Net Settlement Amount" or
7    "NSA" means the New Money Payment less the amounts awarded to Class Counsel for
8    Attorneys' Fees and Attorneys' Costs (as defined in Paragraph 46 (a) and (b)), the
9    enhancement award to the Named Plaintiffs, the payment to the LWDA to resolve
10    claims under the PAGA, the costs awarded for settlement administration, and the
11    employer taxes for the wage portion of any individual settlement payment to a Class
12    Member.

13      19.    New Money Payment. "New Money Payment" means the amount
14    of $909,741.34 remaining from the GSA after deducting the Overtime Payment.

15      20.    Objection. "Objection" means an objection to the Settlement that a
16    Class Member submits in writing to the Claims Administrator no later than the last day
17    of the Exclusion Period in a format provided for by this Agreement.

18      21.    Opt Out Request. "Opt Out Request" means a request by a Class
19    member to be excluded from the Settlement. Each "Opt Out Request" must (1) contain
20    the name, address, and telephone number of the person requesting exclusion; (2) be
21    signed by the Class Member; (3) be postmarked or fax stamped by the last day of the
22    Exclusion Period and returned to the Settlement Administrator at the specified address
23    or fax number. The Opt Out Request should state:

24          "I WISH TO BE EXCLUDED FROM THE SETTLEMENT OF CLASS
25          CLAIMS IN THE *CORREA V. ZILLOW GROUP, INC.* LAWSUIT. I
26          UNDERSTAND THAT IF I ASK TO BE EXCLUDED FROM THE
27          SETTLEMENT CLASS, I WILL NOT RECEIVE AN INDIVIDUAL
28          SETTLEMENT PAYMENT FROM THE SETTLEMENT OF THE

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

5.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1  LAWSUIT. I UNDERSTAND THAT THE PAGA CLAIM WILL STILL
2  BE RELEASED AND SETTLED."

3  22.  Order of Final Approval.  Means the order entered and filed by the
4  Court granting final approval of the Settlement and entry of the Final Judgment,
5  substantially in the form attached hereto as **Exhibit E**

6  23.  Overtime Payments.  Means the total amount of $190,258.66 in
7  payments made to the employees identified on **Exhibit A** in the amounts identified that
8  is separately paid and reflected as credit toward the GSA.

9  24.  Parties.  "Parties" shall mean Named Plaintiffs, individually on
10  behalf of themselves and on behalf of all Class Members, PAGA Members and interests
11  of the Labor Workforce Development Agency ("LWDA"), and Defendant.

12  25.  PAGA Member.  "PAGA Members" means all Class Members who
13  are employed or have been employed by Defendant in the state of California since
14  February 19, 2018 through the date of the Preliminary Approval Order.

15  26.  Preliminary Approval Order.  "Preliminary Approval Order" is the
16  Order entered and filed by the Court that preliminarily approves the terms and
17  conditions of this Agreement, including approval of the Parties' Agreement that
18  specifies the content of notice and manner in which notice will be provided to the Class
19  and responded to by the Class, substantially in the form attached hereto as **Exhibit D**.

20  27.  Released Parties. "Released Parties" include Defendant and each of
21  its subsidiaries, officers, directors, members, partners, owners, shareholders,
22  employees, former employees, agents, servants, attorneys, assigns, affiliates,
23  independent contractors, volunteers, predecessors, successors, parent companies and
24  organizations, insurers, and any and all other persons, firms and corporations in which
25  Defendant may have an interest.

26  28.  Settlement.  "Settlement" shall refer to the agreement of the Parties
27  to settle the claims as set forth and embodied in this Agreement.

28

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

6.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

29.   Settlement Administrator.  "Settlement Administrator" or "SA" shall mean IYLM Group, Inc. or such other neutral administrator as chosen by the Parties and approved by the Court.

30.   Settled Claims.   "Settled Claims" are all claims, charges, complaints, liens, demands, causes of action, obligations, damages and liabilities, known or unknown, suspected or unsuspected, that each Class Member had, now has, or may hereafter claim to have against the Released Parties and that were asserted in the Action, or that relate in any way to those claims that could have been asserted in the Action based on any of the facts, circumstances, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act alleged in the operative Complaint, regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law.  The Settled Claims specifically include, but are not limited to claims for: (1) unlawful deduction of wages; (2) failure to pay minimum wage; (3) failure to pay overtime wages; (4) failure to furnish timely and accurate itemized wage statements; (5) failure to keep required payroll records; (6) failure to pay all compensation due upon discharge; and (7) incorporated or related claims asserted through California Business and Professions Code § 17200. The Final Judgment shall expressly provide that it covers and bars each and every Settlement Class Member from asserting any Settled Claims in the future.

31.   Settled PAGA Claims. "Settled PAGA Claims" means any and all claims, charges, complaints, liens, demands, causes of action, obligations, damages and liabilities, known or unknown, suspected or unsuspected, that, which Named Plaintiffs on behalf of the State of California and all PAGA Members have had or now have against the Released Parties that were asserted in the Action, or that relate to those claims that could have been asserted in the Action based on any of the facts, circumstances, transactions, events, occurrences, acts, disclosures, statements, omissions, or failures to act alleged in the operative Complaint.  The Settled PAGA Claims specifically include, but are not limited to, claims for civil penalties premised

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

1   on the: (1) unlawful deduction of wages; (2) failure to pay minimum wage; (3) failure

2   to pay overtime wages; (4) failure to furnish timely and accurate itemized wage

3   statements; (5) failure to keep required payroll records; (6) failure to pay all

4   compensation due upon discharge. The Final Judgment shall expressly provide that it

5   covers and bars each and every PAGA Member and the State of California from

6   asserting any Settled PAGA Claims in the future.

7         32.   Settlement Class/Settlement Class Member(s). "Settlement Class

8   Member" means all Class Members other than those who have timely and validly

9   submitted Opt Out Requests and thereby excluded themselves from releasing Settled

10   Claims from the Settlement.

11        33.   Settlement Proceeds Distribution Deadline. "Settlement Proceeds

12   Distribution Deadline" means a date that is 21 days after the New Money Payment has

13   been made by Defendant Zillow to the SA.

14        34.   Updated Address. "Updated Address" means a mailing address that

15   was updated by a reasonable address verification measure of the SA or by an updated

16   mailing address provided by the United States Postal Service for a Class Member or

17   PAGA Member.

18                 **RECITALS**

19        35.   This action was filed on March 18, 2019 in the Superior Court of

20   California, County of Orange. On May 1, 2019, Plaintiff Correa filed a First-Amended

21   Complaint, alleging the following causes of action: (1) unlawful deductions of wages

22   in violation of California Labor Code sections 221 and 2802; (2) failure to pay minimum

23   wage in violation of California Labor Code sections 1194 and 226.2; (3) failure to pay

24   overtime wages in violation of California Labor Code sections 510 and 558 and Wage

25   Order Number 5; (4) failure to furnish timely and accurate itemized wage statements in

26   violation of California Labor Code section 226; (5) failure to keep required payroll

27   records in violation in California Labor Code sections 226 and 1174; (6) failure to pay

28   all compensation due upon discharge in violation of California Labor Code sections 201

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

8.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1   to 203; (7) unfair competition in violation of Business and Professions Code sections

2   17200, *et seq.*; and (8) violation of the Private Attorney General Act, California Labor

3   Code sections 2699, *et seq.*

4          36.   Defendant filed an answer, and denied all allegations and claims

5   asserted in the First Amended Complaint.

6          37.   On May 15, 2019, Defendant removed the case to the Central

7   District of California asserting individual diversity and supplemental jurisdiction.

8          38.   On May 5, 2020, the Court dismissed Zillow Group, Inc. as a named

9   defendant.  On May 8, 2020, Plaintiff Correa filed a Second Amended Complaint

10   adding John Balnicki as a named plaintiff and adding Zillow, Inc. as a named defendant.

11          39.   Defendant and Class Counsel, on behalf of the Named Plaintiffs and

12   the Class, attended mediation with the Honorable Edward Infante on December 16,

13   2019. The Parties hereto agree that the terms and conditions of this Agreement are the

14   result of lengthy, intensive arms-length negotiations between the Parties supervised by

15   an experienced employment law mediator.  The Parties agree that the Agreement is

16   entered into in good faith as to each Class Member and PAGA Member and that the

17   Settlement is fair, reasonable and adequate as to each Class Member and PAGA

18   Member.

19             **TERMS AND CONDITIONS OF SETTLEMENT**

20       NOW THEREFORE, in consideration of the recitals listed above and the

21   promises and warranties set forth below, and intending to be legally bound and

22   acknowledging the sufficiency of the consideration and undertakings set forth herein,

23   the Named Plaintiffs, individually on behalf of themselves and on behalf of the Class

24   Members and PAGA Members and LWDA interests, on the one hand, and Defendant,

25   on the other hand, agree that the Action  shall be, and is finally and fully compromised

26   and settled on the following terms and conditions.

27          40.   Non-Admission of Liability. The Parties enter into this Agreement

28   to resolve the dispute that has arisen between them and to avoid the burden, expense

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

9.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1    and risk of continued litigation. In entering into this Agreement, Defendant does not
2    admit, and specifically denies, that it has: violated any federal, state, or local law;
3    violated any regulations or guidelines promulgated pursuant to any statute or any other
4    applicable laws, regulations, or legal requirements; breached any contract; or engaged
5    in any other unlawful conduct with respect to its employees or any other person or
6    entity. Neither this Agreement, nor any of its terms or provisions, nor any of the
7    negotiations connected with it or proceedings, payouts, or other events associated with
8    it, shall be construed as an admission or concession by Defendant of any such
9    violation(s) or failure(s) to comply with any applicable law by Defendant or any
10   Released Parties. Except as necessary in a proceeding to approve, interpret, or enforce
11   the terms of this Agreement, this Agreement and its terms and provisions shall not be
12   offered or received as evidence in any action or proceeding to establish any liability or
13   admission on the part of Defendant or to establish the existence of any condition
14   constituting a violation of, or noncompliance with, federal, state, local or other
15   applicable law. The Parties intend this Settlement to be contingent upon the preliminary
16   and Final Approval of this Agreement; and in the event Final Approval of this
17   Agreement is not obtained, the Parties do not waive, and instead expressly reserve, their
18   respective rights to prosecute and defend these Action as if this Agreement never existed
19   in the event the Settlement is not fully and finally approved as set forth herein. In the
20   event that this Agreement is not approved by the Court, fails to become effective, or is
21   reversed, withdrawn, or modified by the Court or any other court with jurisdiction over
22   the Action, the Agreement shall become null and void *ab initio* and shall have no
23   bearing on, and shall not be admissible in connection with, further proceedings in this
24   Action.

25          41.    <u>Stipulation for Class Certification</u>.    The Parties stipulate to the
26   certification of this Settlement Class for purposes of this Settlement only. If, however,
27   the Settlement does not become final for any reason, the Parties' Agreement shall
28   become null and void *ab initio* and shall have no bearing on, and shall not be admissible

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

10.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1    in connection with, whether class certification would be appropriate in any other context

2    in these Action.

3         42.    Release of Settled Claims.    As of the Effective Date, Named

4    Plaintiffs and all Settlement Class Members hereby do and shall be deemed to have

5    fully, finally, and forever released, settled, compromised, relinquished, and discharged,

6    and will be barred from asserting or re-asserting any and all Settled Claims against any

7    and all Released Parties. The Settlement includes a release of all Settled Claims during

8    the Class Period by Settlement Class Members employed at any time during the Class

9    Period. The parties agree that it is their intent that the terms set forth in this Agreement

10   will release any further attempt, by lawsuit, administrative claim or action, arbitration,

11   demand, or other action of any kind, by each and every Settlement Class Member  and

12   every PAGA Member to obtain any recovery based on the facts/allegations giving rise

13   to the claims pled or which could have been plead in the Complaint, First Amended

14   Complaint and Second Amended Complaint.

15        a.    The Parties agree for settlement purposes only that, because

16   the Class Members are so numerous, it is impossible or impracticable to have each Class

17   Member execute this Agreement. Accordingly, the Class Notice will advise all Class

18   Members of the binding nature of the release and such notice shall have the same force

19   and effect as if the Agreement were executed by each Class Member.

20        b.    Named Plaintiffs and Class Counsel represent, covenant, and

21   warrant that they have not directly or indirectly assigned, transferred, encumbered, or

22   purported to assign, transfer, or encumber to any person or entity any portion of any

23   liability, claim, demand, action, cause of action, or rights herein released and

24   discharged, except as set forth herein.

25        c.    The Parties agree that this is a settlement of disputed claims

26   not involving undisputed wages, and that Labor Code Section 206.5 is therefore

27   inapplicable.

28

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

11.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

43. <u>Release of Settled PAGA Claims</u>. As of the Effective Date, Named Plaintiffs, individually and on behalf of the State of California and all PAGA Members, hereby do and shall be deemed to have fully, finally, and forever released, settled, compromised, relinquished, and discharged any and all of the Released Parties of and from any and all Settled PAGA Claims.

44. <u>Individual Release of Claims for Plaintiff Balnicki</u>. In addition to all other releases set forth in this Agreement, and except as to claims specifically excluded, Plaintiff Balnicki makes the additional following general release of all claims, known or unknown. Plaintiff Balnicki releases the Released Parties from all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any state or federal statute, rule, or regulation arising out of, relating to, or in connection with any act or omission by or on the part of any of the Released Parties committed or omitted through the execution of this Agreement. Plaintiff Balnicki also specifically agrees and acknowledges that he is waiving all claims under Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the Americans with Disabilities Act, the California Fair Employment and Housing Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act, the California Labor Code, California Government Code, and California Business and Professions Code. (The release set forth in this Paragraph shall be referred to as the "General Release"). Plaintiff Balnicki agrees not to sue or otherwise make a claim against any of the Released Parties that is in any way related to the General Release to the maximum extent permitted by law. The General Release includes any unknown claims Plaintiff Balnicki does not know or suspect to exist in his favor at the time of the General Release, which, if known by either, might have affected his respective settlement with, and release of, the Released Parties by Plaintiff Balnicki or might have affected his decisions not to object to this Settlement or the General Release. With respect to the General Release, Plaintiff Balnicki stipulates and agrees that he shall be deemed to have, and by

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000
12.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1  operation of the Final Judgment shall have, expressly waived and relinquished, to the
2  fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of
3  the California Civil Code, which states:

4  A general release does not extend to claims that the creditor or releasing party
5  does not know or suspect to exist in his or her favor at the time of executing the
6  release and that, if known by him or her, would have materially affected his or
7  her settlement with the debtor or released party.

8  This General Release shall not affect or bar any claims that Plaintiff Balnicki may have
9  for Unemployment Insurance, claims under the National Labor Relations Act, and the
10  right to receive benefits under any retirement plan or to elect COBRA continuation of
11  health insurance benefits.  Nor shall the General Release preclude Plaintiff Balnicki
12  from filing a charge with any applicable administrative agency.  Plaintiff Balnicki
13  understands and agrees, however, that by way of the General Release, he individually
14  releases any right to recover monetary damages in an action brought by an
15  administrative agency.

16          45.  Individual Release of Claims for Plaintiff Correa.  In addition to all
17  other releases set forth in this Agreement, and except as to claims specifically excluded,
18  Plaintiff Correa makes the additional following general release of all claims, known or
19  unknown. Plaintiff Correa releases the Released Parties from all claims, demands,
20  rights, liabilities, and causes of action of every nature and description whatsoever,
21  known or unknown, asserted or that might have been asserted, whether in tort, contract,
22  or for violation of any state or federal statute, rule, or regulation arising out of, relating
23  to, or in connection with any act or omission by or on the part of any of the Released
24  Parties committed or omitted through the execution of this Agreement.  Plaintiff Correa
25  also specifically agrees and acknowledges that she is waiving all claims under Title VII
26  of the Civil Rights Act of 1964, the Equal Pay Act, the Americans with Disabilities Act,
27  the Family and Medical Leave Act, the Employee Retirement Income Security Act, the
28  California Labor Code, and California Business and Professions Code. (The release set

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

13.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1   forth in this Paragraph shall be referred to as the "General Release"). Plaintiff Correa
2   agrees not to sue or otherwise make a claim against any of the Released Parties that is
3   in any way related to the General Release to the maximum extent permitted by law,
4   unless such claims are identified as an excluded claim. The General Release includes
5   any unknown claims Plaintiff Correa does not know or suspect to exist in her favor at
6   the time of the General Release, which, if known by her, might have affected her
7   settlement with, and release of, the Released Parties by Plaintiff Correa or might have
8   affected her decisions not to object to this Settlement or the General Release. With
9   respect to the General Release, Plaintiff Correa stipulates and agrees that she shall be
10  deemed to have, and by operation of the Final Judgment shall have, expressly waived
11  and relinquished, to the fullest extent permitted by law, the provisions, rights and
12  benefits of Section 1542 of the California Civil Code, which states:

13          A general release does not extend to claims that the creditor or releasing
14          party does not know or suspect to exist in his or her favor at the time of
15          executing the release and that, if known by him or her, would have
16          materially affected his or her settlement with the debtor or released party.

17  This General Release shall not affect or bar any claims that Plaintiff Correa may
18  have for Unemployment Insurance, claims under the National Labor Relations Act, and
19  the right to receive benefits under any retirement plan or to elect COBRA continuation
20  of health insurance benefits. Nor shall the General Release preclude Plaintiff Correa
21  from filing a charge with any applicable administrative agency. Plaintiff Correa
22  understands and agrees, however, that by way of the General Release, she individually
23  releases any right to recover monetary damages in an action brought by an
24  administrative agency.

25          Plaintiff Correa and Defendant expressly state that claims asserted by Plaintiff
26  Correa for discrimination and/or retaliation under the California Fair Employment and
27  Housing Act (FEHA) and related retaliation claims ("related retaliation claims" shall
28  *exclusively* refer to retaliation claims based on conduct that was legally protected by the

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

14.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1　FEHA that are asserted under: Cal. Lab. Code 1102.5, Wrongful Constructive

2　Termination in Violation of California Public Policy, Bus. and Prof. Code 17200 and

3　Intentional Infliction of Emotional Distress) are **excluded** from this General Release,

4　and are not waived or otherwise released by operation of this Agreement.

5　　　　46.　Settlement Payments and Calculation of Claims.　Subject to final

6　Court approval and the conditions specified in this Agreement, and in consideration of

7　the mutual covenants and promises set forth herein, Defendant Zillow agrees to make a

8　payment or payments as set forth herein totaling an amount of, but not to exceed the

9　GSA. The Overtime Payments shall be credited as part of the GSA, and the remaining

10　New Money Payment shall be apportioned as follows:

11　　　　a.　Attorneys' Fees.　Class Counsel will apply to the Court for an

12　award of attorneys' fees of no more than 1/3 of the GSA or Three Hundred, Sixty Six

13　Thousand, Six Hundred Thirty Dollars and Zero Cents ($366,630.00) ("Attorneys'

14　Fees").　The Attorneys' Fees shall come from and be deducted from the New Money

15　Payment, and Defendant will not oppose such application.　In the event the Court

16　approves an amount less than 1/3 of the GSA, the unawarded amount shall become part

17　of the New Money Payment for allocation to Settlement Class Members. Any reduction

18　by the Court shall not constitute grounds for revocation or cancellation of this

19　Agreement by Named Plaintiffs.

20　　　　b.　Attorneys' Costs.　Class Counsel shall request approval of

21　payment of up to but not to exceed Twenty Thousand Dollars and Zero Cents

22　($20,000.00) in costs, including any litigation costs ("Attorneys' Costs"), which will be

23　deducted from the New Money Payment.　Defendant will not oppose such application.

24　Any unawarded Attorneys' Costs shall become part of the New Money Payment for

25　allocation to Settlement Class Members. Any reduction by the Court shall not constitute

26　grounds for revocation or cancellation of this Agreement by Named Plaintiffs.

27　Attorneys' Fees as specified in the preceding paragraph and Attorneys' Costs as

28　specified in this paragraph shall cover all claimed and unclaimed Attorneys' Fees,

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

15.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

DocuSign Envelope ID: 057C43B9-186E-4FB1-B56B-E025EF50A7BF

1    Attorneys' Costs, and other amounts payable or awardable against Defendant for Class

2    Counsel's work, effort, or involvement in the Action and in carrying out the Agreement

3    and includes any and all work, effort, or involvement to carry out the terms of the

4    Agreement and as may be potentially or actually necessary or advisable to defend the

5    Agreement and/or Settlement through appeal, or collateral attack or in any other forum

6    or proceeding. These specified Attorneys' Fees and Attorneys' Costs shall be the sole

7    payment for attorneys' fees and costs and, otherwise, the Parties and Class Members

8    and their counsel shall bear their own fees and costs in connection with the Action.

9          c.    Administration Fees and Costs. Class Counsel will also apply

10    to the Court for approval of Settlement Administration costs in an amount estimated to

11    be up to ten thousand dollars ($10,000), which will be deducted from the New Money

12    Payment. Defendant will not oppose such application. Class Counsel will specify the

13    amount sought for such costs, up to the foregoing maximum, in Named Plaintiffs'

14    motions for preliminary and Final Approval of the Settlement.

15          d.    Named Plaintiffs' Enhancements. Class Counsel will apply

16    to the Court for approval of an enhancement award in an amount not to exceed Two

17    Thousand and Five Hundred Dollars and Zero Cents ($2,500.00) for Plaintiff Correa to

18    be paid from the New Money Payment for assuming the risks associated with this

19    litigation. Class Counsel will apply to the Court for approval of an enhancement award

20    in an amount not to exceed Fifteen Thousand Dollars and Zero Cents ($15,000.00) for

21    Plaintiff Balnicki to be paid from the New Money Payment for assuming the risks

22    associated with this litigation, and in consideration for his individual General Release.

23    Defendant will not oppose such applications. Any unawarded amount shall become

24    part of the New Money Payment for allocation to Settlement Class Members. Any

25    reduction by the Court shall not constitute grounds for revocation or cancellation of this

26    Agreement by Named Plaintiffs.

27          e.    Employer Payroll Taxes. With the exception of the Overtime

28    Payments, the employer-side payroll taxes for the wage portion of the Settlement

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

16.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1   Payments shall be paid from the New Money Payment. Defendant shall separately pay

2   employer-side payroll taxes for the Overtime Payments.

3                f.     <u>PAGA Allocation and Payments</u>. Pursuant to California

4   Labor Code Section 2698, *et seq.*, the Parties designate Forty Thousand Dollars and

5   Zero Cents ($40,000.00) of the New Money to resolve the Settled PAGA Claims.

6   Defendant Zillow shall pay seventy five percent (75%) of that amount, which is Thirty

7   Thousand Dollars and Zero Cents ($30,000.00), to the LWDA and the remainder to

8   PAGA Members. Defendant shall have the option of voiding this Agreement and

9   Settlement in the event the LWDA refuses to accept the above amount in full for all

10  civil penalties to PAGA Members in connection with the civil penalty claims alleged in

11  this Action, or in the event the LWDA or anyone on its behalf otherwise challenges the

12  above allocation or the Settlement. The remaining ten Thousand Dollars and Zero Cents

13  ($10,000.00) shall be paid to PAGA Members on a pro-rata basis based on the number

14  of Months worked as a PAGA Member.

15               g.     <u>Settlement Payments to Settlement Class Members</u>. Only the

16  following individuals will receive Settlement Payments under the Settlement

17  Agreement: (1) the Named Plaintiffs and (2) Settlement Class Members. Individual

18  Settlement Payments will be calculated as follows:

19                    i.     The Settlement Class Members identified in Exhibit B,

20  as individuals who previously executed a Severance Agreement, will be allocated a total

21  of 5 points only, and they will not otherwise be allocated any additional points.

22                   ii.     All other Settlement Class Members will be allocated

23  points as follows:

24                 a) Each Settlement Class Member will receive 1 point for

25                     each month when he or she received an incentive

26                     compensation payment on or before April 30, 2017;

27

28

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

17.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

b) Each Settlement Class Member will receive 2 points for each month when he or she received an incentive compensation payment on or after May 1, 2017;

c) Each Settlement Class Member will receive an additional 2 points for each month when the incentive compensation received by the class member under an Incentive Compensation Plan in effect through December 31, 2019 was reduced or off-set by cancellations and/or resulted in a multiplier of less than 1.0;

d) Each Settlement Class Member who terminated employment without signing a severance agreement will receive an additional 5 points.

iii.     The value of a point shall be determined by dividing the NSA by the total number of points available to each Settlement Class Member. Each Settlement Class Member shall receive a gross payment equal to his or her points multiplied by the value of a point.

iv.     The Parties agree that under no circumstances shall Defendant be obligated to pay any amount under this Agreement to any Class Member other than Settlement Class Members and PAGA Members. In addition, the Parties agree that in no event shall Defendant, after the Overtime Payment is made, be obligated to pay more than the New Money Payment.

v.     The Parties acknowledge and agree that the formula used to calculate Individual Settlement Payments and PAGA Payments does not imply that all of the elements of damages covered by the release are not being taken into account. The above formulas were devised as practical and logistical tools to simplify the payment process.

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

18.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1        47.    No Credit Toward Benefit Plans.    The Individual Settlement

2    Payments made to Settlement Class Members and PAGA Payments made to PAGA

3    Members under this Agreement shall not be utilized to calculate any additional benefits

4    under any benefit plans to which any Settlement Class Members or PAGA Members

5    may be eligible, including, but not limited to:  profit-sharing plans, bonus plans, 401(k)

6    plans, stock purchase plans, vacation plans, sick leave plans, PTO plans, and any other

7    benefit plan.  Rather, it is the Parties' intention that this Agreement will not affect any

8    rights, contributions, or amounts to which any Settlement Class Members and PAGA

9    Members may be entitled under any benefit plans.

10        48.    Taxation of Settlement Proceeds.    All Individual Settlement

11    Payments shall be paid to Settlement Class Members in a net amount after applicable

12    employee state and federal tax withholdings, including payroll taxes, if any, have been

13    deducted.

14        a.    The Parties agree that the Individual Settlement Payments

15    shall be allocated as follows: thirty-four percent (34%) will be allocated to wages and

16    W-2s shall be issued; thirty-three percent (33%) will be considered penalties; and thirty-

17    three percent (33%) shall be allocated to interest and any other non-wage related

18    amount.  The penalties and interest will be reported as such to each Settlement Class

19    Member on an IRS Form 1099.  The PAGA Payments to PAGA Members will be

20    designated as payments for alleged penalties and interest.

21        b.    The SA shall calculate, withhold from the Individual

22    Settlement Payments, and remit to applicable governmental agencies sufficient

23    amounts, if any, as may be owed by Settlement Class Members for applicable employee

24    taxes.  The SA will issue appropriate tax forms, as required, to each such Settlement

25    Class Member consistent with the foregoing breakdown.

26        c.    All Parties represent that they have not received, and shall not

27    rely on, advice or representations from other parties or their agents regarding the tax

28    treatment of payments under federal, state, or local law.  In this regard, Defendant

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

19.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1    makes no representations regarding the taxability of the Individual Settlement

2    Payments, PAGA Payments, or any other payments made under this Agreement.

3              d.    Class Counsel will be issued an IRS Form 1099 for any fees

4    and costs awarded by the Court.

5              e.    The Named Plaintiffs will be issued IRS Form 1099s for any

6    enhancement awards approved by the Court.  The enhancement awards payable to the

7    Named Plaintiffs shall be in addition to the Individual Settlement Payments and PAGA

8    Payments that they, as applicable, will receive.

9        49.   Provisional Approval of Settlement.  Named Plaintiffs shall file a

10   motion in the Action and take all other action to request that the Court enter the

11   Preliminary Approval Order based on an agreed-upon Settlement schedule, subject to

12   Court approval:

13             a.    Seeking class certification on the terms set forth in this

14   Agreement solely for purposes of class settlement;

15             b.    Preliminarily approving the proposed Settlement and this

16   Agreement, including the payments to the Settlement Class Members, Class Counsel,

17   the Named Plaintiffs, PAGA Members, the SA, and the LWDA;

18             c.    Preliminarily approving the appointment of the Named

19   Plaintiffs as representatives of the Class for settlement purposes, if not otherwise

20   accomplished by class certification;

21             d.    Preliminarily approving the appointment of counsel for

22   Named Plaintiffs as Class Counsel;

23             e.    Appointing and approving a SA as chosen by the Parties and

24   approved by the Court, to comply with the duties and obligations as required by this

25   Agreement;

26             f.    Approving the form of the Class Notice mutually agreed by

27   the Parties;

28

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

20.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1          g.     Scheduling the Final Settlement Approval Hearing for

2 consideration of Final Approval of this Agreement;

3          h.     Requiring that any Class Members who object to the

4 Settlement Agreement submit any objection to the SA postmarked by the end of the

5 Exclusion Period and that the Parties be given an opportunity to file written responses

6 to any objection(s) with the Court;

7          i.     Approving the procedure for Class Members to submit Opt

8 Out Requests, and setting a date after which no Class Members shall be allowed to

9 submit Opt Out Requests; and

10          j.     Approving the procedure for Settlement Class Members to

11 object to the Settlement.

12          Defendant shall not oppose Class Counsel's motions for preliminary

13 approval and Final Approval of the Settlement so long as the motions and supporting

14 papers are consistent with the terms of this Agreement. Class Counsel shall provide

15 Defendant with 7 days to review and provide comments on the motions for Preliminary

16 and Final Approval of the Settlement before the motion and supporting papers are filed

17 with the Court. Failure of the Court to grant the Preliminary Approval Order will be

18 grounds for the Parties to terminate the Settlement and the terms of the Agreement.

19          50.    Notice Procedure.

20          a.     *Class and PAGA Member Data.* Within fifteen (15) business

21 days after filing of the Preliminary Approval Order, Defendant shall provide to the SA

22 a list of Class Members that identifies for each individual, his/her Social Security

23 number, last-known address, and the points for each Class Member and applicable

24 Months for each PAGA Member. The SA will keep the list confidential and shall not

25 provide to anyone, including Class counsel absent written approval from Defendant,

26 and shall use it only for the purposes described herein, take adequate safeguards to

27 protect confidential or private information, and return or certify the destruction of the

28 information upon completion of the Settlement Administration process.

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

21.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

b.   *Settlement Administrator Duties.*  Prior to mailing the Class Notice, the SA will update the addresses for the Class Members and PAGA Members using the National Change of Address database and other available resources deemed suitable by the SA.  To the extent this process yields a different address from the one supplied by Defendant ("Updated Address"), that Updated Address shall replace the address supplied by Defendant ("Last Known Address") and be treated as the new Last Known Address for purposes of this Agreement and for subsequent mailings in particular.

c.   *Notice Procedure.*  Within fourteen (14) days after receipt of the Class and PAGA Member Data, the Settlement Administrator shall send the Class Notice to each Class Member's and PAGA Member's Last Known Address or Updated Address (if applicable) via First-Class U.S. mail.

d.   *Exclusion Period.*  Class Members will have forty-five (45) days from the postmark of the initial mailing of the Class Notice by the SA to submit by First-Class U.S. mail their Opt Out Requests, with proof of date of submission to be the postmark date of the completed Opt Out Request.  Opt Out Requests do not apply to the Settled PAGA Claims and will not exclude PAGA Members from the release of Settled PAGA Claims.

e.   *Objection Period.* Class Members will have forty-five (45) days to object to the Settlement by filing a written objection with the SA that conforms with this requirements of this Agreement, which the SA shall file or otherwise submit to the Court and serve on the Parties within 10 days after the end of the Exclusion Period.

f.   *Settlement Administrator Follow-up efforts.*

i.   The SA shall re-mail by First-Class U.S. mail the Class Notice returned by the Post Office with a forwarding address, and shall re-mail by First-Class U.S. mail the Class Notice to any individual who personally provides an updated address to the SA.

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

22.

ii.     In the event that the first mailing of the Class Notice to any Class Member and PAGA Member is returned without a forwarding address, the SA will immediately perform skip trace(s) if necessary using social security numbers provided by Defendant and National Change of Address searches, as needed, to verify the accuracy of the addresses provided and will conduct a second round of mailings of the Class Notice by First-Class U.S. mail within five (5) business days for those forms returned to sender.

g.     *Documenting Communications.* The SA shall date stamp documents it receives, including Opt Out Requests, Objections and any correspondences and documents from Class Members and PAGA Members.

h.     *Settlement Administrator Declaration.* At least ten (10) days prior to the filing of the motion for final approval, the SA shall prepare, subject to the Parties' input and approval, a declaration setting forth the due diligence and proof of mailing of the Class Notice, the results of the SA's mailings, including tracing and re-mailing efforts, and the Class Members' and PAGA Members' responses to those mailing, and provide additional information deemed necessary to approve the settlement.

i.     *SA Written Reports.* Each week during the Exclusion Period, the SA shall provide the Parties with a report listing the number of Class Members that submitted Opt Out Requests and Objections. Within seven (7) days of the close of the Exclusion Period, the SA will provide a final report listing the number of Class Members who submitted Opt Out Requests or Objections.

j.     *SA Calculations of Settlement Payments.* Within seven (7) days after resolving all challenges made by Settlement Class Members, and following the Final Approval Order, the SA shall provide to the Parties a report showing its calculation of all Settlement Payments to be made to Settlement Class Members and PAGA Members. After receiving the SA's report, Class Counsel and Defendant's counsel shall review the same to determine if the calculation of payments to Settlement

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 690
Irvine, CA 92614
949.705.3000

23.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1    Class Members and PAGA Members is consistent with this Agreement, and shall notify
2    the SA if either counsel does not believe the calculation is consistent with the
3    Agreement. After receipt of comments from counsel, the SA shall finalize its calculation
4    of Individual Settlement Payments and PAGA Payments, at least five (5) days prior to
5    the distribution of such payments, and shall provide Class Counsel and Defendant's
6    Counsel with a final report listing the amount of all payments to be made to each
7    Settlement Class Member from the NSA and listing the amount of all payments to be
8    made to each PAGA Member from the amount allocated for PAGA Payments. The SA
9    will also provide information that is requested and approved by both Parties regarding
10    its duties and other aspects of the Settlement and that is necessary to carry out the terms
11    of the Settlement.

12              51.    Requirements for Recovery of Settlement Payments.

13              a.    *Class Members.* No claim form is necessary to participate in
14    the Settlement. Unless a Class Member submits a valid and timely Opt Out Request, a
15    Class Member who takes no action will be a Settlement Class Member, bound by the
16    Judgment, and will receive a payment from the Net Settlement Amount. All Class
17    Members except for those who timely and validly opt out of the Settlement shall be
18    bound by the release of Settled Claims in this Agreement. All PAGA Members shall
19    be bound by the release of Settled PAGA Claims in this Agreement.

20              b.    *Late Submissions.* The Settlement Administrator shall not
21    accept as valid any Opt Out Request postmarked after the end of the Exclusion Period,
22    absent agreement from both Parties or order of the Court. It shall be presumed that, if
23    an Opt Out Request or Objection is not postmarked on or before the last day of the
24    Exclusion Period, the Class Member did not return the Opt Out Request or Objection
25    in a timely manner.

26              c.    *Challenges.* Class Members will have the right to challenge
27    the number of points allocated to them. Challenges to the number of points shall be
28    sent directly to the Settlement Administrator at the address indicated on the Class

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 830
Irvine, CA 92814
949.705.3000

24.

1   Notice. A Class Member challenging the number of points identified may also submit
2   documentary evidence in order to prove the number of points during the Class Period.
3   Defendant shall have the right to respond to the challenge by any Settlement Class
4   Member. No challenge to the number of points will be accepted unless sent by First-
5   Class U.S. mail within forty five (45) days from the initial mailing of the Class Notice
6   by the Settlement Administrator, with proof of date of submission to be the postmark
7   date unless otherwise ordered by the Court. The Settlement Administrator will inform
8   Class Counsel and Defendant's Counsel in writing of any timely filed challenges and
9   will determine all such disputes after consulting with the Parties regarding the number
10   of points. Subject to Court approval, Challenges will be resolved without hearing by
11   the Settlement Administrator, who will make a decision based on Defendant's records
12   and any documents or other information presented by the Class Member making the
13   challenge, Class Counsel, or Defendant.

14             d.   *Opt-Out Procedure.* A Class Member will not be entitled to
15   opt out of the Settlement established by this Agreement unless he or she submits to the
16   Settlement Administrator an Opt Out Request via First-Class U.S. mail postmarked on
17   or before the expiration of the Exclusion Period.

18             i.   Any Class Member who fails to submit via First-Class
19   U.S. mail a timely and valid Opt Out Request shall be barred from opting out of this
20   Agreement or the Settlement.

21             ii.   The Settlement Administrator shall not have the
22   authority to extend the deadline for Class Members to file a request to opt out of the
23   Settlement absent agreement by both Parties.

24             iii.   Class Members shall be permitted to rescind in writing
25   their request to opt out by submitting a written rescission statement to the Settlement
26   Administrator no later than the filing date of the motion for Final Approval and provided
27   individual Settlement Payments can be recalculated to reflect the rescission.

28

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

25.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1       iv.  If five percent (5%) or more of the Class Members

2 timely opt out of the Settlement, Defendant shall have the sole and absolute discretion

3 to withdraw from this Agreement within seven (7) days after expiration of the Exclusion

4 Period and written notice from the Settlement Administrator of the final opt out rate.

5 Defendant shall provide written notice of such withdrawal to Class Counsel.  In the

6 event that Defendant elects to so withdraw, the withdrawal shall have the same effect

7 as a termination of this Agreement for failure to satisfy a condition of Settlement, and

8 the Agreement shall become null and void and have no further force or effect.

9     52.  Objections to Settlement. Any Settlement Class Member may

10 object to the Settlement.  Any such objection must be submitted to the Settlement

11 Administrator in writing on or before the close of the Exclusion Period.  Any such

12 written Objection shall include: (1) the full name of the Settlement Class Member and

13 last four digits of the Settlement Class Member's social security number; (2) address of

14 the Settlement Class Member; (3) the basis for the objection; and (4) if the Settlement

15 Class Member intends to appear at the Final Approval Hearing. The Parties shall be

16 permitted to file responses to the Objection in addition to any motion for final approval

17 documents.  At no time shall any of the Parties or their counsel seek to solicit or

18 otherwise encourage Settlement Class Members to file or serve written objections to the

19 Settlement or appeal from the Order of Final approval and/or Final Judgment.  Class

20 Counsel shall not represent any Settlement Class Members with respect to any such

21 objections.

22     53.  Final Fairness Hearing, Final Approval and Final Judgment.

23      a.  *Entry of Final Judgment.*  At the Final Approval Hearing,

24 Named Plaintiffs will request, and Defendant will concur in said request, that the Court

25 enter a Final Judgment.

26      b.  *Motion.*  Named Plaintiffs will draft and file a motion for final

27 approval in conformity with any requirements from the Court and will take other action

28 to request the entry of Final Judgment in accordance with this Agreement.  The motion

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000
26.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1    for final approval and corresponding paperwork will be subject to input and approval

2    from Defendant, provided that Defendant shall have 10 days from receipt to provide

3    such input. In conjunction with the motion for final approval, Class Counsel shall file

4    a declaration from the Settlement Administrator confirming that the Class Notice was

5    mailed to all Class Members as required by this Agreement, as well as any additional

6    information Class Counsel, with the input and approval of Defendant, deems

7    appropriate to provide to the Court. Named Plaintiffs will draft and file a separate

8    motion requesting the Attorneys' Fees and Attorneys' Costs and enhancement award

9    pursuant to this Agreement to be heard concurrently with the motion for final approval.

10                    c.    *Order*. Named Plaintiffs will also draft and submit a proposed

11   Order of Final Approval and Final Judgment in the form that is consistent with this

12   Agreement and subject to prior review, revision, and approval by Defendant.   The

13   Parties shall take all reasonable efforts to secure entry of the Order of Final Approval

14   and Final Judgment. If the Court rejects the Agreement, fails to enter the Order of Final

15   Approval, or fails to enter the Final Judgment, this Agreement shall be void *ab initio*,

16   and Defendant shall have no obligation to make any payments under the Agreement.

17   The Named Plaintiffs will submit a proposed Order of Final Approval subject to the

18   review and approval of Defendant that will contain provisions:

19                    i.    Wherein the Court enters Final Judgment, finding that

20   this Agreement and Settlement is fair, just, equitable, reasonable, adequate, and in the

21   best interests of the Class and was reached as a result of intensive, serious, and non-

22   collusive arms-length negotiations and was achieved with the aid of an experienced

23   mediator and in good faith as to each Class Member;

24                    ii.    That affirms that each side will bear its own costs and

25   fees (including attorneys' fees), except as provided by the Agreement, and that

26   Defendant shall not be required to pay any amounts other than as set forth in the

27   Agreement and the Order of Final Approval, and in no event any amount above the New

28   Money Payment;

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000                                      27.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1                      iii.       That confirms the certification of the Class for

2 purposes of Settlement only;

3                      iv.       That finds that the Settlement Administration process

4 as carried out afforded adequate protections to Class Members, provided the best notice

5 practicable, and satisfied the requirements of law and due process;

6                      v.       That rejects any Objections to the Settlement;

7                      vi.       That approves the settlement of PAGA Claims

8 consistent with the Settlement;

9                      vii.       That retains Court jurisdiction after entry of judgment

10 to oversee administration and enforcement of the terms of the Agreement and the

11 Court's Order that the Settlement Class Members and PAGA Members be barred from

12 pursuing, or seeking to reopen, Settled Claims and Settled PAGA Claims against the

13 Released Parties; and

14                      viii.       That requires the Parties to carry out the provisions of

15 this Agreement.

16        54.       <u>Notice to the Labor and Workforce Development Agency</u>. Class

17 Counsel is responsible for complying with all requirements of the PAGA governing

18 notice to the LWDA of settlement and/or final judgment. Specifically, Class Counsel

19 will provide a copy of the proposed settlement to the LWDA at the same time that it is

20 submitted to the Court and will further provide a copy of the Court's judgment to the

21 LWDA within 10 days after entry of judgment or order as required by Labor Code

22 sections 2699(l)(2)-(3).

23        55.       <u>Payment of Settlement</u>. Defendant will deposit the New Money

24 Payment into an account established by the Settlement Administrator within twenty one

25 (21) days of the Effective Date.

26                    a.       The Parties agree that the New Money Payment will qualify

27 as a settlement fund pursuant to the requirements of Section 468(B)(g) of the Internal

28 Revenue Code of 1986, as amended, and Section 1.468B-1 *et seq.* of the income tax

LITTLER MENDELSON, P.C.
3050 Main Street
Suite 960
Irvine, CA 92614
949.705.3000

28.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1    regulations. Furthermore, the Settlement Administrator is hereby designated as the

2    "Administrator" of the qualified Settlement funds for purposes of Section 1.468B-2(k)

3    of the income tax regulations. As such, all employee taxes imposed on the gross income

4    of that settlement fund and any tax-related expenses arising from any income tax returns

5    or other reporting documents that may be required by the Internal Revenue Service or

6    any state or local taxing body will be paid from the New Money Payment by the

7    Settlement Administrator.

8              b.      The Settlement Administrator shall be deemed to have timely

9    distributed Settlement Payments if it places said payment in the mail (First-Class U.S.).

10    If the Settlement Administrator receives notice from Settlement Class Members that

11    they have not received such Settlement Payments due to changes of address or other

12    circumstances, the Settlement Administrator shall make reasonable efforts to ensure the

13    initial payment is cancelled and re-mail the Settlement Payment to the Settlement Class

14    Member.

15              c.      The distribution of Attorneys' Fees, Attorneys' Costs, and the

16    Named Plaintiffs' enhancement awards shall occur no later than the Settlement

17    Proceeds Distribution Deadline. Under no circumstances shall the foregoing payments

18    be made prior to the distribution of Settlement Payments to Settlement Class Members.

19            56.    Settlement Class Members who are sent Settlement Payments shall

20    have ninety (90) days after mailing by the Settlement Administrator to cash their

21    settlement checks.

22            57.    If such Settlement Class Members do not cash their checks within

23    that period, those checks will become void and a stop payment will be placed on the

24    uncashed checks. Settlement checks that are not cashed within ninety (90) days of

25    mailing shall, subject to Court approval, be distributed pursuant to the Unclaimed

26    Property Division of the State Controller under the Class Member's name, or as

27    otherwise directed by applicable law and as ordered by the Court. The Parties agree

28    that if the remaining funds are not able to be distributed to the unclaimed wage fund

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

29.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1   and if a cy pres fund is required, subject to Court instruction, then the Settlement

2   Administrator shall forward the entirety of any amounts remaining from uncashed

3   checks, plus any interest that has accrued thereon, to the Katherine and George

4   Alexander Community Law Center. Settlement Class Members who fail to negotiate

5   their check(s) in a timely fashion shall, like all Settlement Class Members who did not

6   validly opt out of the Settlement, remain subject to the terms of the Settlement and the

7   Final Judgment.

8          58.    Upon completion of administration of the Settlement, the Settlement

9   Administrator shall provide written certification of such completion to the Court, Class

10  Counsel, and Defendant's Counsel.

11         59.    Binding Effect of Agreement on Settlement Class Members and

12  PAGA Members.  Subject to final Court approval, all Settlement Class Members and

13  PAGA Members shall be bound by this Agreement, and Final Judgment shall be entered

14  in the Action barring re-litigation of any Settled Claims and Settled PAGA Claims

15  against Defendant and/or the Released Parties.  In addition, unless the Class Member

16  timely opts out of the Settlement described in this Agreement, he/she shall be bound by

17  the Court's Order of Final Approval and Final Judgment enjoining all Settlement Class

18  Members and PAGA Members from pursuing, or seeking to reopen, Settled Claims and

19  Settled PAGA Claims against the Released Parties.

20         60.    Waiver of Appeal.  Subject to preliminary and Final Approval of

21  this Settlement, Named Plaintiffs and all Class Members, except those Class Members

22  who make timely and valid objections pursuant to the terms of this Agreement,

23  expressly waive the right to appeal.

24         61.    Automatic Voiding of Agreement if Settlement Not Finalized.  If for

25  any reason the Effective Date does not occur, the Settlement shall be null and void and

26  the orders, judgment, and dismissal to be entered pursuant to this Agreement shall be

27  vacated; and the Parties will be returned to the status quo prior to entering this

28  Agreement with respect to the Action, as if the Parties had never entered into this

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000
                                      30.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1   Agreement.  In addition, in such event, the Agreement and all negotiations, court orders

2   and proceedings relating thereto shall be without prejudice to the rights of any and all

3   Parties hereto, and evidence relating to the Agreement and all negotiations shall not be

4   admissible or discoverable in the Action or otherwise in any other proceeding.

5          62.    No Injunctive Relief.  The Parties agree that the Settlement does not

6   include injunctive relief against Defendant or the Released Parties.

7          63.    Confidentiality and Non-Disparagement.

8                 a.     Prior to the motion for preliminary approval and submission

9   of this Agreement to the Court, Class Counsel shall not discuss the terms of the

10  Settlement or the negotiations leading to Settlement with any person other than the

11  Named Plaintiff(s).

12                b.     Named Plaintiffs acknowledge that they have not, and will

13  not, discuss the terms of the Settlement with any persons other than Class Counsel prior

14  to filing the motion for preliminary approval and submission of this Agreement to the

15  Court.  Named Plaintiffs further acknowledge that at no time will they disclose details

16  of the negotiations leading to this Settlement, including information learned during or

17  after mediation, including the details of the negotiations leading to this Settlement.

18  Named Plaintiffs acknowledge that a breach of these provisions will result in the

19  forfeiture of their individual enhancement award from this Settlement.

20                c.     To the extent permitted by applicable law, Named Plaintiffs

21  agree that they will not make any defamatory or disparaging statements about

22  Defendant or any Released Party.

23                d.     Named Plaintiffs and Class Counsel agree to maintain the

24  confidentiality of any documents produced, formally or informally, during the course

25  of the Action.   Upon distribution of all settlement funds, Named Plaintiffs and Class

26  Counsel shall destroy all confidential documents related to this Action, including all

27  compensation information and data for Class Members.  Within twenty-one (21) days

28  of the distribution of all funds, Class Counsel shall sign a declaration confirming the

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000
31.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

DocuSign Envelope ID: 057C43B9-186E-4FB1-B56B-E025EF50A7BF

1   destruction of all Defendant's confidential information, including the names, addresses

2   and other contact and payroll information related to the Class Members.

3            64.   Modification in Writing. This Agreement may be altered, amended,

4   modified or waived, in whole or in part, only in a writing signed by counsel for the

5   Parties and, if a material change, approved by the Court. Any waiver of any provision

6   of this Agreement shall not constitute a waiver of any other provision of this Agreement

7   unless expressly so indicated.

8            65.   Ongoing Cooperation. Named Plaintiffs and Defendant, and each

9   of their respective counsel, shall cooperate in good faith to execute all documents and

10   perform all acts necessary and proper to effectuate and implement the terms of this

11   Agreement, including but not limited to drafting and submitting the Motions for

12   Preliminary and Final Approval, and defending the Agreement and Final Judgment

13   against objections and appeals. The Parties to this Agreement shall use their best

14   efforts, including all efforts contemplated by this Agreement and any other efforts that

15   may become necessary by order of the Court or otherwise, to effectuate this Agreement

16   and the terms set forth herein.

17          66.   Parties' Authority. The signatories hereby represent that they are

18   fully authorized to enter into this Agreement and bind the Parties hereto to the terms

19   and conditions hereof.

20          67.   No Prior Assignments. The Parties hereto represent, covenant, and

21   warrant that they have not directly or indirectly, assigned, transferred, encumbered, or

22   purported to assign, transfer, or encumber to any person or entity any portion of any

23   liability, claim, demand, action, cause of action, or rights herein released and discharged

24   except as set forth herein.

25          68.   Binding on Successors. This Agreement shall be binding and shall

26   inure to the benefit of the Parties and their respective successors, assigns, executors,

27   administrators, heirs and legal representatives, including the Released Parties.

28

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

32.

69.     Entire Agreement.  This Agreement constitutes the full, complete and entire understanding, agreement and arrangement between Named Plaintiffs and the Class Members/PAGA Members on the one hand, and Defendant and Released Parties on the other hand, with respect to the Settlement of the Action and the Settled Claims against the Released Parties.  This Agreement supersedes any and all prior oral or written understandings, agreements and arrangements, written or oral, express or implied, between the Parties with respect to the Settlement of the Action and the Settled Claims against the Released Parties.  The Parties explicitly recognize California Civil Code Section 1625 and California Code of Civil Procedure Section 1856(a), which provide that a written agreement is to be construed according to its terms, and may not be varied or contradicted by extrinsic evidence, and agree that no such extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Agreement.

70.     Execution in Counterparts.  This Agreement may be signed in one or more counterparts.  A photographic, scanned or facsimile copy of signatures shall be treated as an original signature for all purposes. All executed copies of this Agreement, and photocopies thereof (including facsimile or email copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

71.     Captions.  The captions and section numbers in this Agreement are inserted for the reader's convenience, and in no way define, limit, construe, or describe the scope or intent of the provisions of this Agreement.

72.     Governing Law.  This Agreement shall be interpreted, construed, enforced, and administered in accordance with the laws of the State of California

73.     Mutual Preparation.  The Parties have had a full opportunity to negotiate the terms and conditions of this Agreement.  Accordingly, this Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

33.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1 recognized that, because of the arms-length negotiations between the Parties, all Parties

2 have contributed to the preparation of this Agreement.

3       74. <u>Representation by Counsel</u>. The Parties acknowledge that they have

4 been represented by counsel throughout all negotiations that preceded the execution of

5 this Agreement, and that this Agreement has been executed with the consent and advice

6 of counsel.

7       **IT IS SO AGREED:**

9 Dated: 5/26/2020 , 2020

DocuSigned by:

11 NICOLE CORREA

13 Dated: , 2020

15 JOHN BALNICKI

17 Dated: May 28 , 2020   ZILLOW, INC.

19 By: Bradley D. Owens

Its: Secretary

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

34.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1   recognized that, because of the arms-length negotiations between the Parties, all Parties

2   have contributed to the preparation of this Agreement.

3         74.    Representation by Counsel.  The Parties acknowledge that they have

4   been represented by counsel throughout all negotiations that preceded the execution of

5   this Agreement, and that this Agreement has been executed with the consent and advice

6   of counsel.

7               **IT IS SO AGREED:**

8

9   Dated: _____, 2020

10

11                             NICOLE CORREA

12           5/26/2020

13   Dated: _____, 2020

14                            DocuSigned by:

15                            JOHN BALNICKI

16

17   Dated: _____, 2020    ZILLOW, INC.

18

19                            By:

20                            Its:

21

22

23

24

25

26

27

28

34.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE